**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

|  | x |
|---|---|
| TTT Foods Holding Company LLC, a Florida limited liability company, | : : : |
| Plaintiff, | : : |
| v. | : : |
| BEATRICE NAMM, an individual, JONATHAN NAMM, an individual, and DELUXE GOURMET SPECIALTIES LLC, a New Jersey limited liability company, | : : : : : |
| Defendants. | : x |

## AMENDED COMPLAINT

Plaintiff, TTT Foods Holding Company LLC ("TTT Foods"), a Florida limited liability company, brings this action against Beatrice Namm ("Mrs. Namm"), an individual, Jonathan Namm ("Mr. Namm"), an individual, and Deluxe Gourmet Specialties LLC ("Deluxe"), a New Jersey limited liability company (collectively, the "Defendants") seeking damages for fraudulent transfers and breaches of fiduciary duties, and to hold Deluxe and Mrs. Namm liable for Bea's Brooklyn's Best LLC ("Brooklyn's Best") indebtedness to TTT Foods, and alleges as follows:

## PARTIES

1.  Plaintiff TTT Foods is a Florida limited liability company with its principal address at 1880 N. Congress Avenue, Suite 215, Boynton Beach, Florida 33426.

2.  Jeffrey Brandon is member of TTT Foods, and a resident and citizen of Nokomis, Florida, with an address of 2890 Casey Key Road, Nokomis, Florida 34275.

{1955/000/00349313}

3. The Scholer Family Trust is a member of TTT Foods, and a resident and citizen of Las Vegas, Nevada, with an address of 9109 Desert Paintbrush Way, Las Vegas, Nevada 89129.

4. Defendant Mrs. Namm is a resident and citizen of New Jersey with an address of 85 Corona Street, Old Bridge, New Jersey 08857.

5. Defendant Mr. Namm is a resident and citizen of New Jersey with an address of 85 Corona Street, Old Bridge, New Jersey 08857.

6. Defendant Deluxe is a New Jersey limited liability company with an office at 85 Corona Street, Old Bridge, New Jersey 08857.  Upon information and belief, Mrs. Namm is the sole member of Deluxe.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332(a).  The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and this civil action is between citizens of different states.

8. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within Palm Beach County, Florida.

9. The Defendants are subject to the jurisdiction of this Court pursuant to Florida General Statute § 48.193 by: operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state and committing tortious acts within this state.  Moreover, the Defendants caused injury to persons or property within this state arising out of an act or omission by the Defendants outside this state, at or about the time of the injury, the Defendants were engaged in solicitation or service activities within this state, and/or products, materials, or things processed, serviced, or manufactured by the Defendants

anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

## GENERAL ALLEGATIONS

**A.    The Pasta Business, Litigation and Brooklyn's Best's Indebtedness to TTT Foods.**

10.    Prior to December 2012, Mrs. Namm purchased and sold pasta sauce to various retailers (the "Pasta Business") through Deluxe.

11.    In December 2012, in order to obtain $300,000 in capital for the Pasta Business, Mrs. Namm and the principals of TTT Foods entered into a transaction through which Deluxe transferred the Pasta Business to Brooklyn's Best, a Florida limited liability company. Mrs. Namm became a 51% owner of Brooklyn's Best, and TTT Foods became a 49% owner of Brooklyn's Best (the "Asset Sale"). The principals of TTT Foods provided the $300,000 additional capital to Brooklyn's Best.

12.    Brooklyn's Best's primary customers were Costco Wholesale Corporation and Wal-Mart Stores, Inc.

13.    By January 2015, the relationship between Mrs. Namm and the other members of Brooklyn's Best had deteriorated.

14.    In January 2015, Mrs. Namm sued TTT Foods' principals for breach of contact based on the alleged failure to pay certain sums. TTT Foods had various claims against Mrs. Namm.

15.    In March 2015, the parties entered into a settlement (the "Settlement") under which *inter alia* TTT Foods surrendered its 49% membership, and Brooklyn's Best agreed to pay TTT Foods $320,000.01, of which $150,000 would be paid in cash, and the remaining $170,000.01 would be paid over time in the form of two promissory notes and security

3

{1955/000/00349313}

agreements (together, the "Notes").  Copies of the Notes are attached hereto as **COMPOSITE EXHIBIT A.**

16. Within two months, Brooklyn's Best defaulted under the Notes, and TTT Foods brought suit in June 2015 (the "Foreclosure Lawsuit") before the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court").

17. On April 18, 2016, the State Court signed an *Amended Agreed Final Summary Judgment* in favor of TTT Foods and against Brooklyn's Best in the amount of $176,001.76, with interest rate at 4.75% annum, a true and correct copy of which is attached hereto as **EXHIBIT B**.

18. On April 18, 2016, the State Court also entered an *Order Deferring Plaintiff's Motion for Judgment on the Pleadings as Moot* because Brooklyn's Best filed a *Notice of Voluntary Dismissal of the Counterclaims*, and ordered that execution and enforcement of the judgment is no longer stayed.  A true and correct copy of such order is attached hereto as **EXHIBIT C**.

19. On May 16, 2016, the State Court entered a *Final Judgment Awarding Attorney's Fees and Costs* ("Fees and Costs Judgment") in favor of TTT Foods and against Brooklyn's Best in the total amount of $47,178.68, with an interest rate at 4.78% per annum.  A true and correct copy of such order is attached hereto as **EXHIBIT D**.

20. Based on the foregoing judgments (the "Judgments"), Brooklyn's Best is currently indebted to TTT Foods in the amount of $176,001.76, with interest rate at 4.75% annum, and $47,178.68, with an interest rate at 4.78% per annum (the "Indebtedness").

21. As of the date of the filing of this Complaint, Brooklyn's Best has failed to pay any amount of the Indebtedness to TTT Foods.

### B.  Mrs. Namm Improperly Attempts to Abdicate Her Responsibilities as the Sole Owner and Manager of Brooklyn's Best.

22. On June 3, 2016, less than three weeks after the State Court entered the Fees and Costs Judgment, Mrs. Namm filed *Articles of Dissolution* with the Florida Department of State Division of Corporations ("Department of State") that state that the "Company Out of Business[.]"  A true and correct copy of the articles is attached hereto as **EXHIBIT E**.

23. Counsel for Ms. Namm, Gus Benitez ("Mr. Benitez"), became the registered agent for Brooklyn's Best on or about May 3, 2016, and on June 6, 2016, filed his *Statement of Resignation of Registered Agent for Limited Liability Company* with the Department of State.  A true and correct copy of such statement is attached hereto as **EXHIBIT F**.

24. On June 13, 2016, Mrs. Namm filed a *Dissociation or Resignation of Member, Manager From Florida or Foreign Limited Liability Company* that states that Mrs. Namm she withdrew/resigned as Brooklyn's Best's member/manager on June 3, 2016.  A true and correct copy of such document is attached hereto as **EXHIBIT G**.

25. Brooklyn's Best has failed to properly wind up and liquidate its business.

26. Further, prior to Mrs. Namm's alleged resignation and Brooklyn's Best's voluntary dissolution, on May 25, 2016, TTT Foods served interrogatories and requests for productions in aid of execution on Brooklyn's Best (the "Discovery").

27. The Discovery was aimed to obtain information relating to Brooklyn's Best's assets, finances, and operations in order to facilitate TTT Foods' collection efforts.

28. Brooklyn's Best failed to timely respond, and counsel for Mrs. Namm alleged that because Mrs. Namm had subsequently resigned as the manager and member of Brooklyn's Best,

and Brooklyn's Best had voluntarily dissolved, there was no obligation to respond to the Discovery.

29. It was only after TTT Foods obtained from the State Court an *Order Granting Plaintiff's Ex Parte Motion to Compel Discovery in Aid of Execution*, and a subsequent order scheduling a show cause hearing requiring Mrs. Namm to appear in court, that Mrs. Namm provided responses to the Discovery.

**C.   Mrs. Namm Causes Brooklyn's Best to Transfer Over $99,000 to the Benefit of Mrs. Namm and Mr. Namm for Insufficient Consideration.**

30. Since April 1, 2015 through May 10, 2016, Brooklyn's Best has transferred at least $99,212.44 to or for the benefit of Mrs. Namm and Mr. Namm from its Bank of America checking account ending in 8796 opened in Florida (the "Brooklyn Transfers"), and a list of said transfers identified to date is attached hereto as **EXHIBIT H.**

31. Upon information and belief, Deluxe transferred funds to or for the benefit of Mr. and Mrs. Namm since March 27, 2015 (the "Deluxe Transfers") (the Brooklyn and Deluxe Transfers shall be collectively referred to as the "Transfers").

32. Brooklyn's Best and Deluxe were each insolvent during the time the Transfers were made or became insolvent as a result of said transfers.

33. Neither Brooklyn's Best nor Deluxe received reasonably equivalent consideration in return for the Transfers because the Transfers benefitted Mrs. Namm and Mr. Namm, not Brooklyn's Best or Deluxe.

34. TTT Foods' claims against Brooklyn's Best and Deluxe remained unsatisfied while Mrs. Namm and Mr. Namm received the benefits of the Transfers.

**D.     Mrs. Namm Improperly Operates the Pasta Business through Deluxe**

35.     As described above, in December 2012, Deluxe sold the Pasta Business to Brooklyn's Best.

36.     From December 2012 forward, Mrs. Namm should have conducted the Pasta Business through Brooklyn's Best.

37.     In or around the time Brooklyn's Best entered into the Settlement and defaulted under the Notes, Mrs. Namm improperly operated the Pasta Business through Deluxe.

38.     During all relevant periods, Mrs. Namm was the sole manager and member of Brooklyn's Best and Deluxe.

39.     Brooklyn's Best and Deluxe both operate at the same address, 85 Corona Court, Old Bridge, New Jersey, 08857, which is Mr. and Mrs. Namm's personal residence.

40.     Brooklyn's Best and Deluxe have common customers in Costco Wholesale Corporation and Wal-Mart Stores, Inc.

41.     Brooklyn's Best and Deluxe share many common vendors including, Kaltec Food Packaging, Inc. and Action Pak, Inc.

## COUNT I

### FRAUDULENT TRANSFERS TO BEATRICE NAMM AND JONATHAN NAMM PURSUANT TO FLORIDA STATUTE § 726.105(1)(a)

42.     TTT Foods adopts and realleges the allegations set forth in paragraphs 1 through 41 as if they were fully set forth herein.

43.     The Transfers made by Brooklyn's Best and Deluxe to and/or for the benefit of Mrs. Namm and/or Mr. Namm were done with the actual intent to hinder, delay, or defraud TTT Foods.

44. TTT Foods' claims against Brooklyn's Best and Deluxe arose before or after the Transfers were made.

45. Before the Transfers were made, Brooklyn's Best executed the Notes totaling $170,000.01 in favor of TTT Foods, and Brooklyn's Best owed money to TTT Foods.

46. Before the Transfers were made, Mrs. Namm improperly operated the Pasta Business through Deluxe when Brooklyn's Best owed money to TTT Foods.

47. The Transfers were to and/or for the benefit of Mrs. Namm and/or Mr. Namm, who are insiders of Brooklyn's Best and Deluxe.

48. Neither Brooklyn's Best nor Deluxe received reasonable consideration in exchange for the Transfers.

49. Brooklyn's Best and Deluxe were insolvent or became insolvent shortly after the Transfers were made.

50. The Transfers occurred when Brooklyn's Best assumed debt obligations to TTT Foods through the Settlement and Notes, and while litigation was pending between the parties.

51. Before the Transfers were made, TTT Foods also held claims against Deluxe because Mrs. Namm improperly operated the Pasta Business through Deluxe when Brooklyn's Best owed money to TTT Foods.

52. The Transfers were concealed.

53. The Transfers consisted of substantially all Brooklyn's Best's and Deluxe's assets.

54. As a result of the Transfers, TTT Foods has been damaged for the total value of the funds transferred by Brooklyn's Best and Deluxe to or for the benefit of Mr. and Mrs. Namm since March 27, 2015.

WHEREFORE, TTT Foods requests that this Court enter judgment against Mrs. Namm and Mr. Namm, jointly and severally, determining that the Transfers made to or for the benefit of Mrs. Namm and/or Mr. Namm were fraudulent, setting aside and avoiding said Transfers under Fla. Sta. § 726.105(1)(a), ordering Mrs. Namm and Mr. Namm, jointly and severally, to pay the full amount of said Transfers plus any additional amounts and property as may be discovered through this proceeding plus prejudgment interest and attorneys' fees and costs, determining that TTT Foods is entitled to recover the Transfers made to Mrs. Namm and Mr. Namm, and granting such further relief the Court may deem just and proper.

## COUNT II

### FRAUDULENT TRANSFERS TO BEATRICE NAMM AND JONATHAN NAMM PURSUANT TO FLORIDA STATUTE § 726.105(1)(b)

55. TTT Foods adopts and realleges the allegations set forth in paragraphs 1 through 41 as if they were fully set forth herein.

56. The Transfers made by Brooklyn's Best and Deluxe were to and/or for the benefit of Mrs. Namm and/or Mr. Namm.

57. TTT Foods' claims against Brooklyn's Best and Deluxe arose before or after the Transfers were made.

58. At the time of the Transfers, Brooklyn's Best and Deluxe had incurred debts beyond its ability to pay as they became due, or in the alternative, Brooklyn's Best and Deluxe intended to incur or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they became due.

59. At the time of the Transfers, Brooklyn's Best and Deluxe were engaged or about to engage in a business or a transaction for which the remaining assets of Brooklyn's Best and Deluxe were unreasonably small in relation to the business or transaction.

60. Examples of said debts include the claims of TTT Foods against Brooklyn's Best for the indebtedness owed by Brooklyn Best to TTT Foods under the Settlement and Notes, and the Foreclosure Lawsuit.

61. Before the Transfers were made, TTT Foods also held claims against Deluxe because Mrs. Namm improperly operated the Pasta Business through Deluxe when Brooklyn's Best owed money to TTT Foods.

62. Furthermore, during the time of the Transfers and on all dates thereafter, such Transfers were made without Brooklyn's Best or Deluxe receiving reasonably equivalent value in exchange for the Transfers.

63. As a result of the Transfers, TTT Foods has been damaged for the total value of the funds transferred by Brooklyn's Best and Deluxe to or for the benefit of Mr. and Mrs. Namm since March 27, 2015.

WHEREFORE, TTT Foods requests that this Court enter judgment against Mrs. Namm and Mr. Namm, jointly and severally, determining that the Transfers made to or for the benefit of Mrs. Namm and/or Mr. Namm were fraudulent, setting aside and avoiding said Transfers under Fla. Sta. § 726.105(1)(b), ordering Mrs. Namm and Mr. Namm, jointly and severally, to pay the full amount of the Transfers plus any additional amounts and property as may be discovered through this proceeding plus prejudgment interest and attorneys' fees and costs, determining that TTT Foods is entitled to recover the Transfers made to Mrs. Namm and Mr. Namm, and granting such further relief the Court may deem just and proper.

## COUNT III

### FRAUDULENT TRANSFERS TO BEATRICE NAMM AND JONATHAN NAMM PURSUANT TO FLORIDA STATUTE § 726.106(1)

64. TTT Foods adopts and realleges the allegations set forth in paragraphs 1 through 41 as if they were fully set forth herein.

65. The Transfers made by Brooklyn's Best and Deluxe were to and/or for the benefit of Mrs. Namm and/or Mr. Namm.

66. At the time of the Transfers, Brooklyn's Best was liable to TTT Foods' pursuant to the Settlement and the Notes, which claims arose before the Transfers were made.

67. Before the Transfers were made, TTT Foods also held claims against Deluxe because Mrs. Namm improperly operated the Pasta Business through Deluxe when Brooklyn's Best owed money to TTT Foods.

68. The Transfers were made without Brooklyn's Best or Deluxe receiving reasonably equivalent value in exchange for the Transfers.

69. Brooklyn's Best and Deluxe were insolvent at the time of the Transfers or became insolvent as a result of the Transfers.

70. As a result of the Transfers, TTT Foods has been damaged for the total value of the funds transferred by Brooklyn's Best and Deluxe to or for the benefit of Mr. and Mrs. Namm since March 27, 2015.

WHEREFORE, TTT Foods requests that this Court enter judgment against Mrs. Namm and Mr. Namm, jointly and severally, determining that the Transfers made to or for the benefit of Mrs. Namm and/or Mr. Namm were fraudulent, setting aside and avoiding said Transfers under Fla. Sta. § 726.106, ordering Mrs. Namm and Mr. Namm, jointly and severally, to pay the full amount of the Transfers plus any additional amounts and property as may be discovered through

this proceeding plus prejudgment interest and attorneys' fees and costs, determining that TTT Foods is entitled to recover the Transfers made to Mrs. Namm and Mr. Namm, and granting such further relief the Court may deem just and proper.

## COUNT IV

### AVOIDANCE OF FRAUDULENT TRANSFERS TO BEATRICE NAMM AND JONATHAN NAMMPURSUANT TO FLORIDA STATUTE § 726.106(2)

71. TTT Foods adopts and realleges the allegations set forth in paragraphs 1 through 41 as if they were fully set forth herein.

72. The Transfers made by Brooklyn's Best and Deluxe were to and/or for the benefit of Mrs. Namm and/or Mr. Namm.

73. At the time of the Transfers, Brooklyn's Best was liable to TTT Foods' pursuant to the Settlement and the Notes, which claims arose before the Transfers were made.

74. Before the Transfers were made, TTT Foods also held claims against Deluxe because Mrs. Namm improperly operated the Pasta Business through Deluxe when Brooklyn's Best owed money to TTT Foods.

75. The Transfers were made to and/or for the benefit of Mrs. Namm and/or Mr. Namm, insiders of Brooklyn's Best and Deluxe, for an antecedent debt.

76. Brooklyn's Best and Deluxe were insolvent at the time of the Transfers.

77. Mrs. Namm and Mr. Namm had reasonable cause to believe that Brooklyn's Best and Deluxe were insolvent at the time of the Transfers.

78. As a result of the Transfers, TTT Foods has been damaged for the total value of the funds transferred by Brooklyn's Best and Deluxe to and for the benefit of Mr. and Mrs. Namm since March 27, 2015.

WHEREFORE, TTT Foods requests that this Court enter judgment against Mrs. Namm and Mr. Namm, jointly and severally, determining that the Transfers made to or for the benefit of Mrs. Namm and/or Mr. Namm were fraudulent, setting aside and avoiding said Transfers under Fla. Sta. § 726.106, ordering Mrs. Namm and Mr. Namm, jointly and severally, to pay the full amount of the Transfers plus any additional amounts and property as may be discovered through this proceeding plus prejudgment interest and attorneys' fees and costs, determining that TTT Foods is entitled to recover the Transfers made to Mrs. Namm and Mr. Namm, and granting such further relief the Court may deem just and proper.

## COUNT V

### BREACH OF FIDUCIARY DUTY AGAINST BEATRICE NAMM

79. TTT Foods adopts and realleges the allegations set forth in paragraphs 1 through 41 as if they were fully set forth herein.

80. During all relevant periods, Mrs. Namm was the sole manager and member of Brooklyn's Best.

81. As the manager and member of Brooklyn's Best, Mrs. Namm owed a fiduciary duty to Brooklyn's Best, and Brooklyn's Best creditors, including TTT Foods, in the event of insolvency and when Brooklyn's Best is within the vicinity of insolvency.

82. At all relevant times, Brooklyn's Best was insolvent or within the vicinity of insolvency.

83. As the manager and member of Brooklyn's Best, Mrs. Namm owed a duty of loyalty to Brooklyn's Best and its creditors, including TTT Foods.

84. As the manager and member of Brooklyn's Best, Mrs. Namm owed a duty of care to Brooklyn's Best and its creditors, including TTT Foods.

85. As the manager and member of Brooklyn's Best, Mrs. Namm owed a fiduciary duty to act in good faith and in the best interest of Brooklyn's Best and its creditors, including TTT Foods.

86. Despite said duties, Mrs. Namm improperly used Brooklyn's Best's assets through the Brooklyn Transfers, and improperly operated the Pasta Business through Deluxe.

87. Mrs. Namm improperly directed the sales derived from the Pasta Business to Deluxe in order to avoid paying TTT Foods.

88. Mrs. Namm improperly voluntarily dissolved Brooklyn's Best.

89. Mrs. Namm failed to properly wind up Brooklyn's Best's business after voluntarily dissolving Brooklyn's Best.

90. Mrs. Namm improperly resigned as manager of Brooklyn's Best.

91. Mrs. Namm seized corporate opportunities of Brooklyn's Best and provided such opportunities to Deluxe.

92. Mrs. Namm directed purchasers of the pasta sauce to pay Deluxe, including but not limited to Costco Wholesale Corporation and Wal-Mart Stores, Inc.

93. Mrs. Namm seized corporate opportunities of Brooklyn's Best and provided such opportunities to Deluxe, a company for which she is the sole manager and member.

94. Ms. Namm caused Brooklyn's Best to fraudulently transfer assets for the benefit of Mrs. Namm and Mr. Namm, including the Brooklyn Transfers, and caused injury to Brooklyn's Best's creditors, including TTT Foods.

95. The Brooklyn Transfers were made in order to avoid paying Brooklyn's Best's creditors, including TTT Foods.

96. Mrs. Namm blurred the lines between herself and Brooklyn's Best by utilizing Brooklyn's Best to engage in the Brooklyn Transfers, and by operating the Pasta Business

through an entity other than Brooklyn's Best in order to avoid the liabilities of Brooklyn's Best to TTT Foods.

97. Mrs. Namm dominated and controlled Brooklyn's Best at all relevant times.

98. Mrs. Namm dominated and controlled Deluxe at all relevant times.

99. Mrs. Namm used Brooklyn's Best for an improper purpose, and engaged in improper conduct by operating and manipulating Brooklyn's Best to injure TTT Foods and its other creditors.

100. Mrs. Namm caused Brooklyn's Best to fail to adhere to any type of corporate governance, independence or formality.

101. Brooklyn's Best failed to conduct any meetings, votes, or engage in any of the requisite type of corporate record keeping and corporate record maintenance required under the law.

102. Mrs. Namm's improper use of Brooklyn's Best has caused injury to its creditors, including TTT Foods.

103. Mrs. Namm's improper use of Deluxe, which is a mere continuation and/or alter ego of Brooklyn's Best, has caused injury to its creditors, including TTT Foods.

104. Mrs. Namm failed to avoid conflicts of interests and failed to guard the interests of Brooklyn's Best and its creditors in her dealings with Brooklyn's Best, and Deluxe.

105. Brooklyn's Best made various transfers to and/or for the benefit of Mrs. Namm and Mr. Namm and not for the benefit of Brooklyn's Best or its creditors, including but not limited to the aforementioned Brooklyn Transfers.

106. Mrs. Namm made a profit and acquired other personal benefits and advantages in her dealings with Brooklyn's Best and Deluxe, to the detriment of Brooklyn's Best and its creditors, including TTT Foods.

107. Mrs. Namm failed to execute her duties as a manager and member of Brooklyn's Best with such care as an ordinary prudent person in a like position would exercise under similar circumstances.

108. Mrs. Namm failed to execute her duties as a manager and member of Brooklyn's Best in a manner a president and member would reasonably believe to be in the best interest of Brooklyn's Best and its creditors, including TTT Foods.

109. Mrs. Namm breached her duty of loyalty to Brooklyn's Best and its creditors, including TTT Foods.

110. Mrs. Namm breached her duty of care to Brooklyn's Best and its creditors, including TTT Foods.

111. Mrs. Namm breached her duty to act in good faith and in the best interest of Brooklyn's Best and its creditors, including TTT Foods.

112. Said acts were done recklessly and/or in bad faith and/or with malicious purposes.

113. Based on the foregoing, Mrs. Namm failed to uphold her fiduciary duties, causing harm to Brooklyn's Best and TTT Foods.

WHEREFORE, TTT Foods requests that this Court enter a final judgment against Mrs. Namm finding that she breached his fiduciary duty to Brooklyn's Best and TTT Foods, awarding TTT Foods compensatory damages, punitive damages, prejudgment interest, attorneys' fees and costs, finding Mrs. Namm liable for the Judgments, and for such further relief as the Court deems just and proper.

## COUNT VI

### SUCCESSOR LIABILITY AS TO DELUXE

114. TTT Foods adopts and realleges the allegations set forth in paragraphs 1 through 41 as if they were fully set forth herein.

115. Mrs. Namm removed the Pasta Business she conducted through Brooklyn's Best and conducted such business through Deluxe in order to avoid the liabilities of Brooklyn's Best to TTT Foods.

116. Mrs. Namm caused Brooklyn's Best to transfer at least $99,212.44 to and for the benefit of Mrs. Namm and Mr. Namm for no consideration.

117. Brooklyn's Best and Deluxe both operate at the same address, 85 Corona Court, Old Bridge, New Jersey, 08857, which is Mr. and Mrs. Namm's personal residence.

118. Deluxe and Brooklyn's Best were engaged in the same business, selling pasta sauce to retailers.

119. Deluxe and Brooklyn's Best shared the same manager and member, Mrs. Namm.

120. Brooklyn's Best and Deluxe have common customers in Costco Wholesale Corporation and Wal-Mart Stores, Inc.

121. Brooklyn's Best and Deluxe share many common vendors including, Kaltec Food Packaging, Inc. and Action Pak, Inc.

122. Deluxe was used to continue Brooklyn's Best business under a new name and with Brooklyn's Best's assets.

123. There was a de facto merger between Brooklyn's Best and Deluxe.

124. Alternatively, Deluxe is the mere continuation of Brooklyn's Best.

WHEREFORE, TTT Foods demands entry of a judgment against Deluxe finding that it is liable for the Indebtedness owed by Brooklyn's Best to TTT Foods plus attorneys' fees and costs, and for such further relief as the Court deems just and proper.

## COUNT VII
## ACTION FOR DECLARATORY RELIEF AGAINST
## BEATRICE NAMM AND DELUXE

125. TTT Foods restates the allegations contained in paragraphs 1 through 41 above as if set forth fully herein.

126. TTT Foods is in doubt as to its rights against Mrs. Namm and Deluxe as a result of Brooklyn's Best's aforementioned liability to TTT Foods.

127. A bona fide dispute exists about whether Deluxe is the alter ego or mere instrumentality for Brooklyn's Best and Mrs. Namm.

128. A bona fide dispute exists about whether Mrs. Namm is the alter ego of Brooklyn's Best and Deluxe.

129. A bona fide dispute now exists about whether Mrs. Namm engaged in improper conduct in the operation of the Pasta Business through Deluxe around the time of the Settlement in an attempt to mislead creditors or avoid liabilities of Brooklyn's Best.

130. Mrs. Namm improperly directed the sales derived from the Pasta Business to Deluxe in order to avoid paying TTT Foods.

131. Mrs. Namm improperly voluntarily dissolved Brooklyn's Best.

132. Mrs. Namm failed to properly wind up Brooklyn's Best's business after voluntarily dissolving Brooklyn's Best.

133. Mrs. Namm improperly resigned as manager of Brooklyn's Best.

134. Mrs. Namm seized corporate opportunities of Brooklyn's Best and provided such opportunities to Deluxe.

135. Around the time of the Settlement, Mrs. Namm directed Brooklyn's Best customers, including but not limited to Costco Wholesale Corporation and Wal-Mart Stores, Inc., to purchase product from Deluxe instead of Brooklyn's Best.

136. Mrs. Namm seized corporate opportunities of Brooklyn's Best and provided such opportunities to Deluxe, a company for which she is the sole manager and member.

137. Ms. Namm caused Brooklyn's Best and Deluxe to fraudulently transfer assets for the benefit of Mrs. Namm and Mr. Namm, including the Transfers, and caused injury to TTT Foods.

138. The Transfers were made in order to avoid paying TTT Foods.

139. Mrs. Namm had her and Mr. Namm's personal expenses paid from the bank accounts of Brooklyn's Best and Deluxe.

140. Mrs. Namm blurred the lines between herself and Brooklyn's Best and Deluxe by utilizing Brooklyn's Best and Deluxe to engage in the Transfers, and by operating the Pasta Business through an entity other than Brooklyn's Best in order to avoid paying TTT Foods' claims.

141. Mrs. Namm dominated and controlled Brooklyn's Best at all relevant times.

142. Mrs. Namm dominated and controlled Deluxe at all relevant times.

143. Mrs. Namm used Brooklyn's Best and Deluxe for an improper purpose, and engaged in improper conduct by operating and manipulating Brooklyn's Best and Deluxe to injure TTT Foods.

144. A bona fide dispute now exists about whether Mrs. Namm used the corporate form to avoid TTT Foods' claims.

145. A bona fide dispute now exists about whether Deluxe is the mere continuation of Brooklyn's Best.

146. A bona fide dispute now exists about whether Deluxe and Mrs. Namm are liable for the Judgments entered against Brooklyn's Best under the doctrine of alter ego.

147. There is immediacy involved as Deluxe, Brooklyn's Best and Mrs. Namm can liquidate or transfer assets, preventing TTT Foods from executing on the Judgments.

148. Pursuant to 28 U.S.C. § 2201 and Fla. Stat. § 86.011, Deluxe and Mrs. Namm are proper parties to this action because their rights will be affected by the outcome of this declaratory action.

WHEREFORE, Plaintiff, TTT Foods requests that this Court accept jurisdiction of the parties and subject matter of this action and declare, among other things, that:

a. Deluxe is the mere instrumentality of Brooklyn's Best and Mrs. Namm;

b. Mrs. Namm is the alter ego of Brooklyn's Best and Deluxe;

c. Deluxe is the alter ego of Brooklyn's Best;

d. Mrs. Namm engaged in improper conduct by, among other things, using the corporate form of Brooklyn's Best and Deluxe to avoid TTT Foods' claims against Brooklyn's Best;

e. Deluxe is the mere continuation of Brooklyn's Best;

f. Deluxe and Mrs. Namm are liable for the Indebtedness plus attorneys' fees and costs under the doctrines of alter ego and piercing the corporate veil; and

g. TTT Foods may execute upon the Judgments by levying the assets of Deluxe and Mrs. Namm and bring any and all actions to enforce such Judgments directly against Deluxe and Mrs. Namm.

Dated: November 2, 2016

    SHRAIBERG FERRARA LANDAU & PAGE, PA
    Attorneys for TTT Foods
    2385 NW Executive Center Drive, Suite 300
    Boca Raton, Florida 33431
    Telephone: 561-443-0800
    jpage@sflp.law
    blee@sflp.law

    By:   /s/ John E. Page
         John E. Page
         Florida Bar No. 0860581
         Bernice C. Lee
         Florida Bar No. 0073535

{1955/000/00349313}