UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM



TTT Foods Holding Company LLC,
a Florida limited liability company,

        Plaintiff,

v.

BEATRICE NAMM, an individual,
JONATHAN NAMM, an individual,
and DELUXE GOURMET
SPECIALTIES LLC, a New Jersey
limited liability company,

        Defendants.
_____/

**TRIAL BY JURY DEMANDED**

## ANSWER AND AFFIRMATIVE DEFENSES

COME NOW the Defendants, BEATRICE NAMM, an individual, JONATHAN NAMM, an individual, and DELUXE GOURMET SPECIALTIES LLC, a New Jersey limited liability company, by and through the undersigned attorneys, and file this their *Answer and Affirmative Defenses*, and state in support thereof as follows:

### ANSWER

    1.    All allegations in the Amended Complaint are denied unless specifically admitted herein.

    2.    The allegations contained in Paragraphs 1-6, 10, 20, 21, 26, 39 and 117 of the Amended Complaint are admitted.

3.  As to Paragraph 13 and 14, admit that on January 2, 2015, Defendant BEATRICE NAMM sued Jeffrey Brandon and Eric Scholer for breach of contract, otherwise deny the remaining allegations.

4.  As to Paragraph 15, Exhibit "A" speaks for itself; otherwise deny the remaining allegations.

5.  As to Paragraph 16, admit that a lawsuit was filed, otherwise deny the remaining allegations; the *Answer, Affirmative Defenses and Counterclaims* to the complaint filed by Plaintiff is attached hereto as Exhibit "A".

6.  As to Paragraph 17, Exhibit "B" speaks for itself; otherwise deny the remaining allegations.

7.  As to Paragraph 18, Exhibit "C" speaks for itself; otherwise deny the remaining allegations.

8.  As to Paragraph 19, Exhibit "D" speaks for itself; otherwise deny the remaining allegations.

9.  As to Paragraph 22, Exhibit "E" speaks for itself; otherwise deny the remaining allegations.

10. As to Paragraph 23, Exhibit "F" speaks for itself; otherwise deny the remaining allegations.

11. As to Paragraph 24, Exhibit "G" speaks for itself; otherwise deny the remaining allegations.

12. As to Paragraph 29, the order referred to was obtained without notice to

Defendant BEATRICE NAMM that she would be the subject matter of that order, as articulated in detail in the *Motion to Set Aside Order Entered on August 16, 2016 and Motion for Attorney Fees and Costs* attached hereto and incorporated herein as Exhibit "B".

### AFFIRMATIVE DEFENSES

13. **1st Affirmative Defense:** The transfers are not voidable, and Defendants are not liable, because they were made in the ordinary course of business or financial affairs of Bea's Brooklyn's Best LLC and/or or or more of the Defendants.

14. **2nd Affirmative Defense:** The transfers are not voidable, and Defendants are not liable, because Bea's Brooklyn's Best LLC received a reasonably equivalent value in exchange for the alleged transfers.

15. **3rd Affirmative Defense:** The transfers are not voidable under §726.105(1)(a), *Florida Statutes* (2016), as to Defendants or others who took in good faith and for a reasonably equivalent value, or against any subsequent transferee or obligee.

16. **4th Affirmative Defense:** The transfers were made without an actual intent to hinder, delay or defraud Plaintiff, but instead in good faith and/or in the exercise of good business judgment.

17. **5th Affirmative Defense:** The transfers are not voidable under §726.106(2), *Florida Statutes* (2016), to the extent Defendants gave new value to or for the benefit of Bea's Brooklyn's Best LLC after or before the transfers were made.

18. **6th Affirmative Defense:** The transfers are not voidable under §726.106(2), *Florida Statutes* (2016), because they were made in the ordinary course of business

Page 3 of 11

or financial affairs of Bea's Brooklyn's Best LLC and/or Defendants.

19. **7th Affirmative Defense:** The transfers are not voidable under §726.106(2), *Florida Statutes* (2016), because they were made pursuant to a good faith effort to rehabilitate Bea's Brooklyn's Best LLC, and/or the transfers secured present value given for that purpose and/or an antecedent debt of Bea's Brooklyn's Best LLC.

20. **8th Affirmative Defense:** Notwithstanding voidability of a transfer or an obligation under §§726.101-726.112, *Florida Statutes* (2016), Defendants, as good faith transferees, are entitled, to the extent of the value given Bea's Brooklyn's Best LLC for the transfers, to: (a) a lien on or a right to retain any interest in the asset transferred; (b) enforcement of any obligation incurred; and/or (c) a reduction in the amount of the liability on the judgment.

21. **9th Affirmative Defense:** Defendants are entitled, to the extent of the value given Bea's Brooklyn's Best LLC for the transfers, to a set off said value from any award to Plaintiff, if any.

22. **10th Affirmative Defense:** Count I attempts to allege a fraudulent conveyance action against both Defendant BEATRICE NAMM and Defendant JONATHAN NAMM premised on §726.105(1)(a), *Florida Statutes* (2016). Count I fails to state a cause of action. A challenge based on *Fed. R. Civ. P.* 12(b)(6) attacks the legal sufficiency of the complaint. *See Fed. R. Civ. P.* 12(b)(6) ("[A] party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted[.]"). It is well established that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct.

1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell *Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Fed. R. Civ. P.* 8)). While a complaint "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." Id. at 1949 (quoting Twombly, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein and all reasonable inferences drawn therefrom as true. See *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Jackson v. Okaloosa County*, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). But pleadings that "are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual

allegations." *Id.*; see also *Sinaltrainal*, 578 F.3d at 1260 ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations."). To survive a *Fed. R. Civ. P.* 12(b)(6) motion, the complaint must contain enough factual matter (taken as true) to "raise [the] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[N]aked assertions devoid of further factual enhancement" will not satisfy Rule 8(a)(2)'s requirement of a short plain statement of the claim showing the pleader is entitled to relief. *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557) (internal quotations omitted). In addition, "a formulaic recitation of the elements of a cause of action will not do." Id. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Twombly*, 550 U.S. at 555. A mere possibility that the defendant acted in contravention to the law will not suffice. *Id.* Although a court must accept all well pleaded facts as true, it is not required to accept legal conclusions. *Sinaltrainal* at 578 F.3d 1260. A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 129 S.Ct. at 1949. Count I fails to state sufficient ultimate facts to establish a viable cause of action. Furthermore, it is impossible to decipher from the allegations in Count I which of the defendants against whom Count I is being brought did what, even though Count I is seeking to void a transfer to one or the other defendant. Also, there is no factual or legal basis to seek "joint and several" liability in Count I.

    23.    **11th Affirmative Defense:** Count II attempts to allege a fraudulent conveyance action against both Defendant BEATRICE NAMM and Defendant JONATHAN NAMM premised on §726.105(1)(b), *Florida Statutes* (2016). Count II fails to state a cause of

action for all the reasons articulated in the 10th Affirmative Defense, supra, which are incorporated herein in their entirety. Furthermore, it is impossible to decipher from the allegations in Count I which of the defendants against whom Count II is being brought did what, even though Count I is seeking to void a transfer to one or the other defendant. Also, there is no factual or legal basis to seek "joint and several" liability in Count II.

24. **12th Affirmative Defense:** Count III attempts to allege a fraudulent conveyance action against both Defendant BEATRICE NAMM and Defendant JONATHAN NAMM premised on §726.106(1), *Florida Statutes* (2016). Count III fails to state a cause of action for all the reasons articulated in the 10th Affirmative Defense, supra, which are incorporated herein in their entirety. Furthermore, it is impossible to decipher from the allegations in Count I which of the defendants against whom Count III is being brought did what, even though Count I is seeking to void a transfer to one or the other defendant. Also, there is no factual or legal basis to seek "joint and several" liability in Count III.

25. **13th Affirmative Defense:** Count IV attempts to allege a fraudulent conveyance action against both Defendant BEATRICE NAMM and Defendant JONATHAN NAMM premised on §726.106(2), *Florida Statutes* (2016). Count IV fails to state a cause of action for all the reasons articulated in the 10th Affirmative Defense, supra, which are incorporated herein in their entirety. Furthermore, it is impossible to decipher from the allegations in Count I which of the defendants against whom Count IV is being brought did what, even though Count I is seeking to void a transfer to one or the other defendant. Also, there is no factual or legal basis to seek "joint and several" liability in Count IV.

26.     **14th Affirmative Defense:** Count V attempts to allege a violation of fiduciary duty by Defendant BEATRICE NAMM. Under Florida law, "[t]o establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Taylor Woodrow Homes Florida, Inc. V. 4/46-A Corp.*, 850 So. 2d 536, 540-41 (Fla. 5th Dist. Ct. App. 2003) (quoting *Watkins v. NCNB Nat'l Bank of Fla., NA*, 622 So. 2d 1063, 1065 (Fla. 3d Dist. Ct. App. 2003)); accord *Lanz v. Resolution Trust Corp.*, 764 F.Supp. 176, 179 (S.D. Fla. 1991), and *Bankest Imports, Inc. v. Isca Corp.*, 717 F. Supp. 1537, 1541 (S.D. Fla. 1989). "When the parties are dealing at arm's length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other." *Id.*; accord *Maxwell v. First United Bank*, 782 So. 2d 931, 934 (Fla. 4th Dist. Ct. App. 2001). In the usual creditor-debtor relationship a fiduciary duty does not arise. See *Barnett Bank of West Florida v. Hooper*, 498 So. 2d 923, 925 (Fla. 1986). To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel and protect the weaker party. *Brigham v. Brigham*, 11 So. 3d 374, 387 (Fla. 3rd DCA 2009); *Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993). In order for a fiduciary relationship to exist under Florida law, there must be substantial evidence showing some dependency by one party and some undertaking by the other party to advise, counsel, and protect the weaker party. *Lanz v. Resolution Trust Corp.*, 764 F. Supp. at 179. Count V fails to state a cause of action for violation of a fiduciary duty.

27.     **15th Affirmative Defense.** Plaintiff has no standing to bring Count V.

28. **16th Affirmative Defense:** Bea's Brooklyn's Best LLC and/or Defendant BEATRICE NAMM are not liable to Plaintiff for having exercised their business judgment in the operation of Bea's Brooklyn's Best LLC's business, including it dissolution or winding down.

29. **17th Affirmative Defense:** Count VII fails to state a cause of action for declaratory relief. The law cited in the 10th Affirmative Defense, supra, is incorporated herein in their entirety by reference. Plaintiff, in a rambling Count VII, alleges in shotgun mode and with only conclusions, as opposed to ultimate facts, that Defendant BEATRICE NAMM and/or Defendant DELUXE GOURMET SPECIALTIES LLC should be declared the alter ego of Bea's Brooklyn's Best LLC. There is no factual allegation of ultimate facts that would render Count VII viable.

30. **18th Affirmative Defense:** Count VII purports to allege a count for declaratory relief seeking a declaration that Defendant BEATRICE NAMM and Defendant DELUXE GOURMET SPECIALTIES LLC are the alter ego for Bea's Brooklyn's Best LLC in order to hold them liable for the final judgments that Plaintiff obtained in state court ("State Court"), which final judgments are attached to the Amended Complaint as Exhibits "B" and "D" ("State Court Judgments"). If Plaintiff wanted to hold said defendants as the alter ego for Bea's Brooklyn's Best LLC's as to the State Court Judgments, Plaintiff was required to have raised and adjudicated that matter in the same proceeding that generated the State Court Judgments. Plaintiff, having failed to make that claim in the State Court proceedings, Plaintiff is now barred from bringing such an action before this Court, whether as a declaratory action or otherwise.

31. **19th Affirmative Defense:** As to Count VII, it is a violation of due process to obligate Defendant BEATRICE NAMM and/or Defendant DELUXE GOURMET

Page 9 of 11

SPECIALTIES LLC with the State Court Final Judgment, without having joined them as parties and/or having allowed them to defended themselves in the state court proceedings prior to the entry of the final judgment.

33. **20th Affirmative Defense:** Count VII is barred by the doctrine of waiver, Plaintiff having failed to raise that claim against Defendant BEATRICE NAMM and/or Defendant DELUXE GOURMET SPECIALTIES LLC in the state court proceedings prior to the entry of the final judgment.

33. **21st Affirmative Defense:** Count VII is barred by the doctrine of merger of judgment, Plaintiff having failed to raise that claim against Defendant BEATRICE NAMM and/or Defendant DELUXE GOURMET SPECIALTIES LLC in the state court proceedings prior to the entry of the final judgment.

34. **22nd Affirmative Defense:** Count VII is barred by the doctrine against splitting of causes of action, Plaintiff having failed to raise that claim against Defendant BEATRICE NAMM and/or Defendant DELUXE GOURMET SPECIALTIES LLC in the state court proceedings prior to the entry of the final judgment.

35. **23rd Affirmative Defense:** Plaintiff has unclean hand and should not be granted equitable relief.

36. **24th Affirmative Defense:** Plaintiff has failed to do equity and should not be granted equitable relief.

37. **25th Affirmative Defense:** Florida law follows the "American Rule" that attorney's fees may only be awarded by a court pursuant to an entitling statute or an agreement of the parties. See *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1148 (Fla.

1985), modified, *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990). The request for attorney fees contained in Plaintiff's pleading should be dismissed or stricken, and are barred under Florida law.

38. Defendants have retained the undersigned attorney and has agreed to pay him a reasonable fee for his services.

WHEREFORE the Defendants request that this Court deny Plaintiff all relief requested and award Defendants their incurred attorney fees and costs. Trial by jury demanded as to all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2016, I sent a true and correct copy of the foregoing by E-mail delivery John E. Page, counsel for Plaintiff (jpage@sflp.law) and Bernice C. Lee, counsel for Plaintiff (blee@sflp.law).

AGUSTIN R. BENITEZ, ESQUIRE
BENITEZ LAW GROUP, P.L.
Florida Bar # 278130
1223 East Concord Street
Orlando, Florida 32803
(407) 894-5000
(407) 896-8061 (fax)
Primary E-Mail: *Service@ARBenitez.com*
Secondary E-Mail: *Gus@ARBenitez.com*

IN THE CIRCUIT COURT OF THE
15th JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

TTT FOODS HOLDING COMPANY LLC,
    Plaintiff,

v.                                    CASE NUMBER: 15-CA-6286

BEA'S BROOKLYN'S BEST, LLC,
    Defendant.                       **TRIAL BY JURY DEMANDED.**
_____/

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

COMES NOW Defendant, BEA'S BROOKLYN'S BEST, LLC, by and through the undersigned attorneys, and files this its *Answer, Affirmative Defenses and Counterclaims*, and states in support thereof as follows:

### ANSWER

1. Defendant denies each and every allegation contained in the *Verified Complaint* filed by Plaintiff, unless specifically admitted herein.

2. Defendant admits Paragraphs 1, 2, 3, and 5.

3. As to Paragraphs 7, 10, 11, 12, 14, 16, 17, 18 and 19, Defendant denies all allegations, implications and conclusions of law, and states that the documents referred to speak for themselves.

4. As to Paragraph 6, admit that Exhibit "A" was signed by Defendant, but otherwise states that Exhibit "A" speaks for itself.

5. As to Paragraph 13, admit that Exhibit "B" was signed by Defendant, but otherwise states that Exhibit "B" speaks for itself.

Page 1 of 7

## AFFIRMATIVE DEFENSES

6. **Affirmative Defense Number 1**: Plaintiff refused to accept timely payment from Defendant of the amounts due under the promissory notes attached as Exhibits "A" and "B" to the *Verified Complaint*, in violation of the terms and conditions of the said promissory notes, making it impossible for Defendant to comply therewith. Specifically, under Exhibit "A", Plaintiff alleges that a default occurred when the monthly payment was not paid on or before May 15, 2015. No default occurred as a result of non-payment by May 15, 2015. Exhibit "A", drafted by Plaintiff, specifically provides for a grace period of five (5) business days, thereby making the actual due date under the promissory note marked as Exhibit "A" May 26, 2015, not May 15, 2015. In addition thereto, Exhibit "A" provides that Defendant is not in default until ten (10) days after the monthly amount "is due." Therefore, the payment due under Exhibit "A" could not be in default until June 4, 2015. In spite of the unequivocal terms of the promissory notes, Plaintiff refused tender by Defendant of the payment prior to June 4, 2015, and continues to refuse payment, in material breach of the promissory note attached as Exhibit "A". Plaintiff should therefore be barred and estopped from declaring a default under the promissory notes attached as Exhibit "A". Furthermore, under Exhibit "B", Plaintiff alleges that a default occurred when the monthly payment was not paid on or before May 30, 2015. No default occurred as a result of non-payment by May 30, 2015. The promissory note attached Exhibit "B", and drafted by Plaintiff, specifically provides for a grace period of five (5) business days, thereby making the actual due date for the May payment June 4, 2015, not May 30, 2015. In addition thereto, the promissory note attached as Exhibit "B" provides that Defendant is not in default until ten (10) days after the monthly amount "is due." Therefore, the payment due under

the promissory note attached as Exhibit "B" was not in default until June 15, 2015. Plaintiff nevertheless refused tender by Defendant of the payment prior to June 15, 2015, and continues to refuse payment, in material breach of the parties' the promissory note attached as Exhibit "B". Plaintiff should therefore be barred and estopped from declaring a default under the promissory notes attached as Exhibit "B". Defendant is able and willing to make all payments due under the promissory notes attached as Exhibits "A" and "B" to the *Verified Complaint*.

7. **Affirmative Defense Number 2**: Plaintiff's refusal to accept timely payment of the amounts due under the promissory notes attached as Exhibits "A" and "B" is unreasonable, unjustifiable and/or unconscionable, and it violates the implied and statutory covenant of good faith and fair dealing. The refusal to accept payments was unjustified and unreasonable, and occurred prior to any alleged default by Defendant, and bars this action in its entirety.

8. **Affirmative Defense Number 3**: The parties have not executed a security agreement and there is no security interest to foreclose (and none is attached to the *Verified Complaint*). The promissory notes attached as Exhibits "A" and "B" to the *Verified Complaint* are not enforceable security agreements; the parties never negotiated or executed a security agreement, nor was there a meeting of the minds between the parties as to the terms and conditions for same.

9. **Affirmative Defense Number 4**: Plaintiff has failed to state a cause of action under Count I based on the terms and conditions of the promissory note attached as Exhibits "A" to the *Verified Complaint*, as more fully alleged under the Affirmative Defense 1, above.

10. **Affirmative Defense Number 5**: Plaintiff has failed to state a cause of action under Count II based on the terms and conditions of the promissory note attached as Exhibits "B" to the *Verified Complaint*, as more fully alleged under the Affirmative Defense 1, above.

11. **Affirmative Defense Number 6**: Plaintiff has failed to state a cause of action under Count III based on the fact that it has not attached to its *Verified Complaint* a security agreement that may be enforced or foreclosed.

12. **Affirmative Defense Number 7**: Under the facts as alleged in the Affirmative Defense 1, above, it would be unconscionable to allow Plaintiff to accelerate the promissory notes attached as Exhibits "A" and "B"to the *Verified Complaint*.

13. The promissory notes attached as Exhibits "A" and "B"to the *Verified Complaint*, as well as applicable Florida law, provide for the recovery of attorney fees and costs.

14. Defendant has retained the services of the undersigned law firm and has incurred attorney fees and costs which are recoverable in this action.

WHEREFORE Defendant request that this Court deny Plaintiff all relief and award Defendant all its incurred attorney fees and costs.

## COUNTERCLAIMS

### COUNT I - INTERFERENCE WITH BUSINESS RELATIONSHIP

15. This is an action for tortious interference with a business relationship.

16. There exist a business relationship between Defendant and her customers.

17. Plaintiff, at all times material hereto, had knowledge of Defendant's business relationship with its customers.

18. Plaintiff, intentionally and without justification, interfered with the Defendant's advantages business relationship and her customers by contacting them and stating to them that Defendant was in default and owed Plaintiff monies, and by demanding that the customer forward to Plaintiff all monies owed by Defendant's customer, instead of paying Defendant; attached hereto and incorporated herein as Exhibit "AA" is a representative letter sent to Defendant's customers by Plaintiff's counsel on or about June 1, 2015.

19. As a direct result of the aforementioned interference, Defendant has been damaged, which damages include, but are not limited to: loss of reputation; loss of customers; monies owed by customers being withheld; damage to the business relationship with those customers; and/or other consequential and/or incidental damages.

WHEREFORE Defendant request that the Court grant Defendant all allowable damages, plus post-judgment and pre-judgment interest and court costs. Trial by jury demanded.

### COUNT II - BREACH OF IMPLIED AND STATUTORY COVENANT OF GOOD FAITH AND FAIR DEALING

20. This is an action for breach of the implied and statutory covenant of good faith and fair dealing.

21. All the allegations contained in Paragraphs 16-19 are re-alleged herein.

22. In commercial transactions good faith is required in the performance and enforcement of all agreements or duties, including, specifically, the promissory notes attached as Exhibits "A" and "B" to the *Verified Complaint*, which are incorporated herein in their entirety by reference.

23. Plaintiff has violated the implied and statutory covenant of good faith and

fair dealing by intentionally and without justification, contacting Defendant's customers stating to them that Defendant was in default and owed Plaintiff monies, and by demanding that the customer forward to Plaintiff all monies owed by Defendant's customer, instead of paying Defendant.

24. Plaintiff had no right to contact Defendant's customers.

25. The parties never agreed that Plaintiff could take such action, and neither the promissory notes attached as Exhibits "A" and "B" to the *Verified Complaint*, nor statutory law, allows Plaintiff to take such action

26. As a direct result of Plaintiff's breach of the implied and statutory covenant of good faith and fair dealing, Defendant has been damaged, Defendant has been damaged, which damages include, but are not limited to: loss of reputation; loss of customers; monies owed by customers being withheld; damage to the business relationship with those customers; and/or other consequential and/or incidental damages.

WHEREFORE Defendant request that the Court grant Defendant all allowable damages, plus post-judgment and pre-judgment interest and court costs. Trial by jury demanded.

### COUNT III - DEFAMATION

27. This is an action for defamation.

28. All the allegations contained in Paragraphs 16-19 and 22-26 are re-alleged herein.

29. Plaintiff's statements to Defendant's customers that Defendant was in default under the promissory notes attached as Exhibits "A" and "B" to the *Verified Complaint* was a false statement.

30. That false statement has resulted in injury to Defendant's reputation and image.

31. As a direct result of Plaintiff's defamatory statements to Defendant's customers, and others, Defendant has been damaged, which damages include, but are not limited to: loss of reputation; loss of customers; monies owed by customers being withheld; damage to the business relationship with those customers; and/or other consequential and/or incidental damages.

WHEREFORE Defendant request that the Court grant Defendant all allowable damages, plus post-judgment and pre-judgment interest and court costs. Trial by jury demanded.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was delivered on June 11, 2015, electronically filed with the Clerk of the Court by using the Florida e-Portal filing system, which system will send a notice of electronic filing to all attorneys of record.

**BENITEZ LAW GROUP, P.L.**

By: /s/ Gus R. Benitez
GUS R. BENITEZ, ESQUIRE
Florida Bar # 278130
1223 East Concord Street
Orlando, Florida 32803
(407) 894-5000
(407) 896-8061 (fax)
Primary E-Mail: *Service@ARBenitez.com*
Secondary E-Mail: *Gus@ARBenitez.com*