**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

|  |  |
|---|---|
| _____ | x |
| TTT Foods Holding Company LLC, | : |
| a Florida limited liability company, | : |
|  | : |
|      Plaintiff, | : |
|  | : |
| v. | : |
|  | : |
| BEATRICE NAMM, an individual, | : |
| JONATHAN NAMM, an individual, and | : |
| DELUXE GOURMET SPECIALTIES LLC, a | : |
| New Jersey limited liability company, | : |
|  | : |
|      Defendants. | : |
| _____ | x |

**MOTION TO STRIKE AFFIRMATIVE DEFENSES AND**
**INCORPORATED MEMORANDUM OF LAW**

Plaintiff, TTT Foods Holding Company LLC ("TTT Foods"), pursuant to Rule 12(f) of

the Federal Rules of Civil Procedure, requests that the Court strike the affirmative defenses plead

by Defendants, Beatrice Namm ("Mrs. Namm"), Jonathan Namm ("Mr. Namm") (together, the

"Namms") and Deluxe Gourmet Specialties LLC ("Deluxe") (collectively, the "Defendants"),

and in support thereof states as follows:

**FACTUAL BACKGROUND**

1.     TTT Foods filed the Amended Complaint on November 2, 2016 (the

"Complaint").  ECF No. 8.

2.     TTT Foods has alleged in the Complaint that Mrs. Namm caused Brooklyn's Best

LLC ("Brooklyn's Best"), a company that owes more than $176,001.76 to TTT Foods, to

fraudulently transfer more than $99,000 to or for the benefit of the Namms for insufficient

consideration.   TTT Foods has also alleged that Mrs. Namm breached her fiduciary duties, and that Deluxe and Mrs. Namm should be held liable for Brooklyn's Best's indebtedness to TTT Foods under a theory of alter ego and piercing the corporate veil.

3.      On November 29, 2016, the Defendants filed their *Answer and Affirmative Defenses* (the "Answer") that assert twenty-five affirmative defenses of which two are bare bones conclusory allegations, five are insufficient and invalid as a matter of law, and six are not affirmative defenses.  *See* ECF No. 23.   These thirteen affirmative defenses (the "Defenses") should be stricken for the reasons set forth below.

## ARGUMENT

4.       "The Court has broad discretion in considering a motion to strike under Fed.R.Civ.P. 12(f)."  *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005) (citation omitted).  Rule 12(f) of the Federal Rules of Civil Procedure states in part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

5.      "Where the affirmative defenses are no more than bare bones conclusory allegations, they must be stricken."  *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d at 1318 (internal quotations omitted).   In addition, "a defense will be stricken if it is insufficient as a matter of law."  *Id.*   "'A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law.'"  *Id.* (quoting *Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F.Supp. 992, 1000 (M.D.Fla.1976)).

6.      Further, as this Court has stated, "to constitute an affirmative defense, a defendant must allege some additional facts beyond merely pointing out defects or lack of evidence in the plaintiff's case."  *Falzarano v. Retail Brand All., Inc.*, No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008) (granting plaintiff's motion to strike an affirmative defense as

2

insufficient because it did "no more than recite the standard for dismissal under Rule 12(b)(6)[.]"). "By its very definition, '[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance.'" *Morrison v. Exec. Aircraft Refinishing, Inc*., 434 F. Supp. 2d at 1318 (quoting *Will v. Richardson–Merrell, Inc.,* 647 F.Supp. 544, 547 (S.D.Ga.1986). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc*., 846 F.2d 1343, 1349 (11th Cir. 1988) (concluding that lack of possession is not an affirmative defense to a seller's reclamation claim because "possession is an integral element of a seller's reclamation claim and therefore is a necessary part of the seller's prima facie case[.]").

7.     The Court should strike the Twenty-Third and Twenty-Fourth Affirmative Defenses because they are bare bones conclusory allegations.   The Twenty-Third Affirmative Defense alleges in conclusory fashion that "Plaintiff has unclean hands and should not be granted equitable relief."   Answer ¶ 35.   Similarly, the Twenty-Fourth Affirmative Defense merely alleges that "Plaintiff has failed to do equity and should not be granted equitable relief."   Answer ¶ 36.

8.     The Court should strike the Eighteenth through Twenty-Second Affirmative Defenses as insufficient and clearly invalid as a matter of law.   The Eighteenth Affirmative Defense alleges that Count VII, which seeks to hold Deluxe and Mrs. Namm liable for the debts Brooklyn's Best owes to TTT Foods under a theory of alter ego and piercing the corporate veil, is barred because TTT Foods was required to have raised and adjudicated such matter in the state court proceeding against Brooklyn's Best based on a breach of promissory note executed by Brooklyn's Best (the "State Court Proceeding").[1]   Answer ¶ 30.   TTT Foods brought the State

---

[1] A copy of the *Amended Agreed Final Summary Judgment* is attached to the Complaint as Exhibit B, and the *Final Judgment Awarding Attorney's Fees and Costs* entered in the State Court Proceeding is attached to the Complaint as Exhibit D (together, the "Judgments").

{1955/000/00351737}

Court Proceeding against Brooklyn's Best based on a breach of promissory note executed by Brooklyn's Best.  Mrs. Namm and Deluxe were not party to the State Court Proceeding, and were not debtors under the promissory note.  This Defense is not an applicable affirmative defense to TTT Foods' claim of liability against Mrs. Namm and Deluxe based on alter ego and piercing the corporate veil, and the Defendants have cited to no authority to support that such defense is applicable.

9.      The Nineteenth Affirmative Defense alleges that as to Count VII, "it is a violation of due process" to obligate Mrs. Namm and Deluxe to the Judgments obtained by TTT Foods against Brooklyn's Best in the State Court Proceeding.  Answer ¶ 31.  Count VII, however, does not seek to have the Judgments altered to encompass Mrs. Namm and Deluxe as parties who breached the promissory note.  Instead, TTT Foods seeks to hold Mrs. Namm and Deluxe liable for the debts owed by Brooklyn's Best to TTT Foods under the doctrine of alter ego and piercing the corporate veil.  Further, it is undisputed that Mrs. Namm and Deluxe have been afforded due process with respect to the alter ego and piercing the corporate veil claims alleged in the Complaint.  A violation of due process is not an applicable affirmative defense to TTT Foods' claim for liability against Mrs. Namm and Deluxe based on alter ego and piercing the corporate veil, and the Defendants have cited to no authority to support that such defense is applicable.

10.      The Twentieth Affirmative Defense alleges that Count VII is barred by the doctrine of waiver because TTT Foods failed to raise such claim against Ms. Namm and Deluxe in the State Court Proceeding.  *See* Answer ¶ 32.  The Defendants fail to provide any additional facts to properly support this defense.  TTT Foods brought the State Court Proceeding against Brooklyn's Best based on a breach of promissory note executed by Brooklyn's Best.  Mrs. Namm and Deluxe were not party to the State Court Proceeding, and were not debtors under the promissory note.  Waiver is not an applicable affirmative defense to TTT Foods' claim of

liability against Mrs. Namm and Deluxe based on alter ego and piercing the corporate veil, and the Defendants have cited to no authority to support that such defense is applicable.

11.     The Twenty-First Affirmative Defense alleges that Count VII is barred by the doctrine of merger of judgment because TTT Foods failed to raise the claim against Mrs. Namm and Deluxe in the State Court Proceeding prior to entry of the final judgment.   *See* Answer ¶ 33. TTT Foods did not previously bring the cause of action asserted in Count VII against Mrs. Namm or Deluxe in the prior state court proceeding.  Mrs. Namm and Deluxe were not parties to the State Court Proceeding.   Therefore, the cause of action could not be merged into the judgment entered in the State Court Proceeding.  *See Diamond R. Fertilizer Co. v. Lake Packing P'ship*, 743 So. 2d 547, 548 (Fla. Dist. Ct. App. 1999) ( "The doctrine of merger provides that a cause of action upon which an adjudication is predicated merges into the judgment and that, consequently, the cause of action's independent existence perishes upon entry of the judgment."). The doctrine of merger is not an applicable affirmative defense to TTT Foods' claim of liability based on alter ego and piercing the corporate veil against Mrs. Namm and Deluxe, and the Defendants have cited to no authority to support that such defense is applicable.

12.     The Twenty-Second Affirmative Defense alleges that Count VII is barred by the doctrine against splitting of causes of action because TTT Foods failed to raise such claim against Mrs. Namm or Deluxe in the State Court Proceeding.  *See* Answer ¶ 34.  The Defendants fail to provide facts to properly support this defense.   Mrs. Namm and Deluxe were not defendants in the State Court Proceeding.  *See Robbins v. Gen. Motors De Mexico, S. DE R.L. DE CV.*, 816 F. Supp. 2d 1261, 1264 (M.D. Fla. 2011) (stating that "the Court has not found— any Florida decision or federal court decision in Florida which applied the prohibition against claim splitting to cases involving different defendants.").  Further, the State Court Proceeding involved Brooklyn's Best's default under a promissory note.  This proceeding involves Mrs.

Namm and Deluxe's wrongful acts, conduct and relationship with respect to Brooklyn's Best. *See id.* at 1263 ("Stated differently, the rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action.") (internal quotations omitted).   The doctrine against splitting of causes of action is not an applicable affirmative defense to TTT Foods' claim of liability against Mrs. Namm and Deluxe based on alter ego and piercing the corporate veil, and the Defendants have cited to no authority to support that such defense is applicable.

13.    The Court should strike the Tenth through Fourteenth, and Seventeenth Affirmative Defenses because they are not affirmative defenses, merely point out alleged defect in TTT Foods' prima facie case and are redundant of the Defendants' denials set forth in the Answer.

14.    In particular, the Tenth through Thirteenth Affirmative Defenses merely allege that Counts I through IV fail to state a cause of action under Rule 12(b)(6).  *See* Answer ¶ 22-25. They also inaccurately allege that it is "impossible to decipher" against which of the defendants the counts are being brought.    Contrary to the Defendants' assertions, Counts I through IV specify that Brooklyn's Best and Deluxe made fraudulent transfers to and/or for the benefit of Mrs. Namm and/or Mr. Namm, and that Mrs. Namm and Mr. Namm should be held liable for the amount of the transfers.    In addition, these transfers (the "Transfers") are defined by the Complaint to include transfers from Brooklyn's Best between April 1, 2015 through May 10, 2016 totaling at least $99,212.44, which transfers are listed in Exhibit H of the Complaint, and transfers from Deluxe since March 27, 2015.  *See* Compl. ¶ 30, 31.  Similarly, the Fourteenth Affirmative Defense alleges that "Count V fails to state a cause of action for violation of a fiduciary duty[,]" and the Seventeenth Affirmative Defense alleges that Count VII "fails to state a cause of action for declaratory relief" because "there are no factual allegations of ultimate facts

6

that would render Count VII viable."   Answer ¶¶ 26, 29.   These Defenses merely point out alleged defects or lack of evidence.   They do not admit the essential facts of the Complaint, and set up other facts in justification of avoidance.

WHEREFORE, Plaintiff, TTT Foods requests that this Court enter an Order:

i.    Granting the Motion;

ii.   Striking the Twenty-Third and Twenty-Fourth Affirmative Defenses with prejudice because they are bare bones conclusory allegations;

iii.  Striking the Eighteenth through Twenty-Second Affirmative Defenses with prejudice as insufficient and clearly invalid as a matter of law;

iv.   Striking the Tenth through Fourteenth, and Seventeenth Affirmative Defenses with prejudice because they are not affirmative defenses and are insufficiently plead; and

v.    Granting TTT Foods any other additional relief that the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by notice of electronic filing via CM/ECF to Gus R. Benitez, Esquire, counsel for the Defendants, 1223 East Concord Street, Orlando, Florida 32803 service@arbenitez.com; Gus@arbenitez.com, and to those other parties registered to receive such service on December 5, 2016.

SHRAIBERG FERRARA LANDAU & PAGE, PA
Attorneys for TTT Foods
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
jpage@sflp.law
blee@sflp.law

By:  /s/ John E. Page
     John E. Page
     Florida Bar No. 0860581
     Bernice C. Lee
     Florida Bar No. 0073535