UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

TTT Foods Holding Company LLC,
a Florida limited liability company,

        Plaintiff,
v.

BEATRICE NAMM, an individual,
JONATHAN NAMM, an individual,
and DELUXE GOURMET
SPECIALTIES LLC, a New Jersey     **TRIAL BY JURY DEMANDED**
limited liability company,

        Defendants.
_____/

**AMENDED ANSWER, AFFIRMATIVE DEFENSES**

COME NOW the Defendants, BEATRICE NAMM, an individual, JONATHAN NAMM, an individual, and DELUXE GOURMET SPECIALTIES LLC, a New Jersey limited liability company, by and through the undersigned attorneys, and file this their *Answer and Affirmative Defenses*, and state in support thereof as follows:

**ANSWER**

1. All allegations in the Amended Complaint are denied unless specifically admitted herein.

2. The allegations contained in Paragraphs 1-6, 10, 20, 21, 26, 39 and 117 of the Amended Complaint are admitted.

3. As to Paragraph 13 and 14, admit that on January 2, 2015, Defendant BEATRICE NAMM sued Jeffrey Brandon and Eric Scholer for breach of contract, otherwise deny the remaining allegations.

4. As to Paragraph 15, Exhibit "A" speaks for itself; otherwise deny the remaining allegations.

5. As to Paragraph 16, admit that a lawsuit was filed, otherwise deny the remaining allegations; the *Answer, Affirmative Defenses and Counterclaims* to the complaint filed by Plaintiff is attached hereto as Exhibit "A".

6. As to Paragraph 17, Exhibit "B" speaks for itself; otherwise deny the remaining allegations.

7. As to Paragraph 18, Exhibit "C" speaks for itself; otherwise deny the remaining allegations.

8. As to Paragraph 19, Exhibit "D" speaks for itself; otherwise deny the remaining allegations.

9. As to Paragraph 22, Exhibit "E" speaks for itself; otherwise deny the remaining allegations.

10. As to Paragraph 23, Exhibit "F" speaks for itself; otherwise deny the remaining allegations.

11. As to Paragraph 24, Exhibit "G" speaks for itself; otherwise deny the remaining allegations.

12. As to Paragraph 29, the order referred to was obtained without notice to

Defendant BEATRICE NAMM that she would be the subject matter of that order, as articulated in detail in the *Motion to Set Aside Order Entered on August 16, 2016 and Motion for Attorney Fees and Costs* attached hereto and incorporated herein as Exhibit "B".

## AFFIRMATIVE DEFENSES

13. **1st Affirmative Defense:** The transfers are not voidable, and Defendants are not liable, because they were made in the ordinary course of business or financial affairs of Bea's Brooklyn's Best LLC and/or more of the Defendants.

14. **2nd Affirmative Defense:** The transfers are not voidable, and Defendants are not liable, because Bea's Brooklyn's Best LLC received a reasonably equivalent value in exchange for the alleged transfers.

15. **3rd Affirmative Defense:** The transfers are not voidable under §726.105(1)(a), *Florida Statutes* (2016), as to Defendants or others who took in good faith and for a reasonably equivalent value, or against any subsequent transferee or obligee.

16. **4th Affirmative Defense:** The transfers were made without an actual intent to hinder, delay or defraud Plaintiff, but instead in good faith and/or in the exercise of good business judgment.

17. **5th Affirmative Defense:** The transfers are not voidable under §726.106(2), *Florida Statutes* (2016), to the extent Defendants gave new value to or for the benefit of Bea's Brooklyn's Best LLC after or before the transfers were made.

18. **6th Affirmative Defense:** The transfers are not voidable under §726.106(2), *Florida Statutes* (2016), because they were made in the ordinary course of business

or financial affairs of Bea's Brooklyn's Best LLC and/or Defendants.

19. **7th Affirmative Defense:** The transfers are not voidable under §726.106(2), *Florida Statutes* (2016), because they were made pursuant to a good faith effort to rehabilitate Bea's Brooklyn's Best LLC, and/or the transfers secured present value given for that purpose and/or an antecedent debt of Bea's Brooklyn's Best LLC.

20. **8th Affirmative Defense:** Notwithstanding voidability of a transfer or an obligation under §§726.101-726.112, *Florida Statutes* (2016), Defendants, as good faith transferees, are entitled, to the extent of the value given Bea's Brooklyn's Best LLC for the transfers, to: (a) a lien on or a right to retain any interest in the asset transferred; (b) enforcement of any obligation incurred; and/or (c) a reduction in the amount of the liability on the judgment.

21. **9th Affirmative Defense:** Defendants are entitled, to the extent of the value given Bea's Brooklyn's Best LLC for the transfers, to a set off of said value from any award to Plaintiff, if any.

22. **10th Affirmative Defense.** Plaintiff has no standing to bring Count V.

23. **11th Affirmative Defense:** Bea's Brooklyn's Best LLC and/or Defendant BEATRICE NAMM are not liable to Plaintiff for having exercised their business judgment in the operation of Bea's Brooklyn's Best LLC's business, including it dissolution or winding down.

24. **12th Affirmative Defense:** Brooklyn's Best LLC was not created or used in order to mislead or defraud Plaintiff, and its corporate veil should not be pierced nor should Defendant BEATRICE NAMM be found to be its alter ego. Brooklyn's Best LLC was initially organized, established, operated and controlled by Plaintiff. It was only later that Plaintiff

relinquished control to Defendant BEATRICE NAMM in exchange for the promissory notes to be paid exclusively by Brooklyn's Best LLC.  Plaintiff knowingly and intentionally, with the assistance and advice of its attorneys, did not have Defendant BEATRICE NAMM sign or guarantee the promissory notes, but instead knowingly and intentionally accepted the risks and consequences of Brooklyn's Best LLC not repaying the said notes.  Plaintiff is now seeking to have Defendant BEATRICE NAMM liable for the promissory notes undertaken by Brooklyn's Best LLC, under the pretense that somehow they were deceived.  The reality of the matter is that Plaintiff entered into the contractual relationship created by the promissory notes knowing everything there was to know about the operation of Brooklyn's Best LLC, Defendant BEATRICE NAMM and Defendant DELUXE GOURMET SPECIALTIES LLC, and it was fully informed and not misled.  Plaintiff are now seeking to obtain what they could not, and did not, obtain through negotiations, to wit: to hold Defendant BEATRICE NAMM personally liable for the promissory notes.

25. **13th Affirmative Defense:**  Counts I through IV attempt to allege a fraudulent conveyance action against both Defendant BEATRICE NAMM and Defendant JONATHAN NAMM premised on §§726.105 and 726.106, *Florida Statutes* (2016), and seek to hold both defendants jointly and severally liable.  Counts I through IV fail to state a cause of action to establish joint and several liability.  A fraudulent conveyance action is against a transferee directed against a particular transaction, which, if declared fraudulent, is set aside thus leaving the creditor free to pursue the asset, or it is an action against a transferee who has received an asset by means of a fraudulent conveyance and should be required to either return the

asset or pay for the asset.  There is no basis for joint and several liability under §§726.105 or 726.106, *Florida Statutes* (2016).

26. **14th Affirmative Defense:**  Count V attempts to allege a violation of fiduciary duty by Defendant BEATRICE NAMM.  Under Florida law, "[t]o establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Taylor Woodrow Homes Florida, Inc. V. 4/46-A Corp.*, 850 So. 2d 536, 540-41 (Fla. 5th Dist. Ct. App. 2003) (quoting *Watkins v. NCNB Nat'l Bank of Fla., NA*, 622 So. 2d 1063, 1065 (Fla. 3d Dist. Ct. App. 2003)); accord *Lanz v. Resolution Trust Corp.*, 764 F.Supp. 176, 179 (S.D. Fla. 1991), and *Bankest Imports, Inc. v. Isca Corp.*, 717 F. Supp. 1537, 1541 (S.D. Fla. 1989).  "When the parties are dealing at arm's length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other." *Id.*; accord Maxwell v. First United Bank, 782 So. 2d 931, 934 (Fla. 4th Dist. Ct. App. 2001).  In the usual creditor-debtor relationship a fiduciary duty does not arise. See *Barnett Bank of West Florida v. Hooper*, 498 So. 2d 923, 925 (Fla. 1986).  To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel and protect the weaker party. *Brigham v. Brigham*, 11 So. 3d 374, 387 (Fla. 3rd DCA 2009); *Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993); *Lanz v. Resolution Trust Corp.*, 764 F. Supp. at 179.  Count V fails to state a cause of action for violation of a fiduciary duty.  There is no allegation in Count V of ultimate facts to support a cause of action for a violation of fiduciary duty.  There is no allegation of any undertaking by Defendant BEATRICE

NAMM to advise, counsel and protect Plaintiff, and there is no allegation of any reliance by Plaintiff, nor could such allegations be made in good faith.  Furthermore, there is no "duty of loyalty", "duty of care" or "duty to act in good faith [or] in the best interest of" owed to Plaintiff by Defendant BEATRICE NAMM and Count V should be dismissed.

27.     **15th Affirmative Defense:** Plaintiff has failed to joint a non-diverse indispensable required party, to wit: Bea's Brooklyn's Best LLC.  In the Amended Complaint, Plaintiff claims: that Bea's Brooklyn's Best LLC made certain transfers that were fraudulent (i.e., Counts I-IV); that  Bea's Brooklyn's Best LLC owed Plaintiff certain fiduciary duties and that those duties were breached by Defendant BEATRICE NAMM in her corporate capacity as manager Bea's Brooklyn's Best LLC (i.e., Count V); and that Defendant BEATRICE NAMM is either the *alter ego* of Bea's Brooklyn's Best LLC or that the corporate veil of Bea's Brooklyn's Best LLC should be pierced (i.e., Count VII).  Bea's Brooklyn's Best LLC is a required and indispensable party to this action and this Court should dismiss this action.

28.     **16th Affirmative Defense:** Florida law follows the "American Rule" that attorney's fees may only be awarded by a court pursuant to an entitling statute or an agreement of the parties. See *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1148 (Fla. 1985), modified, *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990).  The request for attorney fees contained in Plaintiff's pleading should be dismissed or stricken, and are barred under Florida law.  There is no statute or contract between the parties allowing the recovery of attorney fees by Plaintiff against Defendants.

29.     **17th Affirmative Defense:** For all the reasons articulated in 12th

Affirmative Defense, supra, it would be inequitable to grant Plaintiff any equitable relief.

30. **18th Affirmative Defense:** For all the reasons articulated in 12th Affirmative Defense, supra, Plaintiff unclean hand and should not be granted equitable relief.

31. Defendants have retained the undersigned attorney and has agreed to pay him a reasonable fee for his services.

WHEREFORE the Defendants request that this Court deny Plaintiff all relief requested and award Defendants their incurred attorney fees and costs, if allowable.

**Trial by jury demanded as to all issues so triable.**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 17, 2016, I sent a true and correct copy of the foregoing by E-mail delivery John E. Page, counsel for Plaintiff (jpage@sflp.law) and Bernice C. Lee, counsel for Plaintiff (blee@sflp.law).

/s/ *Agustin R. Benitez*
AGUSTIN R. BENITEZ, ESQUIRE
BENITEZ LAW GROUP, P.L.
Florida Bar # 278130
1223 East Concord Street
Orlando, Florida 32803
(407) 894-5000
(407) 896-8061 (fax)
Primary E-Mail: *Service@ARBenitez.com*
Secondary E-Mail: *Gus@ARBenitez.com*