UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

TTT Foods Holding Company LLC,
a Florida limited liability company,

        Plaintiff,

v.

BEATRICE NAMM, an individual,
JONATHAN NAMM, an individual,
and DELUXE GOURMET
SPECIALTIES LLC, a New Jersey
limited liability company,

        Defendants.
_____/

**OBJECTION TO SUBPOENAS AND
MOTION FOR PROTECTIVE ORDER
AND INCORPORATED MEMORANDUM OF LAW**

COME NOW the Defendants BEATRICE NAMM and JONATHAN NAMM, by and through the undersigned attorneys, and file this their objections to certain of the subpoenas issued by Plaintiff and moves for a protective order and to quash the subpoena pursuant to *Fed.Civ.P.Rule* 26 and *Fed.Civ.P.Rule* 45, and state in support thereof as follows:

1. On December 16, 2016, Defendants received a copy of a subpoena issued by Plaintiff's counsel to Bank of America; a copy of the subpoena is attached hereto as Exhibit "A" ("Subpoena").

2. The Subpoena request the production of the following items:

    1. Complete copies of all statements, including the front and back of

      all checks, deposit tickets, wire instructions and withdrawal slips, for all accounts in the name of **Beatrice Namm, Jonathan Namm**, Deluxe Gourmet Specialties, LLC or any combination thereof for the period March 1, 2015 through the date of production.

  2. Account opening documents for all accounts in the name of **Beatrice Namm, Jonathan Namm**, Deluxe Gourmet Specialties, LLC or any combination thereof. (Emphasis Added)

  3. Defendants', Beatrice Namm and Jonathan Namm, object to the subpoena directed at their bank account records, but they do not object to the subpoena as it relates to Defendant Deluxe Gourmet Specialties, LLC's bank accounts.

  4. Defendants' objections are (1) that the items requested are irrelevant and not likely to lead to the discovery of relevant or admissible evidence, (2) that the request violates Defendants' Florida constitutional right to privacy, (3) that any marginal relevancy that their confidential bank documents may have to Plaintiff's discovery needs should be deemed to be outweighed by the sensitive and private nature of the requested records, and (4) that should the Court find that some of their personal bank records are discoverable, that the subpoena be narrowly tailored to those specific items.

  5. Defendants' counsel contacted Plaintiff's counsel and objected to the subpoena as it applies to Defendants, but the parties have been unable to resolve the objections or the other matters raised in this Motion.

  6. Plaintiff's counsel stated that Defendants' personal bank records go "to the elements of [Plaintiff's] fraudulent transfer claim. Because the judgment debtor transferred funds to the [Defendants] personal accounts, those account are now open to discovery"; attached hereto and incorporated herein as Exhibit "B" is the email string between the parties' respective

counsel of record.

7. Counts I-IV are the fraudulent conveyance counts in the Amended Complaint referred to by Plaintiff's counsel, which Counts are statutory causes of action.

8. A fraudulent conveyance action is against a transferee directed against a particular transaction, which, if declared fraudulent, is set aside thus leaving the creditor free to pursue the asset, or it is an action against a transferee who has received an asset by means of a fraudulent conveyance and should be required to either return the asset or pay for the asset.

9. The bank records of Defendants containing personal and confidential information are not relevant to the fraudulent conveyance counts and is simply being used by Plaintiff to do pre-judgment discovery on Defendants' assets.

10. The discovery sought from the Defendant is in aid of execution of a judgment that has not yet been entered and such discovery prior to the entry of judgment is improper.

11. The subpoena of Defendants' bank records also violates the Florida constitutional right of privacy of the Defendants found in Article I, Section 23 of the Florida Constitution.

## MEMORANDUM OF LAW

12. This Court has jurisdiction based exclusively on diversity of citizenship and state substantive law applies. See *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938) (stating "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

13. Also, *Federal Rule of Evidence* 501 states, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Fed R. Evid.* 501.

14. Accordingly, the Court should apply Florida law as to the objections and issues raised herein.

15. Florida courts have recognized a right of privacy in financial records under Article I, Section 23 of the Florida Constitution.[1] See *Rowe v. Rodriguez-Schmidt*, 89 So.3d 1101 (Fla. 2d. Dist. Ct. App. 2012) (stating that personal finances are private matters and kept secret by most people).

16. The Defendants' bank records are confidential under Florida law. See, §655.059(2)(b), *Florida Statutes* (2016).

17. Defendants contend that they are protected from disclosure of their financial records by both Florida's constitutional right to privacy and by §655.059(2)(b), *Florida Statutes* (2016) (requiring that a financial institution keep confidential a non-public account,

---

[1] A New Jersey citizens, under New Jersey law, also have a reasonable expectation of privacy in their bank records. *State v. McAllister*, 184 N.J. 17, 33, 875 A.2d 866, 875(N.J. 2005). In McAllister, *supra*, the New Jersey Supreme Court held that the New Jersey Constitution provides bank account holders a reasonable expectation of privacy in their bank records. Id. at 32-33, 875 A.2d 866. The court noted that bank accounts "have become an indispensable part of modern commerce" for our citizens. *Id.* at 31, 875 A.2d 866. Like long distance billing records, bank records reveal a great deal about the personal affairs, opinions, habits, and associations of depositors. *Id.* at 30-31, 875 A.2d 866. The court also noted that, although bank customers voluntarily provide information to banks, "they do so with the understanding that it will remain confidential." *Id.* at 31, 875 A.2d 866. The disclosure is done to facilitate financial transactions, not to enable banks to broadcast the affairs of their customers. *State v. Reid*, 194 N.J. 386, 397-398, 945 A.2d 26, 32-33(N.J. 2008).

except upon authorization from the account holder).

18. "[W]e find that the law in the state of Florida recognizes an individual's legitimate expectation of privacy in financial institution records." *Winfield v. Div. of Pari-Mutuel Wagering, Dep't Bus. Regulation*, 477 So. 2d 544, 548 (Fla. 1985).

19. Florida courts have held that court orders compelling discovery constitute state action for purpose of constitutional privacy rights. See, e.g., *Berkeley v. Eisen*, 699 So. 2d 789, 790 (Fla. 4th DCA 1997).

20. The scope of discovery is governed by Rule 26, which allows "discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending litigation." *Fed.R.Civ.P.* 26(b)(1).

21. The term "relevant" in this definition is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978), citing *Hickman v. Taylor*, 329 U.S. 495, 501, 91 L. Ed. 451, 67 S. Ct. 385 (1947).

22. The scope of discovery, though, is not without limits. See *id.* at 351-52.

23. "Discovery of matter 'not reasonably calculated to lead to discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.* at 352.

24. "The trial court misapprehended the purpose and scope of a fraudulent conveyance action. A fraudulent conveyance action is simply another creditors' remedy. It is

either an action by a creditor against a transferee directed against a particular transaction, which, if declared fraudulent, is set aside thus leaving the creditor free to pursue the asset, or it is an action against a transferee who has received an asset by means of a fraudulent conveyance and should be required to either return the asset or pay for the asset (by way of a judgment and execution)." *Yusem v. South Fla. Water Mgmt. Dist.*, 770 So. 2d 746, 749 (Fla 4th DCA 2000).

WHEREFORE the Defendants, Beatrice Namm and Jonathan Namm, request that this Court sustain the objection to the subpoena addressed to Bank of America as to Defendants' personal banking records, quash the subpoena as to those records and issue a protective order that Plaintiff shall not subpoena any of Defendants' bank records without prior order from the Court. Defendants request all other relief deemed appropriate by the Court.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 21, 2016, I sent a true and correct copy of the foregoing by E-mail delivery John E. Page, counsel for Plaintiff (jpage@sflp.law) and Bernice C. Lee, counsel for Plaintiff (blee@sflp.law).

*/s/ Agustin R. Benitez*
AGUSTIN R. BENITEZ, ESQUIRE
BENITEZ LAW GROUP, P.L.
Florida Bar # 278130
1223 East Concord Street
Orlando, Florida 32803
(407) 894-5000
(407) 896-8061 (fax)
Primary E-Mail: *Service@ARBenitez.com*
Secondary E-Mail: *Gus@ARBenitez.com*