UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

TTT Foods Holding Company LLC,
a Florida limited liability company,

       Plaintiff,

v.

BEATRICE NAMM, an individual,
JONATHAN NAMM, an individual,
and DELUXE GOURMET
SPECIALTIES LLC, a New Jersey
limited liability company,

       Defendants.
_____/

**RESPONSE TO ORDER TO SHOW CAUSE**

       COME NOW the Defendants, BEATRICE NAMM, an individual, JONATHAN NAMM, an individual, and DELUXE GOURMET SPECIALTIES LLC, a New Jersey limited liability company, by and through the undersigned attorneys, and file this their *Response to Order to Show Cause*, and state in support thereof as follows:

       1.      Regardles of the showing made herein, which the undersigned believes establishes good cause for not filing a response to the Motion to Strike (DOC 28), the undersigned profusely appologizes to the Court for any and all inconvenience cause to the Court by the undersigned.

2. On November 29, 2016, Defendant filed their answer and affirmative defenses (DOC 23).

3. A party may amend an answer within twenty days of its filing without obtaining leave of the Court or consent from the opposing party. *Fed. R. Civ. P.* 15(a)(1)(B).

4. On December 5, 2016, Plaintiff filed the Motion to Strike (DOC 28) addressed to the Defendants' answer and affirmantive defense (DOC 23).

5. Defendants decided to file an amended responsive pleading as allowed by *Fed. R. Civ. P.* 15(a)(1)(B), instead of responding to the Motion to Strike (DOC 28).

6. Defendants' Amended Answer and Affirmative Defenses (DOC 29) were timely filed on December 17, 2016, as allowed by *Fed. R. Civ. P.* 15(a)(1)(B).

7. It was, and is, the undersigned's belief that Defendant's amended answer and affirmative defenses (DOC 29) supersedes the original answer and affirmative defenses (DOC 23), to which the Motion to Strike (DOC 28) is directed. *See also Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.").

8. Further, Defendants' <u>amended</u> answer and affirmative defenses (DOC 29) renders moot the Motion to Strike (DOC 28) the <u>original</u> affirmative defenses (DOC 23) because the motion seeks to strike a pleading that has been superseded. *See Renal Treatment*

*Ctrs.—Mid-Atlantic, Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC*, No. 608CV87, 2009 U.S. Dist. LEXIS 30975, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (noting that a pleading superseded by an amended complaint was "entirely irrelevant," and therefore concluding that the motion to dismiss the original pleading was moot); *Gulf Coast Recycling, Inc. v. Johnson Controls, Inc.,* No. 8:07-CV-2143-T-30TBM, 2008 U.S. Dist. LEXIS 11269, 2008 WL 434880, at *1 (M.D. Fla. Feb. 14, 2008) (concluding that the motion to dismiss was moot following the filing of the amended complaint because "[a]n amended complaint completely supersedes the original complaint, and once a complaint is amended, the only issues before the Court are the ones raised in the text of the amended complaint"); *Mizzaro v. Home Depot, Inc.,* No. Civ. A. 1:06-CV-11510, 2007 U.S. Dist. LEXIS 59781, 2007 WL 2254693, at *3 (N.D. Ga. July 18, 2007) (Evans, J.) (dismissing as moot a motion to dismiss addressing the original complaint following defendants' acceding to the filing of an amended complaint).

9. If the undersigned is incorrect and has misinterpreted the pertinent law or procedure, the undersigned profusely apologizes to the Court and if the undersigned is incorrect and a response to Plaintiff's Motion to Strike (DOC 28) addressed to their original responsive pleading (DOC 28) is required, the undersigned would request notice of same and five (5) business days to respond from the date of the notice.

WHEREFORE the Defendants request that this Court accept the foregoing showing of good cause. Furthermore, if the undersigned is incorrect and a response to Plaintiff's Motion to Strike (DOC 28) is still required, the undersigned would request notice of same and five (5) business days to respond from the date of the notice.

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on December 22, 2016, I sent a true and correct copy of the foregoing by E-mail delivery John E. Page, counsel for Plaintiff (jpage@sflp.law) and Bernice C. Lee, counsel for Plaintiff (blee@sflp.law).

    */s/ Agustin R. Benitez*
AGUSTIN R. BENITEZ, ESQUIRE
BENITEZ LAW GROUP, P.L.
Florida Bar # 278130
1223 East Concord Street
Orlando, Florida 32803
(407) 894-5000
(407) 896-8061 (fax)
Primary E-Mail: *Service@ARBenitez.com*
Secondary E-Mail: *Gus@ARBenitez.com*