UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

| | |
|---|---|
| TTT Foods Holding Company LLC, a Florida limited liability company, | x : : : |
| Plaintiff, | : : : |
| v. | : : |
| BEATRICE NAMM, an individual, JONATHAN NAMM, an individual, and DELUXE GOURMET SPECIALTIES LLC, a New Jersey limited liability company, | : : : : |
| Defendants. | : : x |

**MOTION TO STRIKE AMENDED AFFIRMATIVE DEFENSES AND**
**INCORPORATED MEMORANDUM OF LAW**

Plaintiff, TTT Foods Holding Company LLC ("TTT Foods"), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, hereby files this *Motion to Strike Amended Affirmative Defenses and Incorporated Memorandum of Law* (the "Motion"), which requests that the Court strike certain amended affirmative defenses plead by Defendants, Beatrice Namm ("Mrs. Namm"), Jonathan Namm ("Mr. Namm") (together, the "Namms") and Deluxe Gourmet Specialties LLC ("Deluxe") (collectively, the "Defendants") in their *Amended Answer, Affirmative Defenses* [ECF No. 29] filed on December 17, 2016, and in support thereof states as follows:

**FACTUAL BACKGROUND**

1. TTT Foods filed the Amended Complaint on November 2, 2016 (the "Complaint") [ECF No. 8].

{1955/000/00353432}

2. TTT Foods has alleged in the Complaint that Mrs. Namm caused Brooklyn's Best LLC ("Brooklyn's Best"), a company that owes more than $176,001.76 to TTT Foods, to fraudulently transfer more than $99,000 to or for the benefit of the Namms for insufficient consideration. TTT Foods has also alleged that Mrs. Namm breached her fiduciary duties, and that Deluxe and Mrs. Namm should be held liable for Brooklyn's Best's indebtedness to TTT Foods under theories of alter ego, piercing the corporate veil and successor liability.

3. On November 29, 2016, the Defendants filed their *Answer and Affirmative Defenses* (the "Initial Answer"), and on December 5, 2016, TTT Foods filed its *Motion to Strike Affirmative Defenses and Incorporated Memorandum of Law* (the "Initial Motion to Strike") [ECF No. 28] directed at thirteen of the Defendants' affirmative defenses. Instead of filing a response, the Defendants filed an *Amended Answer, Affirmative Defenses* (the "Amended Answer") that raise eighteen affirmative defenses (collectively, the "Amended Defenses") [ECF No. 29].

4. On December 22, 2016, the Court docketed an *Order to Show Cause* as to why the Initial Motion to Strike should not be granted based on Defendants' failure to respond. On December 22, 2016, the Defendants filed a *Response to Order to Show Cause* [ECF No. 32] that alleged that the Amended Defenses rendered the Initial Motion to Strike moot. On December 28, 2016, the Court docketed an Order that denied the Initial Motion to Strike as moot.

5. While the Amended Defenses remove entirely the previously asserted affirmative defenses based on a due process violation, the doctrine of waiver, the doctrine of merger of judgment, and the doctrine against splitting of causes of action, the Twelfth through Fifteenth, Seventeenth and Eighteenth Affirmative Defenses set forth in the Amended Defenses should be stricken as bare bones conclusory allegations, and/or not affirmative defenses.

**ARGUMENT**

6. "The Court has broad discretion in considering a motion to strike under Fed.R.Civ.P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005) (citation omitted). Rule 12(f) of the Federal Rules of Civil Procedure states in part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

7. As this Court has stated, "to constitute an affirmative defense, a defendant must allege some additional facts beyond merely pointing out defects or lack of evidence in the plaintiff's case." *Falzarano v. Retail Brand All., Inc.*, No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008) (granting plaintiff's motion to strike an affirmative defense as insufficient because it did "no more than recite the standard for dismissal under Rule 12(b)(6)[.]"). "By its very definition, '[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance.'" *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d at 1318 (quoting *Will v. Richardson–Merrell, Inc.,* 647 F.Supp. 544, 547 (S.D.Ga.1986)). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (concluding that lack of possession is not an affirmative defense to a seller's reclamation claim because "possession is an integral element of a seller's reclamation claim and therefore is a necessary part of the seller's prima facie case[.]"). Further, "[w]here the affirmative defenses are no more than bare bones conclusory allegations, they must be stricken." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d at 1318 (internal quotations omitted).

8. The Court should strike the Twelfth through Fourteenth Affirmative Defenses because they are not affirmative defenses. They merely point out alleged defects in TTT Foods'

prima facie case or lack of evidence, and are redundant of the Defendants' denials set forth in the Amended Answer. They do not admit the essential facts of the Complaint, and set up other facts in justification of avoidance.

9. The Twelfth Affirmative Defense merely denies TTT Foods' allegations by stating that "Brooklyn's Best LLC was not created or used in order to mislead or defraud Plaintiff, and its corporate veil should not be pierced nor should Defendant Beatrice Namm be found to be its alter ego." Am. Answer ¶ 24. The Defendants' additional statements relating to TTT Foods not requiring Mrs. Namm to sign a guaranty are, if not irrelevant, further attempts to point out defects in TTT Foods' prima facie case. The Twelfth Affirmative Defense does not set up other facts that in justification or avoidance of liability based on alter ego or veil piercing.

10. The Thirteenth Affirmative Defense alleges that "Counts I through IV fail to state a cause of action to establish joint and several liability[,]" which is a mere denial of TTT Foods' allegations. Am. Answer ¶ 25. Similarly, the Fourteenth Affirmative Defense sets forth only denials by stating that "Count V fails to state a cause of action for violation of a fiduciary duty[,]" and "[t]here is no allegation in Count V of ultimate facts to support a cause of action for a violation of fiduciary duty." Am. Answer ¶ 26.

11. The Court should strike the Fifteenth, Seventeenth and Eighteenth Affirmative Defenses because they are bare bones conclusory allegations. The Fifteenth Affirmative Defense alleges that "Bea's Brooklyn's Best LLC is a required and indispensable party to this action and this Court should dismiss this action." Am. Answer ¶ 27. The Defendants, however, fail to allege any fact to support its argument that Brooklyn's Best is a required and indispensable party under Rule 19 of the Federal Rules of Civil Procedure. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1347 (11th Cir. 2011) ("As the party invoking Rule 19, it is his burden to demonstrate which Rule 19(b) factors required dismissal 'in equity and good conscience.'").

4

12. "A party is not necessary simply because joinder would be convenient, or because two claims share common facts." *Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675, 682 (S.D. Fla. 2014). "Rather, an absent party is considered necessary (i) if, in its absence, the court cannot accord complete relief among the existing parties to the action; (ii) if the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (iii) if, due to the absent party's related interest, the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action." *Id*. at 682 (citing Fed.R.Civ.P. 19(a)(1)). The Defendants fail to articulate any reason why the Court might not be able to accord complete relief among the existing parties if Brooklyn's Best is not joined. The Defendants fail to state any interest of Brooklyn's Best relating to the subject of the action that could be prejudiced by its absence. Nor have the Defendants set forth any reason as to how Brooklyn's Best's absence could leave the existing parties at a substantial risk of incurring inconsistent obligations.

13. Instead, the Defendants merely attempt to describe how Brooklyn's Best is involved in the facts surrounding the claims by stating that some of the transfers at issue came from Brooklyn's Best, and that TTT Foods has alleged that Mrs. Namm breached her fiduciary duty to Brooklyn's Best, Mrs. Namm is an alter ego of Brooklyn's Best and Brooklyn's Best's corporate veil should be pierced. Am. Answer ¶ 27. None of these statements are relevant to whether Brooklyn's Best is a necessary or indispensable party. TTT Foods has not asserted any claims against Brooklyn's Best with respect to such transfers, and is not seeking recovery against Brooklyn's Best as a result of such transfers. The fraudulent transfer statutes apply to the recipients of the transfers not the transferors. TTT Foods has alleged that Mrs. Namm, as an officer and director of Brooklyn's Best, owed a fiduciary duty to Brooklyn's Best and its creditors, and breached such duty. TTT Foods is not alleging that Brooklyn's Best owed TTT

Foods a fiduciary duty.  Nor is TTT Foods seeking recovery against Brooklyn's Best for Mrs. Namm's breach of fiduciary duty.  TTT Foods is seeking to hold Mrs. Namm liable for the debts of Brooklyn's Best to TTT Foods under an alter ego and veil piercing theory.  TTT Foods is not seeking recovery against Brooklyn's Best for such debts.  As alleged in the Complaint, TTT Foods already has obtained final judgments against Brooklyn's Best.  *See* Compl. ¶¶ 17-20.

14. The Seventeenth Affirmative Defense alleges in conclusory fashion that "[f]or all the reasons articulated in 12th Affirmative Defense, supra, it would be inequitable to grant Plaintiff any equitable relief."  Am. Answer ¶ 29.  Similarly, the Eighteenth Affirmative Defense merely alleges that "[f]or all the reasons articulated in [sic] 12th Affirmative Defense, supra, Plaintiff [sic] unclean hand and should not be granted equitable relief."  Am. Answer ¶ 30.  The Seventeenth, Eighteenth, and Twelfth Affirmative Defenses, however, fail to allege any instance in which TTT Foods' conduct was wrong, inequitable or could establish that TTT Foods had unclean hands.

WHEREFORE, Plaintiff, TTT Foods requests that this Court enter an Order:

i. Granting the Motion;

ii. Striking the Twelfth, Thirteenth and Fourteenth Affirmative Defenses with prejudice because they are not affirmative defenses and are insufficiently plead;

iii. Striking the Fifteenth, Seventeenth and Eighteenth Affirmative Defenses with prejudice because they are bare bones conclusory allegations; and

iv. Granting TTT Foods any other additional relief that the Court deems just and appropriate.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served by notice of electronic filing via CM/ECF to Gus R. Benitez, Esquire, counsel for the Defendants, 1223 East Concord Street, Orlando, Florida 32803 service@arbenitez.com; Gus@arbenitez.com, and to those other parties registered to receive such service on January 3, 2017.

                                SHRAIBERG FERRARA LANDAU & PAGE, PA
                                Attorneys for TTT Foods
                                2385 NW Executive Center Drive, Suite 300
                                Boca Raton, Florida 33431
                                Telephone: 561-443-0800
                                jpage@sflp.law
                                blee@sflp.law

                                By:   /s/ John E. Page
                                        John E. Page
                                        Florida Bar No. 0860581
                                        Bernice C. Lee
                                        Florida Bar No. 0073535