UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

TTT Foods Holding Company LLC,
a Florida limited liability company,

        Plaintiff,
v.

BEATRICE NAMM, an individual,
JONATHAN NAMM, an individual,
and DELUXE GOURMET
SPECIALTIES LLC, a New Jersey
        Defendants.
_____/

**DEFENDANTS' AMENDED INITIAL DISCLOSURES**

COME NOW the Defendants, BEATRICE NAMM, an individual, JONATHAN NAMM, an individual, and DELUXE GOURMET SPECIALTIES LLC, a New Jersey limited liability company, by and through the undersigned attorneys, and file this their initial disclosure pursuant to *Federal Rule of Civil Procedure Rule* 26(a)(1), and state in support thereof as follows:

**I.    WITNESSES:**

A.    The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subject of the information:

    1.    Beatrice Namm, individually and in her corporate capacity, if any, c/o Agustin R. Benitez, Benitez Law Group, P.L., 1223 East Concord Street, Orlando, Florida 32803. The witness is a defendant in the above-captioned case and has knowledge of facts

concerning the various transfers at issue, facts surrounding the transfers, Deluxe Gourmet Specialties LLC and Bea's Brooklyn's Best LLC's operations and finances, and the allegations underlying the claims and defenses in this case.

2.     Jonathan Namm, c/o Agustin R. Benitez, Benitez Law Group, P.L., 1223 East Concord Street, Orlando, Florida 32803.  The witness is a defendant in the above-captioned case and has some knowledge of facts concerning the some transfers at issue, facts surrounding those particular transfers, and some of the allegations underlying the claims and defenses in this case.

3.     Morton Amster, c/o Agustin R. Benitez, Benitez Law Group, P.L., 1223 East Concord Street, Orlando, Florida 32803.  The witness is the accountant for Deluxe Gourmet Specialties LLC and Bea's Brooklyn's Best LL and has some knowledge of facts concerning the income, expenses, tax returns and financial records of said entities, if any, and some of the allegations underlying the claims and defenses in this case.

4.     Eric Scholer, c/o John E. Page, 2385 NW Executive Center Drive, Suite 300, Boca Raton, Florida 33431.  The witness is known to and available to the Plaintiff, and may be an employee, member, agent and/or manager of Plaintiff.  Plaintiff and its counsel are aware of the information said witness possesses related to the issues raised by the pleadings.  The witness has knowledge of facts concerning the organization and operation of Bea's Brooklyn's Best LLC, the relationship and/or use of Deluxe Gourmet Specialties LLC by Bea's Brooklyn's Best LLC, the knowledge that Plaintiff had as to the operation of Deluxe Gourmet Specialties LLC and Bea's Brooklyn's Best LLC, the business books and records and/or accounting of Bea's

Brooklyn's Best LLC, and/or some of the allegations underlying the claims and/or defenses in this case. The witness was a manager of Bea's Brooklyn's Best LLC.

5. Donald K. Porges, c/o John E. Page, 2385 NW Executive Center Drive, Suite 300, Boca Raton, Florida 33431. The witness is known to and available to the Plaintiff, and may be an employee, member, agent and/or manager of Plaintiff. Plaintiff and its counsel are aware of the information said witness possesses related to the issues raised by the pleadings. The witness has knowledge of facts concerning the organization and operation of Bea's Brooklyn's Best LLC, the relationship and/or use of Deluxe Gourmet Specialties LLC by Bea's Brooklyn's Best LLC, the knowledge that Plaintiff had as to the operation of Deluxe Gourmet Specialties LLC and Bea's Brooklyn's Best LLC, the business books and records and/or accounting of Bea's Brooklyn's Best LLC, and/or some of the allegations underlying the claims and/or defenses in this case. The witness was a manager of Bea's Brooklyn's Best LLC and its accountant.

6. Jesse Deforrest, c/o John E. Page, 2385 NW Executive Center Drive, Suite 300, Boca Raton, Florida 33431. The witness is known to and available to the Plaintiff, and may be an employee, member, agent and/or manager of Plaintiff. Plaintiff and its counsel are aware of the information said witness possesses related to the issues raised by the pleadings. The witness has knowledge of facts concerning the organization and operation of Bea's Brooklyn's Best LLC, the relationship and/or use of Deluxe Gourmet Specialties LLC by Bea's Brooklyn's Best LLC, the knowledge that Plaintiff had as to the operation of Deluxe Gourmet Specialties LLC and Bea's Brooklyn's Best LLC, the business books and records and/or accounting of Bea's

Brooklyn's Best LLC, and/or some of the allegations underlying the claims and/or defenses in this case.

7. Jeff Brandon, c/o John E. Page, 2385 NW Executive Center Drive, Suite 300, Boca Raton, Florida 33431. The witness is known to and available to the Plaintiff, and may be an employee, member, agent and/or manager of Plaintiff. Plaintiff and its counsel are aware of the information said witness possesses related to the issues raised by the pleadings. The witness has knowledge of facts concerning the organization and operation of Bea's Brooklyn's Best LLC, the relationship and/or use of Deluxe Gourmet Specialties LLC by Bea's Brooklyn's Best LLC, the knowledge that Plaintiff had as to the operation of Deluxe Gourmet Specialties LLC and Bea's Brooklyn's Best LLC, the business books and records and/or accounting of Bea's Brooklyn's Best LLC, and/or some of the allegations underlying the claims and/or defenses in this case. The witness was a manager of Bea's Brooklyn's Best LLC.

8. Other witnesses to be learned through discovery.

9. Any witness necessary to lay a foundation, authenticate or identify for the admission of documents, demonstrative exhibits, or other evidence, including records custodians for bank records.

10. Any witness disclosed by any other party.

11. Any witness necessary to rebut or impeach any witness disclosed by any other party.

12. Defendant states that discovery is ongoing and incomplete and reserves the right to amend this list at any time upon discovery of additional witnesses or a determination that

such above listed witnesses are not necessary.

**II.    DOCUMENTS**

  A. A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support it, claims or defenses, unless solely for impeachment:

    1. All documents referenced in the Amended Complaint.

    2. All documents evidencing ownership and/or control of Bea's Brooklyn's Best LLC, since its inception.

    3. All documents evidencing the operation of Bea's Brooklyn's Best LLC, since its inception.

    4. All documents relating to Bea's Brooklyn's Best LLC's members, officers and directors, since its inception.

    5. All documents and correspondence relating to the checks or transfers referenced in the Amended Complaint.

    6. All documents and correspondence relating to any goods or value exchanged in relation to the transfers referenced in the Amended Complaint.

    7. All documents relating to business conducted and payments between Deluxe Gourmet Specialties LLC and its customers and suppliers, and Bea's Brooklyn's Best LLC and its customers and suppliers.

    8. All filings, including, but not limited to, all motions, affidavits, objections, stipulations and orders relating to litigation between Bea's Brooklyn's Best LLC and the

Plaintiff.

9. Correspondence between Deluxe Gourmet Specialties LLC and its customers and suppliers, and Bea's Brooklyn's Best LLC and its customers and suppliers.

10. Correspondence between Plaintiff or its attorney and Deluxe Gourmet Specialties LLC and its customers and suppliers.

11. Correspondence between Plaintiff or its attorney and Bea's Brooklyn's Best LLC and its customers and suppliers.

12. All documents produced by Hughes-Plumer & Associates.

13. All documents produced by Ward Transport & Logistics Corp.

14. All documents produced by YRC Worldwide, Inc.

15. All documents produced by Berner Food & Beverage, Inc.

16. All documents produced by Kaltec Food Packaging, Inc.

17. All documents produced by ActionPak, Inc.

18. All documents produced by Bank of America.

19. All documents produced by WalMart Stores, Inc.

20. All documents produced by Costco Wholesale Corporation.

21. All documents produced by ShopRite/Wakefern Food.

22. All documents produced by Sam's Club.

23. All documents filed, furnished, created or obtained by the Defendant in the above-captioned case, and all related proceedings in any jurisdiction in or outside the United States.

24. All witness statements and/or sworn statements by any party or non-party which pertains to the claims and defenses asserted in this case.

25. All documents filed in this case.

26. All deposition transcripts and exhibits to depositions in the above-captioned case.

27. All documents produced by Plaintiff to the extent not objected to by Defendants.

28. All documents utilized by any Plaintiff in the trial of the above-referenced case.

29. All documents to be used for rebuttal and impeachment purposes.

30. Defendants state that discovery is ongoing and incomplete, and reserves the right to amend or supplement this list of documents at any time prior to trial upon the discovery of additional relevant documents.  Furthermore, Defendants are not waiving any objection to any particular document or evidence listed above by listing it herein, and Defendants reserve all objections to the admissibility at trial of the items referred to herein.

**III.   COMPUTATION OF DAMAGES:** A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered: NOT APPLICABLE TO DEFENDANTS.

**IV.   INSURANCE AGREEMENTS**: For inspection and copying as under Rule 34 any

insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment: Defendants are unaware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this adversary proceeding or to indemnify or reimburse for payments made to satisfy the judgment. Discovery, however, is ongoing, and in the event Defendants become aware of any such insurance agreement after discovery, it will supplement this initial disclosure.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2017, I sent a true and correct copy of the foregoing by E-mail delivery John E. Page, counsel for Plaintiff (jpage@sflp.law) and Bernice C. Lee, counsel for Plaintiff (blee@sflp.law).

*/s/ Agustin R. Benitez*
AGUSTIN R. BENITEZ, ESQUIRE
BENITEZ LAW GROUP, P.L.
Florida Bar # 278130
1223 East Concord Street
Orlando, Florida 32803
(407) 894-5000
(407) 896-8061 (fax)
Primary E-Mail: *Service@ARBenitez.com*
Secondary E-Mail: *Gus@ARBenitez.com*