UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

TTT Foods Holding Company LLC,
a Florida limited liability company,

      Plaintiff,

v.                                                                                        Case No.: 9:16-cv-81798-DMM

BEATRICE NAMM, an individual,
JONATHAN NAMM, an individual,
and DELUXE GOURMET
SPECIALTIES LLC, a New Jersey
limited liability company,

      Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
FILED BY PLAINTIFF (DOC 37) TO OBJECTION TO
SUBPOEANAS AND MOTION FOR PROTECTIVE ORDER (DOC 30)**

COME NOW the Defendants, BEATRICE NAMM, an individual, JONATHAN NAMM, an individual, by and through the undersigned attorneys, and file this their reply to Plaintiff's *Response to Objection to Subpoenas and Motion for Protective Order* (DOC 37), and state in support thereof as follows:

    1.    This case is about certain specific transfers.

    2.    Plaintiff is suing Defendants for the amount of those transfers under the pretense they were fraudulent.

3. The issue before the Court is whether or not the transfers were fraudulent.

4. An issue before the Court **is not** whether or not some of the transfers were deposited in Defendants' bank account, even though that is an undisputed fact, as stated by Plaintiff in Paragraph 11 of DOC 37.

5. If Plaintiff prevails in establishing that the transfers were fraudulent, Plaintiff would be simply entitled to an award of the amount of those transfers.

6. Defendants' personal bank account information, agreements, documents, checks and deposits are irrelevant to the issue of whether or not the transfers were fraudulent, or as to any other issue raised by the pleadings.

7. It should be noted that Defendants have not objected to the other numerous subpoenas issued, including, but not limited to, the subpoenas seeking all of Deluxe Gourmet Specialties LLC's and Bea's Brooklyn's Best LLC's banking records.

8. As to Bea's Brooklyn's Best LLC's bank records: Plaintiff has possession of the actual cancelled checks from Bea's Brooklyn's Best LLC that were deposited in Defendants' bank account, along with the bank statements for that account. Plaintiff has also deposed Bea's Brooklyn's Best LLC's accountant in the State Case in aid of execution, and has obtained of Bea's Brooklyn's Best LLC's business records. Furthermore, Defendants have no objection to Plaintiff subpoenaing any and all records related to Bea's Brooklyn's Best LLC, if Plaintiff is missing any records.

9. As to Deluxe Gourmet Specialties LLC: Defendants filed no objection to the request to obtain all the bank records of Deluxe Gourmet Specialties LLC, which would include all cancelled checks written on that account, including any checks deposited in

Defendants' bank accounts, along with the bank statements for that account and all other information related to that account.

10. Defendants have not objected to any of the other subpoenas issued by Plaintiff, which include subpoenas to the manufacturer, retailers and customers of Deluxe Gourmet Specialties LLC and Bea's Brooklyn's Best LLC; the subpoenas are attached hereto and incorporated herein as Composite Exhibit "A".

11. The only conceivable reason that Plaintiff now seeks the personal bank records of Defendants is to determine whether Defendants have the ability to pay a judgment, should one be awarded to them in this case, or simply to attempt to harass and intimate Defendants by forcing them to disclose their private banking information.

12. Plaintiff's response (DOC 37) fails to allege any reasonable basis to find that the personal bank records of Defendants are otherwise relevant or likely to lead to the discovery of admissible or relevant information.

13. Reviewing Plaintiff's response (DOC 37), there are five (5) reasons articulated by Plaintiff why all the personal banking records of Defendants are discoverable, and why Defendants' State constitutional right to privacy should be violated.

14. Each of those five (5) reasons will be addressed separately.

15. Each reason refers to the "Transfers" and Plaintiff defined "Transfers" as referring to the monies going from Deluxe Gourmet Specialties LLC's and Bea's Brooklyn's Best LLC's bank accounts to Defendants' bank account.

16. Reason One:

    The Bank Records are required and relevant to show that Mrs.

>Namm and/or Mr.Namm received the Transfers for their benefit, and not for the benefit of Brooklyn's Best, Deluxe or any other party. [Paragraph 13 of DOC 37]

As to Reason One, Plaintiff have, or will soon have, all the banking records of Deluxe Gourmet Specialties LLC and Bea's Brooklyn's Best LLC. Those records will established where the monies of those two entities were disbursed. They will also establish to whom the monies was given and where the monies was transferred to or deposited. As to the monies going to Defendants' Bank of America account that forms the subject matter of the subpoena, Plaintiff states in Paragraph 11 of DOC 37 that "[a] copy of a Bank of America account statement ending in 2389 is attached hereto as EXHIBIT B, which shows that said account is titled in the name of Mr. and Mrs. Namm.[footnote omitted]" The account ending in 2389 is the only bank account that Defendants have with Bank of America; there are no other bank accounts. Therefore, there is no factual dispute that the Bank of America bank account that forms the subject matter of the subpoena at issue belongs to Defendants. So the issue of who owns the Bank of America bank account where some of the monies was deposited has already been well established, and Defendants readily and unequivocally admit ownership of that Bank of America account.

17. Reason Two:

>The Bank Records will provide evidence as to the manner in which the Namms received the Transfers and whether they were received in the ordinary course of Brooklyn's Best and Deluxe's business. [Paragraph 13 of DOC 37]

As to Reason Two, there is no way the bank records will provide any evidence as to whether they were received in the ordinary course of Deluxe Gourmet Specialties LLC's and Bea's Brooklyn's Best LLC's businesses. As to the manner in which the Transfers were obtained or received, that

will be established through the bank records of Deluxe Gourmet Specialties LLC's and Bea's Brooklyn's Best LLC's bank accounts.

18. Reason Three:

> The Bank Records will provide evidence as to whether received reasonably equivalent value was provided, whether the Transfers were taken in good faith and whether the Transfers were made in the exercise of good judgment, including but not limited to what the funds were used to purchase and whether the purchases relate to Brooklyn's Best and/or Deluxe's business. [Paragraph 13 of DOC 37]

As to Reason Three, it seems that Plaintiff is so desperate to try to legitimize the blanket subpoena of all of the personal banking records of Defendants that Plaintiff seems to have imposed upon itself some kind of an obligation to establish Defendants' defenses.  If Defendants believe that any check, deposit or transaction would show equivalent value, good faith and the exercise of good judgment, Defendants will then produce the check, deposit or transaction to Plaintiff.  For Plaintiff to advance such a basis to indulge in a fishing expedition that would clearly violate Defendants' constitutional privacy right to their private banking records is unreasonable.

19. Reason Four:

> The Bank Statements are relevant to show whether the Namms gave value before or after the Transfers were made, and whether the Transfers were made in a good faith effort to rehabilitate Brooklyn's Best, including but not limited to whether the Namms provided funds from their bank account to or for the benefit of Brooklyn's Best. [Paragraph 13 of DOC 37]

As to Reason Four, Plaintiff again tries to justify the blanket subpoena of all of the bank records of Defendants by pretending that it has some kind of an obligation to establish Defendants'

defenses. If Defendants believe that any check, deposit or transaction would show equivalent value, good faith or the exercise of good judgment, Defendants will then produce the check, deposit or transaction. For Plaintiff, at this point, to advance such a basis to justify indulging in a fishing expedition that clearly violates Defendants' constitutional privacy right to their private banking records is unreasonable.

20. Reason Five:

> The Bank Statements are relevant to show whether the Transfers were provided to the Namms in the interest of Brooklyn's Best, and whether Mrs. Namm exercised her business judgment. [Paragraph 13 of DOC 37]

As to Reason Five, there is no way the bank records will provide any evidence as to "whether the Transfers were provided to the Namms in the interest of Brooklyn's Best [or] whether Mrs. Namm exercised her business judgment." How can the deposit of the transfers into Defendants' bank account possibly establish any such fact?

21. In conclusion, the private banking records of Defendants are irrelevant.

22. There is no record support for the notion that Defendants' private banking records are relevant in this case and Plaintiff's arguments to the contrary are untenable.

23. There is also no record support for a finding that Plaintiff has a need for Defendants' private banking records in order to establish its claim that the Transfers were fraudulent; in fact, there is no such need.

24. Therefore, this Court should not infringe on Defendants' State constitutional right to privacy by allowing Plaintiff's fishing expedition without substantial record support for a finding of relevancy and need that would allow such an intrusion, which

record support clearly does not exist in this case.

WHEREFORE the Defendants request that this Court quash the subpoena or, in the alternative, restrict the subpoena as appropriate to minimize the intrusion into Defendants' State constitutional right to privacy. Defendants request all further relief deemed appropriate by the Court.

>*/s/ Agustin R. Benitez*
>AGUSTIN R. BENITEZ, ESQUIRE
>BENITEZ LAW GROUP, P.L.
>Florida Bar # 278130
>1223 East Concord Street
>Orlando, Florida 32803
>(407) 894-5000
>(407) 896-8061 (fax)
>Primary E-Mail: *Service@ARBenitez.com*
>Secondary E-Mail: *Gus@ARBenitez.com*