UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

TTT Foods Holding Company LLC,
a Florida limited liability company,
                    Plaintiff,
v.

BEATRICE NAMM, an individual,
JONATHAN NAMM, an individual,
and DELUXE GOURMET
SPECIALTIES LLC, a New Jersey
limited liability company,
                    Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO STRIKE AFFIRMATIVE DEFENSES (DOC 36)**

COME NOW the Defendants, BEATRICE NAMM, an individual, JONATHAN NAMM,

an individual, by and through the undersigned attorneys, and file this their reply to Plaintiff's

*Motion to Strike Amended Affirmative Defenses and Incorporated Memorandum of Law* (DOC

36), and state in support thereof as follows:

**APPLICABLE LEGAL STANDARD**

*Federal Rule of Civil Procedure* 12(f) provides that a "court may strike from a pleading

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R.

Civ. P.* 12(f). However, "'[a] motion to strike is a drastic remedy,' which is disfavored by the

courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla.

2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868

(5th Cir. 1962)).  Accordingly, motions to strike are usually "denied unless the allegations have

no possible relation to the controversy and may cause prejudice to one of the parties." Id. (internal quotation marks omitted); *see also In re Se. Banking Corp. Sec. & Loan Loss Reserves Litig.*, 147 F. Supp. 2d. 1348, 1355 (S.D. Fla. 2001).

An affirmative defense is one that admits to the allegations of the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). An affirmative defense will only be stricken if it is insufficient as a matter of law. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Id. (citations omitted).

Affirmative defenses are also subject to the general pleading requirements of *Federal Rule of Civil Procedure* 8. *Federal Rule of Civil Procedure* 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." *Fed. R. Civ. P.* 8(b)(1)(A). Although *Federal Rule of Civil Procedure* 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

## RESPONSE

1.     Plaintiff's *Motion to Strike Amended Affirmative Defenses and Incorporated Memorandum of Law* (DOC 36) seeks to strike the 12th , 13th, 14th, 15th, 17th, and 18th Affirmative Defenses.

2.      The 12th Affirmative Defense provides the factual basis for the 17th and 18th Affirmative Defenses.

3.      The factual allegation applicable to all three (3) aforementioned affirmative defenses follow.

4.      Bea's Brooklyn's Best LLC was organized and established by Plaintiff in 2012 in order to carry on the business of Defendant DELUXE GOURMET SPECIALTIES, INC., a company owned by Defendant BEATRICE NAMM.

5.      Bea's Brooklyn's Best LLC was operated and controlled by Plaintiff until March of 2015.

6.      Plaintiff had full control of all the books and records of Bea's Brooklyn's Best LLC and controlled all financial aspects of said entity.

7.      In January 2, 2015, Defendant BEATRICE NAMM sued two of the principles of Plaintiff, Jeffrey Brandon and Eric Scholer, for violating the Asset Purchasse Agerement dated December 11, 2012, which agreement was the operative agreement that resulted in the organization of Bea's Brooklyn's Best LLC in 2012; attached hereto as Exhibit "A" is a copy of the complaint filed in that lawsuit.

8.      On or about March 27, 2015, as part of settlement negotiations of the aforementioned lawsuit, Plaintiff relinquished control of Bea's Brooklyn's Best LLC to Defendant BEATRICE NAMM, in exchange for certain promissory notes to be paid exclusively by Brooklyn's Best LLC.

9.      At that time, Plaintiff was represented by a group of attorneys who drafted

the promissory note, which group of attorneys included John Page and Bernice Lee, the two (2)
attorneys representing Plaintiff in this case.

10.     Defendant BEATRICE NAMM did not sign or otherwise guarantee
repayment of the promissory notes.

11.     Instead, Plaintiff agreed to accept the risks and consequences of
Brooklyn's Best LLC not repaying the said notes and Plaintiff knowingly and intentionally
forfeited its ability to recover, in the event of a default, directly from Defendant Beatrice Namm.

12.     By May of 2015, less than two (2) months after the notes were signed,
Plaintiff declared Bea's Brooklyn's Best LLC in default, accelerated all amounts owed, and filed
suit in State Court on the notes.

13.     Again, this occurred less than two months after the notes were signed.

14.     Not only that, on or about June 1, 2015, Plaintiff began contacting all
customers of Bea's Brooklyn's Best LLC demanding that the customers make all future
payments owed to Bea's Brooklyn's Best LLC directly to Plaintiff's attorneys' trust account,
telling the customers that Bea's Brooklyn's Best LLC was in default under the note (Plaintiff
even provided the customers with copies of the notes); a copy of what was actually sent to Bea's
Brooklyn's Best LLC's customers is attached hereto and incorporated herein as Exhibit "B".

15.     Plaintiff's aforementioned conduct significantly interfered with the
business relationship between Bea's Brooklyn's Best LLC and its customers, and directly
affected Bea's Brooklyn's Best LLC's ability to continue to operate.

16.     It also resulted in the filing of a counterclaim by Bea's Brooklyn's Best

LLC in the State Court proceedings, which counterclaim is attached hereto and incorporated herein  as Exhibit "C".

17.     It should come as no surprise that (1) Bea's Brooklyn's Best LLC no longer does business, and (2) that its only and exclusive product, a barbecue sauce sold mainly in Costco, Sams and Walmart, is no longer sold anywhere by anyone.

18.     Now Plaintiff wants this Court to hold Defendant BEATRICE NAMM personally liable for the promissory notes, even though Plaintiff entered into the contractual relationship created by the promissory notes knowing everything there was to know about the operation of Brooklyn's Best LLC, Defendant BEATRICE NAMM and Defendant DELUXE GOURMET SPECIALTIES LLC, and Plaintiff, at all material time, was fully informed and never misled.

19.     Plaintiff now seeks, inequitably and in bad faith, with unclean hands and in violation of the principal that he who seeks equity should do equity, to hold Defendant BEATRICE NAMM liable for the notes she never agreed to guarantee, after Plaintiff accelerated the notes less than two months after they were initially delivered and interfered with Bea's Brooklyn's Best LLC's customers and ability to continue to operate.

20.     Plaintiff now seeks to obtain what they could not, and did not, obtain through negotiations, to wit: to hold Defendant BEATRICE NAMM personally liable for the promissory notes, after effectively destroying her business.

21.     The foregoing facts are well know to Plaintiff and its attorneys and most of the facts, if not all, are undisputed.

22.     Defendants submit that the foregoing provides an adequate factual basis to support the equitable defenses alleged in the 12th, 17th and 18th Affirmative Defenses, and that Plaintiff and its attorneys have adequate notice of the basis for the equitable defenses, and the Court should not strike the said defenses.

23.     However, if the Court finds that the allegations contained in the Amended Complaint are insufficient as a matter of law, Defendants request leave to file an amended pleading curing the deficiencies.

24.     There is no prejudice to Plaintiff by allowing the amendment.

25.     As to the 13th Affirmative Defense, it alleges that there is no joint and several liability under §§726.105 or 726.106, *Florida Statutes* (2016).

26.     That is an affirmative defense because the law is that Defendants cannot be held joint and severally liable for the damages awarded, regardless of whether or not Plaintiff proves a fraudulent transfer.

27.     As to the 14th Affirmative Defense, Defendants are alleging as an affirmative defense there is no "duty of loyalty", "duty of care" or "duty to act in good faith [or] in the best interest of" owed to Plaintiff by Defendant BEATRICE NAMM, and that Plaintiff's Count V fails to state a cause of action.

28.     It is submitted that Defendant BEATRICE NAMM has the obligation to allege same in their responsive pleading as a defense because even if Plaintiff was to prove everything alleged in its Count V, Defendants would still not be liable because they have none of the duties alleged; simply denying the allegations may not be sufficient and out of an abundance

of caution Defendants have pled it as an affirmative defense.

29.     Furthermore, it should be noted that the defense of failure to state a claim is specifically identified under *Federal Rule of Civil Procedure* 12(b)(6) as one that may be raised in either the responsive pleading or by motion.

30.     *Federal Rule of Civil Procedure* 12(b)(6) provides that "a party may assert the following defenses by motion: ... (6) failure to state a claim upon which relief can be granted[.]"

31.     Therefore, Defendants have alleged the defense of failure to state a cause of action as to Count V and same should not be stricken.

32.     As to the 15th Affirmative Defense, Defendants allege that Plaintiff has failed to joint a non-diverse indispensable required party, to wit: Bea's Brooklyn's Best LLC.

33.     Unquestionably, that established affirmative defense and should not be stricken.

34.     It seems difficult to imagine how Bea's Brooklyn's Best LLC could not be found to be an indispensable party to Plaintiff's claim that Bea's Brooklyn's Best LLC made certain transfers that were fraudulent (i.e., Counts I-IV), or that  Bea's Brooklyn's Best LLC owed Plaintiff certain fiduciary duties and that those duties were breached by Defendant BEATRICE NAMM in her corporate capacity as manager Bea's Brooklyn's Best LLC (i.e., Count V), or that Defendant BEATRICE NAMM is either the *alter ego* of Bea's Brooklyn's Best LLC or that the corporate veil of Bea's Brooklyn's Best LLC should be pierced (i.e., Count VII).

35.     Regardless of whether Defendants will prevail, the 15th Affirmative

Defense is a viable affirmative defense that should not be stricken at this stage of the proceedings.

36.     In conclusion, as pointed out earlier, a motion to strike affirmative defenses is a drastic remedy which is disfavored by the courts and motions to strike are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.

37.     In this case, the defenses are all related to the issues before the Court and there is no prejudice to Plaintiff by allowing the defenses to stand.

38.     For all the foregoing reasons discussed throughout this response, and considering the applicable law, it is submitted that the Plaintiff's *Motion to Strike Amended Affirmative Defenses and Incorporated Memorandum of Law* (DOC 36) should be denied.

WHEREFORE the Defendants request that this Court deny Plaintiff request to strike Defendants' 12th , 13th, 14th, 15th, 17th, and 18th Affirmative Defenses.  In the alternative, Defendants request leave to amend their pleading to cure any deficiencies.

*/s/ Agustin R. Benitez*
AGUSTIN R. BENITEZ, ESQUIRE
BENITEZ LAW GROUP, P.L.
Florida Bar # 278130
1223 East Concord Street
Orlando, Florida 32803
(407) 894-5000
(407) 896-8061 (fax)
Primary E-Mail: *Service@ARBenitez.com*
Secondary E-Mail: *Gus@ARBenitez.com*