# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 16-cv-81798-MIDDLEBROOKS

TTT FOODS HOLDING COMPANY LLC,

      Plaintiff,

v.

BEATRIC NAMM, JONATHAN NAMM, and
DELUXE GOURMET SPECIALTIES, LLC,

      Defendants.

_____/

### ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

THIS CAUSE comes before the Court upon Defendants Beatrice and Jonathan Namm's (the "Namms") Motion for Protective Order ("Motion"), filed on December 21, 2016. (DE 30). Plaintiff TTT Foods Holding Company LLC ("Plaintiff") filed its response on January 4, 2017 (DE 37), to which Defendants replied on January 13, 2017 (DE 43). On December 16, 2016, Plaintiff issued a subpoena to Bank of America, N.A. ("Subpoena"). Request numbers one and two seek copies of all statements, deposit tickets, wire instructions, withdrawal slips, and documents related to opening new accounts for all accounts in the name of Beatrice Namm, Jonathan Namm, or Deluxe Gourmet Specialties, LLC ("Deluxe") from March 1, 2015 to the present. The Namms move to quash these requests as to Beatrice and Jonathan Namm, arguing that their bank records are irrelevant and protected by Fla. Stat. § 655.059(2)(b) and Florida's Constitutional right to privacy. For reasons stated below, the Namms' Motion is denied.

Rule 26(b) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Plaintiff has alleged that Beatrice Namm, as the sole member and manager of Brooklyn's Best LLC ("Brooklyn's Best"), caused Brooklyn's Best, a company that allegedly owes more than $176,001.76 to Plaintiff, and Deluxe, an alter ego and successor of Brooklyn's Best, to fraudulently transfer more than $99,000 to or

for the benefit of Beatrice Namm and Jonathan Namm for insufficient consideration.  Plaintiff also alleges that Beatrice Namm breached her fiduciary duties by transferring funds owed to Brooklyn's Best's creditors for her personal benefit.  Finally, Plaintiff alleges that Beatrice Namm should be held liable for Brooklyn's Best's indebtedness to Plaintiff under a theory of alter ego because she treated Brooklyn's Best's assets as her own personal assets.  In their defense, the Namms assert that the transfers were made in the ordinary course of business, in a good faith effort to rehabilitate Brooklyn's Best, and that the Namms are entitled to an offset based on the value they gave to Brooklyn's Best in exchange for the transfers.  In support of its claims, Plaintiff offers the bank records of Brooklyn's Best, showing multiple transfers to accounts in the name of Beatrice and Jonathan Namm after Brooklyn's Best became indebted to Plaintiff. (DE 37, Exhibits A and B).

Beatrice and Jonathan Namm's bank records are relevant to Plaintiff's claims of (1) fraudulent transfer, (2) breach of fiduciary duty, and (3) alter ego liability, and to the Namms' affirmative defenses.  For example, the Namms' bank account activity is relevant to show whether Beatrice Namm improperly transferred funds for her personal benefit that should have been used to pay Brooklyn Best's creditors. *See Wiand v. Lee*, 753 F.3d 1194, 1199-1200 (11th Cir. 2014) (To prove a fraudulent transfer, the Receiver must demonstrate that "(1) there was a creditor to be defrauded; (2) a debtor intending fraud; and (3) a conveyance of property which could have been applicable to the payment of the debt due."); *see also Diamond Int'l Corp. v. SJH Enterprises, Inc.*, 487 So. 2d 1089, 1091 (Fla. 5th DCA 1986) ("To permit directors to use their fiduciary position and inside knowledge to obtain preferential treatment at the expense of third party creditors is manifestly unfair.").  In addition, the bank activity may show that Beatrice Namm failed to maintain corporate independence, including by failing to keep funds separate. *See, e.g., Sec. & Exch. Comm'n v. Torchia*, No. 1:15-CV-3904-WSD, 2016 WL 6212002, at *3 (N.D. Ga. Oct. 25, 2016) (holding commingling of funds and treatment by an individual of corporate assets as his own are relevant factors for determining whether to pierce the corporate veil based on the theory of alter

ego).  Accordingly, the Court finds that the subpoenaed records are relevant to the Parties' claims and defenses.

Defendants argue that Fla. Stat. § 655.059(2)(b) and Florida's Constitutional right to privacy preclude the disclosure of their confidential financial documents.  While § 655.059(2)(b) does require a financial institution to keep confidential books and records of deposit accounts "except upon express authorization of the account holder," it carves out an exception for disclosures permitted under 15 U.S.C. § 6802, which includes the disclosure of information to comply with a properly authorized civil subpoena. *See* Fla. Stat. § 655.059(2)(b).  Defendants do not argue that the Subpoena was not properly authorized, and accordingly § 655.059(2)(b) does not prevent disclosure of the Namms' financial documents pursuant to the issued subpoena.

"Article I, section 23, of the Florida Constitution protects the financial information of persons if there is no relevant or compelling reason to compel disclosure."  *Rowe v. Rodriguez-Schmidt*, 89 So. 3d 1101, 1103 (Fla. 2d DCA 2012) (citing *Borck v. Borck*, 906 So. 2d 1209, 1211 (Fla. 4th DCA 2005)). "But, 'where materials sought by a party would appear to be relevant to the subject matter of the pending action, the information is fully discoverable.'"  *Elsner v. E-Commerce Coffee Club*, 126 So. 3d 1261, 1263 (Fla. 4th DCA 2013) (citing *Bd. of Trs. of the Internal Improvement Trust Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 458 (Fla. 2012)).  The party seeking discovery must provide a "reasonable evidentiary basis" for the relevancy of the financial discovery.  *Rowe*, 89 So. 3d at 1103; *Elsner v. E-Commerce Coffee Club*, 126 So. 3d 1261, 1264 (Fla. 4th DCA 2013).  Although some Florida courts have suggested that an evidentiary hearing is always required to determine the relevance of financial information, later cases have distinguished those opinions as cases in which there was no evidence to support the relevance of the discovery sought.[1]  *Compare Spry*, 985 So. 2d at 1188-89 ("The relevance of financial information should be determined only after an evidentiary hearing. . . . .") *and Rowe*, 89 So. 3d at 1103-04 (same) *with Elsner*, 126 So. 3d at 1263 ("declin[ing] to adopt a *per se* rule requiring a trial

---

[1] In addition, Defendants do not request an evidentiary hearing.

court always to conduct an evidentiary hearing before ordering financial discovery from a party" and distinguishing *Spry* and *Rowe* as cases in which there was a lack of any evidence supporting relevance) *and Rosen v. McCobb*, 192 So. 3d 576, 578-79 (Fla. 4th DCA 2016) (citing *Elsner* for proposition that evidentiary hearing is only required where there was no evidence to support the relevance of the discovery sought).  Other factors to consider in determining whether an evidentiary hearing is required include whether the information sought belongs to a party or non-party, and whether the pleadings make clear that the information is relevant. *Inglis v. Casselberry*, 200 So. 3d 206, 211 (Fla. 2d DCA 2016), *reh'g denied* (Sept. 2, 2016).

Here, the financial records sought belong to Parties, Beatrice and Jonathan Namm, and, as discussed above, the pleadings make clear the information is relevant.  Thus, as long as Plaintiff provides a reasonable evidentiary basis for the relevancy of the Namms' financial documents, no evidentiary hearing is required.  Here, Plaintiff has provided evidence in the form of bank records of Brooklyn's Best, showing multiple transfers to accounts in the name of Beatrice and Jonathan Namm after Brooklyn's Best became indebted to Plaintiff.  (DE 37, Exhibits A and B).  Because the Court finds that the information sought is relevant, Florida's Constitutional right to privacy does not preclude its discovery.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Namms' Motion (DE 30) is **DENIED.** Bank of America, N.A. must produce all documents responsive to the Subpoena, request numbers one and two, **within 7 days of entry of this Order,** in order for Plaintiff to have access to documents necessary to prepare its expert report.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this *19* day of January, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:        Counsel of Record