UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

|  | x |
|---|---|
| TTT Foods Holding Company LLC, | : |
| a Florida limited liability company, | : |
|  | : |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : |
| BEATRICE NAMM, an individual, | : |
| JONATHAN NAMM, an individual, and | : |
| DELUXE GOURMET SPECIALTIES LLC, a | : |
| New Jersey limited liability company, | : |
|  | : |
| Defendants. | : |
|  | x |

**REPLY IN SUPPORT OF MOTION TO STRIKE AMENDED AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, TTT Foods Holding Company LLC ("TTT Foods"), hereby files its *Reply in Support of Motion to Strike Amended Affirmative Defenses and Incorporated Memorandum of Law*, and in support thereof states as follows:

1. Beatrice Namm ("Mrs. Namm"), Jonathan Namm and Deluxe Gourmet Specialties LLC (collectively, the "Defendants") filed the *Defendants' Response to Plaintiff's Motion to Strike Affirmative Defenses (DOC 36)* [ECF No. 44] (the "Response") on January 13, 2017 in response to TTT Foods' *Motion to Strike Amended Affirmative Defenses and Incorporated Memorandum of Law* (the "Motion") [ECF No 36], which seeks to strike the Twelfth through Fifteenth, Seventeenth and Eighteenth Affirmative Defenses set forth in the Amended Answer.[1]

---

[1] Capitalized terms not defined herein shall have the meanings provided for in the Motion.

{1955/000/00354655}

2. The Motion seeks to strike the Seventeenth and Eighteenth Affirmative Defenses because they are bare bones conclusory allegations, which allege that it would be inequitable to grant TTT Foods relief and TTT Foods has unclean hands. Am. Answer ¶ 29, 30. The Defendants' additional factual allegations in support of these defenses raised in paragraphs 4 through 20 are improperly raised through the Response, are disputed by TTT Foods and do not support affirmative defenses of equity and unclean hands.

3. Assuming the Court were to allow the Defendants leave to file a second amended answer, the allegations made in paragraphs 4 through 20 of the Response do not support equity or unclean hands defenses and such amendment would be futile.

4. "Generally, the conduct constituting the 'unclean hands' must be connected with the matter in litigation ...." *Pennington v. Pennington*, 390 So.2d 809, 810 (Fla. 5th DCA 1980) (holding that it was improper for trial court to rely upon clean hands doctrine and husband's failure to pay child support through the clerk of court as required by settlement agreement to support its refusal to hold wife in contempt for failure to convey her interest in marital home). To assert the defense, the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted and that the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by the plaintiff's conduct. *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450–51 (11th Cir.1993).

5. The allegations raised in paragraphs 4 through 20 of the Response have nothing to do with the allegations in the Complaint. The essence of the Complaint is that Beatrice Namm engaged in fraudulent conduct individually and through her companies after TTT Foods' claims arose against Brooklyn's Best in order to avoid paying TTT Foods. Specifically, the Complaint asserts that after March 27, 2015, Mrs. Namm caused Brooklyn's Best to fraudulently transfer assets to and/or for the benefit of her and her husband, that Mrs. Namm breached her fiduciary

duty to the creditors of Brooklyn's Best, defrauded Brooklyn's Best's creditors by conducting business through successor entities and seeks to hold Mrs. Namm liable on the judgment in favor of TTT Foods based upon alter ego.

6. The allegations made in paragraphs 4 through 11 of the Response pre-date the acts complained of in the Complaint. Moreover, none of the allegations in paragraphs 4 through 11 show unclean hands on the part of TTT Foods or that it would be inequitable to grant judgment in favor of TTT Foods. Those allegations merely show that TTT Foods and Mrs. Namm used to be in business together, a dispute arose that was settled, which gave way to TTT Foods' claims against Brooklyn's Best.

7. Paragraphs 12 through 20 of the Response merely allege that TTT Foods took action to collect on a debt owed by Brooklyn's Best after Brooklyn's Best's default. Said allegations were the subject of Brooklyn's Best's counterclaims against TTT Foods and were voluntarily dismissed. The Notice of Voluntary Dismissal of said counterclaims is attached hereto as **Exhibit "A."** The state court's order regarding said dismissal and authorizing TTT Foods to execute on its judgment is attached as Exhibit C to the Complaint.

8. The inequity asserted in the seventeenth affirmative defense appears to be a denial of the alter ego relief TTT Foods seeks in Count VII of the Complaint. However, there are no additional facts cited in the Amended Defenses or the Response that supports the Seventeenth Affirmative Defense. Moreover, the undersigned has not found any support in the law for an affirmative defense of inequity. It appears to be a denial.

9. The Motion seeks to strike the Twelfth Affirmative Defense because the Defendants are merely denying TTT Foods' allegations by stating that "Brooklyn's Best LLC was not created or used in order to mislead or defraud Plaintiff, and its corporate veil should not be pierced nor should Defendant Beatrice Namm be found to be its alter ego." Am. Answer ¶ 24.

Nothing set forth in the Response changes the conclusion that the Twelfth Affirmative Defense merely points out alleged defects in TTT Foods' prima facie case or lack of evidence, and are redundant of the Defendants' denials set forth in their Amended Answer. Nothing in the Response sets up other facts in justification or avoidance of liability based on alter ego or veil piercing. The Court should strike this defense.

10. The Motion seeks to strike the Thirteenth Affirmative Defense because it states that "Counts I through IV fail to state a cause of action to establish joint and several liability[,]" and constitutes a mere denial of TTT Foods' allegations. Am. Answer ¶ 25. In the Response, the Defendants allege that the "law is that Defendants cannot be held jointly and severally liable for the damages awarded, regardless of whether or not Plaintiff proves a fraudulent transfer." Resp. ¶ 26. Such statement, however, is inaccurate. In *Pollizzi v. Paulshock*, the Fifth DCA concluded that while in a proceedings supplementary action under section 56.29 of the Florida Statutes, it would be procedurally improper to hold third-party defendants jointly and severally liable for improperly transferring the judgment debtors' funds, "[i]f the judgment creditor initiated an independent action against the third-party defendants to recover these monies through a cause of action such as fraudulent conveyance, fraud, or conspiracy, a basis might exist for joint and several liability." 52 So. 3d 786, 790 n. 2 (Fla. Dist. Ct. App. 2010); *see In re IVDS Interactive Acquisition Partners*, 302 F. App'x 574, 576 (9th Cir. 2008) (concluding that "[j]oint and several liability is appropriate under Florida law against joint tortfeasors acting in concert or through independent acts to produce a single injury" and "[b]ecause the jury found that the [appellants] worked in concert with the other defendants to perform a fraudulent transfer, joint and several liability is an appropriate remedy against them.) (citations omitted). This defense is a mere denial that the Court should strike.

4

{1955/000/00354655}

11. The Motion seeks to strike the Fourteenth Affirmative Defense because it only sets forth denials by stating that "Count V fails to state a cause of action for violation of a fiduciary duty[,]" and "[t]here is no allegation in Count V of ultimate facts to support a cause of action for a violation of fiduciary duty." Am. Answer ¶ 26. The Response does not change this conclusion and mistakenly states that "even if Plaintiff was to prove everything alleged in its Count V, Defendants would still not be liable because they have none of the duties alleged[.]" TTT Foods has alleged in Count V of the Complaint that "[a]s the manager and member of Brooklyn's Best, Mrs. Namm owed a fiduciary duty to Brooklyn's Best, and Brooklyn's Best creditors, including TTT Foods, in the event of insolvency and when Brooklyn's Best is within the vicinity of insolvency." Compl. ¶ 81. Thus, if TTT Foods proved everything alleged in Count V, it would prove that Mrs. Namm owed a fiduciary duty to TTT Foods. The Court should strike this defense as a denial.

12. The Motion seeks to strike the Fifteenth Affirmative Defense because it constitutes a bare bones conclusory allegation. In the Response, the Defendants fail to allege any fact to support its argument that Brooklyn's Best is a required and indispensable party under Rule 19 of the Federal Rules of Civil Procedure. The Defendants merely reiterate their allegations in the Amended Answer. They fail to address the applicable standard and they fail to provide any statement as to: i) why the Court might not be able to accord complete relief among the existing parties if Brooklyn's Best is not joined; ii) any interest of Brooklyn's Best relating to the subject of the action that could be prejudiced by its absence, and iii) how Brooklyn's Best's absence could leave the existing parties at a substantial risk of incurring inconsistent obligations. The Court should strike this defense as a bare bones conclusory allegation.

WHEREFORE, Plaintiff, TTT Foods requests that this Court enter an Order providing for all relief sought in the Motion.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by notice of electronic filing via CM/ECF to Gus R. Benitez, Esquire, counsel for the Defendants, 1223 East Concord Street, Orlando, Florida 32803 service@arbenitez.com; Gus@arbenitez.com, and to those other parties registered to receive such service on January 20, 2017.

    SHRAIBERG FERRARA LANDAU & PAGE, PA
    Attorneys for TTT Foods
    2385 NW Executive Center Drive, Suite 300
    Boca Raton, Florida 33431
    Telephone: 561-443-0800
    jpage@sflp.law
    blee@sflp.law

    By:  /s/ John E. Page
        John E. Page
        Florida Bar No. 0860581
        Bernice C. Lee
        Florida Bar No. 0073535

{1955/000/00354655}

EXHIBIT "A"

```
                                        IN THE CIRCUIT COURT OF THE
                                        15th JUDICIAL CIRCUIT, IN AND
                                        FOR PALM BEACH COUNTY, FLORIDA
```

TTT FOODS HOLDING COMPANY LLC,
    Plaintiff,

v.                                      CASE NUMBER: 15-CA-6286

BEA'S BROOKLYN'S BEST, LLC,
    Defendant.
_____/

## NOTICE OF DISMISSAL WITHOUT PREJUDICE

    COMES NOW Defendant BEA'S BROOKLYN'S BEST, LLC, by and through its attorney, and files this notice of dismissal <u>without</u> prejudice of its counterclaims, pursuant *Florida Rule of Civil Procedure* 1.420.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing was delivered on April 18, 2016, electronically filed with the Clerk of the Court by using the Florida e-Portal filing system, which system will send a notice of electronic filing to all attorneys of record.

                                    **BENITEZ LAW GROUP, P.L.**

By:   */s/ Gus R. Benitez*
        GUS R. BENITEZ, ESQUIRE
        Florida Bar # 278130
        1223 East Concord Street
        Orlando, Florida 32803
        (407) 894-5000
        (407) 896-8061 (fax)
        Primary E-Mail: *Service@ARBenitez.com*
        Secondary E-Mail: *Gus@ARBenitez.com*