UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 16-cv-81798-MIDDLEBROOKS

TTT FOODS HOLDING COMPANY LLC,

    Plaintiff,

v.

BEATRIC NAMM, JONATHAN NAMM, and
DELUXE GOURMET SPECIALTIES, LLC,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE

THIS CAUSE comes before the Court upon Plaintiff TTT Foods Holding Company, LLC's ("Plaintiff") Motion to Strike Amended Affirmative Defenses ("Motion"), filed on January 3, 2017. (DE 36). Defendants Beatrice Namm, Jonathan Namm, and Deluxe Gourmet Specialties, LLC ("Deluxe") ("Defendants") filed a Response on January 13, 2017 (DE 44), to which Plaintiff replied on January 20, 2017 (DE 46). For reasons stated below, Plaintiff's Motion is granted in part and denied in part.

### I. Background

In the Amended Complaint, Plaintiff alleges that Beatrice Namm, as the sole member and manager of Brooklyn's Best LLC ("Brooklyn's Best"), caused Brooklyn's Best, a company that allegedly owes more than $176,001.76 to Plaintiff, and Deluxe, an alter ego and successor of Brooklyn's Best, to fraudulently transfer more than $99,000 to or for the benefit of Beatrice Namm and Jonathan Namm in violation of the Florida Uniform Fraudulent Transfer Act ("FUFTA"). (DE 8). Plaintiff also alleges that Beatrice Namm breached her fiduciary duties to Plaintiff by transferring funds owed to Brooklyn's Best's creditors for her personal benefit. Finally, Plaintiff alleges that Beatrice Namm should be held liable for Brooklyn's Best's indebtedness to Plaintiff under a theory of alter ego because she treated Brooklyn's Best's assets as her own personal assets.

Plaintiff moves to strike the follow five affirmative defenses, asserted in Defendants' Amended Answer (DE 29):

(1) Affirmative defense number 12, asserting that Beatrice Namm is not Brooklyn's Best's alter ego because Brooklyn's Best was not created to defraud, but rather was created by Plaintiff, who relinquished ownership to Beatrice Namm in exchange for the promissory notes that gave rise to the debt that Plaintiff now seeks to collect. Defendants assert that Plaintiff knowingly entered a contractual relationship with Brooklyn's Best and knowingly did not require Beatrice Namm to sign or guarantee the promissory notes, but nevertheless now seek to hold Beatrice Namm liable;

(2) Affirmative defense number 13, asserting that Plaintiff's fraudulent transfer counts, which seek to hold Defendants jointly and severally liable, fail to state a cause of action because FUFTA does not permit joint and several liability;

(3) Affirmative defense number 14, asserting that Plaintiff's breach of fiduciary duty count fails to state a cause of action because Plaintiff does not allege any facts showing that Beatrice Namm owed Plaintiff a duty of care;

(4) Affirmative defense number 15, asserting that Plaintiff failed to join a non-diverse indispensable party, Brooklyn's Best, because Plaintiff alleges that Brooklyn's Best made the fraudulent transfers at issue, that Brooklyn's Best owed Plaintiff certain fiduciary duties, and that Brooklyn's Best's corporate veil should be pierced;

(5) Affirmative defense number 17, asserting it would be inequitable to grant Plaintiff equitable relief because Plaintiff created and then relinquished ownership of Brooklyn's Best in exchange for the promissory notes that gave rise to the debt, that Plaintiff signed these notes with Brooklyn's Best in full awareness of Brooklyn's Best's finances, and that now Plaintiff seeks to hold Beatrice Namm liable; and

2

(6) Affirmative defense number 18, asserting the defense of unclean hands for the same reasons asserted in defense number 17.

## II.     Legal Standard

Rule 12(f) of the Federal Rules of Civil Procedure permits a party to move to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike, however, are generally disfavored by courts and are considered a "drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Public Instruction,* 306 F.2d 862, 868 (5th Cir. 1962)[1] (quoting *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 821 (6th Cir. 1953)). Accordingly, such motions "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.*

## III.    Discussion

Plaintiff argues that Defendants' affirmative defenses, numbers 12, 13, and 14, should be stricken because they are not affirmative defenses, but rather are denials of Plaintiff's prima facie case. However, Fed. R. Civ. P. 6(b) recognizes that failure to state a claim upon which relief can be granted may be asserted in a responsive pleading. In addition, Plaintiff has not shown any prejudice from these affirmative defenses, which, by Plaintiff's own admission, would not expand the scope of discovery beyond Plaintiff's claims. Accordingly, Plaintiff's Motion to Strike Defendants' affirmative defenses, numbers 12 through 14, on the basis that they improperly challenge Plaintiff's prima facie showing is denied.

Next, Plaintiff argues that affirmative defense number 13, asserting Defendants cannot be held jointly and severally liable, is legally insufficient because FUFTA permits joint and several liability.

---

[1] The Eleventh Circuit has recognized the case law of the former Fifth Circuit prior to 1981 as its governing body of precedent. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981).

3

FUFTA may permit joint and several liability in some circumstances. *McCalla v. E.C. Kenyon Const. Co.*, 183 So. 3d 1192, 1194 (Fla. 1st DCA 2016). However, because the factual circumstances permitting such liability vary, the Court finds that it is not appropriate to strike Defendants' defense at this stage in the litigation. *See, e.g., The Macknight Food Grp., Inc. v. The Santa Barbara Smokehouse, Inc.*, No. 15-21179-CIV, 2015 WL 6380644, at *2 (S.D. Fla. Oct. 22, 2015) ("[W]hen facts are in dispute a motion to strike will not be granted unless it appears to a certainty that plaintiff[]s would succeed despite any state of facts which could be proved in support of the defense.") (internal citation omitted); Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1381 (3d ed.) ("[A] motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits."). Accordingly, Plaintiff's Motion to Strike Defendants' 13th affirmative defense is denied.

Finally, Plaintiff argues that Defendants do not allege sufficient facts to put Plaintiff on notice of the nature of their 15th, 17th, and 18th affirmative defenses. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate Defendants to set forth detailed factual allegations, Defendants must give Plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553 (2007).

In their 15th affirmative defense, Defendants allege that Brooklyn's Best is an indispensable party because Plaintiff alleges that Brooklyn's Best made the fraudulent transfers at issue, that Brooklyn's Best owed Plaintiff certain fiduciary duties, and that Brooklyn's Best's corporate veil should be pierced. Plaintiff argues that these allegations do not articulate how the Court will be unable to accord complete relief among existing parties, whether there is any prejudicial effect on Brooklyn's Best's ability to protect its interest, or how Brooklyn's Best's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations, as required to establish that a party is indispensable. *See* Fed. R. Civ. P. 19(a)(1). The Court finds that Defendants' allegations are insufficient to give Plaintiff notice of

4

the basis on which Brooklyn's Best is an indispensable party. Accordingly, Defendants' 15th affirmative defense is stricken with leave to amend.

For Defendants' 17th and 18th affirmative defenses, Defendants raise additional facts as the basis for these defenses in their Response that are not alleged in their Amended Answer. Accordingly, Defendants' 17th and 18th affirmative defenses are stricken with leave to amend so that Plaintiff may be fully apprised of the basis for these defenses.[2] It is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion (DE 36) is **DENIED IN PART and GRANTED IN PART.** Defendants' affirmative defenses, numbers 15, 17, and 18, are **STRICKEN** from the Amended Answer (DE 29). Defendants are granted leave to amend the Amended Answer ¶¶ 27, 29, and 30 by **February 10, 2017.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 31 day of January, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

---

[2] Because I find that Defendants should be granted leave to amend their 17th and 18th affirmative defenses, I will not address Plaintiff's argument that these defenses are unrelated to Plaintiff's claims at this time.