UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

|  |  |
|---|---|
| TTT Foods Holding Company LLC, a Florida limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>BEATRICE NAMM, an individual, JONATHAN NAMM, an individual, and DELUXE GOURMET SPECIALTIES LLC, a New Jersey limited liability company,<br><br>    Defendants. | x<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, TTT Foods Holding Company LLC ("TTT Foods"), by and through undersigned counsel, hereby files this *Motion to Compel Production of Documents and Incorporated Memorandum of Law* (the "Motion"), which seeks the production of documents by Beatrice Namm ("Mrs. Namm") and Jonathan Namm ("Mr. Namm") (together, the "Namms"), and in support thereof, states as follows:

**FACTUAL BACKGROUND**

1. TTT Foods filed the Amended Complaint on November 2, 2016 (the "Complaint") [ECF No. 8].

2. TTT Foods has alleged in the Amended Complaint that Beatrice Namm ("Mrs. Namm") caused Brooklyn's Best LLC ("Brooklyn's Best"), a company that owes more than $176,001.76 to TTT Foods, and Deluxe Gourmet Specialties LLC ("Deluxe"), an alter ego and

{1955/000/00355369}

successor of Brooklyn's Best, to fraudulently transfer more than $99,000 to or for the benefit of the Namms for insufficient consideration. TTT Foods has also alleged that Mrs. Namm breached her fiduciary duties as a result of *inter alia* the foregoing fraudulent transfers, and that Mrs. Namm should be held liable for Brooklyn's Best's indebtedness to TTT Foods under a theory of alter ego and piercing the corporate veil.

3. On or about December 13, 2016, TTT Foods issued the *Plaintiff's Request for Production to Defendants, Beatrice Namm and Jonathan Namm* (the "Namm Request for Production") the Namms, a copy of which is attached hereto as **EXHIBIT A**, that provided for the following fourteen document requests (collectively, the "Requests"):

  i. Complete copies of Your state and federal tax return, including all attachments, for 2015.

  ii. Complete copies of Your bank account statements for all accounts in Your name individually or jointly with another person or entity, and all accounts on which You have signatory power for the period January 1, 2015 to the date of production.

  iii. All deposit slips, wire transfer receipts, and cancelled checks for all accounts in Your name individually or jointly with another person or entity, and all accounts on which You have signatory power for the period January 1, 2015 to the date of production.

  iv. All documents and communications which relate in any way to Mrs. Namm's resignation or withdrawal as an officer, director or manager of Bea's Brooklyn's Best, LLC.

  v. All documents and communications which in any way relate to any efforts taken by Mrs. Namm to wind up and liquidate Bea's Brooklyn's Best, LLC's business, including but not limited to any efforts taken to determine all creditors of Bea's Brooklyn's Best, LLC and liquidate Brooklyn's Best, LLC's assets.

  vi. All documents which demonstrate the terms of Mrs. Namm's employment with Deluxe Gourmet Specialties, LLC since its inception, including but not limited to responsibilities, compensation and benefits.

2

vii. All documents which demonstrate the terms of Mrs. Namm's employment with Bea's Brooklyn's Best, LLC, since its inception, including but not limited to responsibilities, compensation and benefits.

viii. All documents which demonstrate Mrs. Namm's position as an officer or director of Deluxe Gourmet Specialties, LLC since its inception, including but not limited to responsibilities, compensation and benefits.

ix. All documents which demonstrate Mrs. Namm's position as an officer or director of Bea's Brooklyn's Best, LLC since its inception, including but not limited to responsibilities, compensation and benefits.

x. All documents relating to the transfers totaling $99,212.44 set forth in Exhibit H of the Plaintiff's Amended Complaint (a copy of which is attached hereto), including but not limited to corporate resolutions directing payment of same, employment agreements, and compensation packages.

xi. All supporting documents for each transfer listed on Exhibit H of Plaintiff's Complaint.

xii. All documents demonstrating transfers You received from Deluxe Gourmet Specialties, LLC since January 1, 2015.

xiii. All documents showing consideration received by Bea's Brooklyn's Best, LLC in exchange for transfers made by Bea's Brooklyn's Best, LLC to You since March 27, 2015.

xiv. All documents showing consideration made by Deluxe Gourmet Specialties, LLC in exchange for transfers made by Deluxe Gourmet Specialties, LLC to You since March 27, 2015.

4. On January 17, 2017, the Namms provided TTT Foods with their *Response to Plaintiff's Request to Produce Directed at Beatrice and Jonathan Namm*, a copy of which is attached hereto as **EXHIBIT B**.

5. With respect document requests one through three, the Namms objected on the grounds that requested items are irrelevant and confidential under Florida law and not likely to lead to relevant or admissible evidence. The Namms further note that their Motion for Protective Order [ECF No. 30] that raised the same objections with respect to their Bank of America, N.A.

3

{1955/000/00355369}

("Bank of America") banking documents was pending, and that the Namms will "re-evaluate the objection" based on the outcome of such motion. *See* Resp. ¶¶ 5-7.

6. With respect to document requests four through fourteen, the Namms responded by stating:

> Will be produced, if any. Whatever items responsive to this request may be inspected with at least five (5) days advance notice at the office of Defendant's attorney, Agustin R. Benitez, Esquire, Benitez Law Group PL, 1223 East Concord Street, Orlando, Florida 32803. In the alternative, Defendant's counsel agrees to produce copies of the documents in hard or scanned form, at Plaintiff's counsel's preference and expense, within five (5) business days advance notice.

Resp. ¶¶ 8-18.

7. On January 19, 2017, the Court entered an *Order Denying Defendants' Motion for Protective Order* (the "Order") [ECF No. 45], which determined that the bank statements and other financial records with Bank of America sought by TTT Foods are relevant the parties' claims and defenses, and that Florida's Constitutional right to privacy does not preclude its discovery.

8. On January 23, 2017, counsel for TTT Foods sent an email to counsel for the Namms inquiring: i) whether the Namms are agreeable to withdrawing their relevance and confidentiality objections with respect to document requests one through three, and ii) the number of pages of responsive documents to permit TTT Foods to determine whether the production could be provided through scanned files, or copies and mail delivery. On January 24, 2017, counsel for TTT Foods sent another email seeking a response to the prior email. A copy of such emails is attached hereto as **EXHIBIT C**. As of the date of filing the Motion, counsel for the Namms has not responded.

9. Additional facts are set forth below in the interest of brevity.

## ARGUMENT

10. The Court should grant the Motion in its entirety for the reasons set forth herein.

11. Document requests one through three seek tax returns and attachments for 2015, bank statements relating to the Namms for the period of January 1, 2015 through the date of production, and deposit slips, wire transfer receipts and cancelled checks for all accounts relating to the Namms for the period January 1, 2015 to the date of production (collectively, the "Financial Documents").

12. Similar to the bank records the Court previously determined to be relevant and not confidential, the Financial Documents are highly important and directly related to TTT Foods' claims and Namms' affirmative defenses.

13. Rule 26(b) of the Federal Rules of Civil Procedures provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

14. "'The Federal Rules of Civil Procedure strongly favor full discovery whenever possible.'" *Companhia Energetica Potiguar v. Caterpillar Inc.*, 307 F.R.D. at 627 (quoting *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985)). "The Courts have long held that relevance for discovery purposes is much broader than relevance for trial purposes, and as such discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action." *Id.* (quotations omitted).

15. TTT Foods has alleged in the Amended Complaint, that i) since April 1, 2015 through May 10, 2016, Brooklyn's Best transferred at least $99,212.44 to or for the benefit of the Namms, and ii) since March 27, 2015, Deluxe transferred funds to or for the benefit of the Namms (collectively, the "Transfers").

16. Unrefuted evidence shows that Brooklyn's Best transferred money directly into at least one of the Namms' personal accounts after Brooklyn's Best became indebted to TTT Foods. The Court has already determined that "Plaintiff has provided evidence in the form of bank records of Brooklyn's Best, showing multiple transfers to accounts in the name of Beatrice and Jonathan Namm after Brooklyn's Best became indebted to Plaintiff. (DE 37, Exhibit A and B)." Order 4. Those bank records attached to *TTT Foods' Response to Objection to Subpoenas and Motion for Protective Order and Incorporated Memorandum of Law* are incorporated herein by reference [ECF No. 37, Exhibits A and B]. Brooklyn's Best's bank statements additionally indicate that Mrs. Namm and/or Mr. Namm withdrew various sums of cash from Brooklyn's Best's account ending in 8796, including $6,000 on November 6, 2015, $7,500 on February 16, 2016 and $1,300 on February 23, 2016. Copies of the bank statements showing the specified cash withdrawals are attached hereto as **Composite EXHIBIT D**.

17. TTT Foods has alleged that the Transfers: i) constitute fraudulent transfers, ii) are instances in which Mrs. Namm breached her fiduciary duty to Brooklyn's Best and its creditors, and iii) support a determination that Mrs. Namm is an alter ego of Brooklyn's Best and Deluxe, engaged in improper conduct and should be held liable for the indebtedness owed by Brooklyn's Best to TTT Foods.

18. The Financial Documents, like the Bank of America bank records the Court has already ruled on, are required and relevant to show that the Namms improperly transferred funds for their personal benefit that should have been used to pay Brooklyn Best's creditors. *See* Order

6

2 (citing *Wiand v. Lee*, 753 F.3d 1194, 1199-1200 (11th Cir. 2014) (To prove a fraudulent transfer, the Receiver must demonstrate that "(1) there was a creditor to be defrauded; (2) a debtor intending fraud; and (3) a conveyance of property which could have been applicable to the payment of the debt due."); *Diamond Int'l Corp. v. SJH Enterprises, Inc.*, 487 So. 2d 1089, 1091 (Fla. 5th DCA 1986) ("To permit directors to use their fiduciary position and inside knowledge to obtain preferential treatment at the expense of third party creditors is manifestly unfair.")); *see also Paragon Health Services, Inc. v. Central Palm Beach Community Mental Health Center, Inc.*, 859 So.2d 1233, 1237-38 (Fla. 4th DCA 2003) (discussing that the officers and their spouses' use of joint bank accounts is relevant to the issue of whether said parties benefitted from the alleged fraudulent transfers). In addition, as noted by the Court with respect to the Bank of America bank records, the Financial Documents may show that Mrs. Namm failed to maintain corporate independence, including by failing to keep funds separate. *See* Order 2-3 (citing *Sec. & Exch. Comm'n v. Torchia*, No. 1:15-CV-3904-WSD, 2016 WL 6212002, at *3 (N.D. Ga. Oct. 25, 2016) (holding commingling of funds and treatment by an individual of corporate assets as his own are relevant factors for determining whether to pierce the com orate veil based on the theory of alter ego)).

19. The Financial Documents are also required and relevant to address the affirmative defenses raised by the Namms in their *Amended Answer, Affirmative Defenses* (the "<u>Amended Answer</u>") [ECF No. 29]. The first affirmative defense contends that the Transfers were made in the ordinary course. Am. Answer ¶ 13. The Financial Documents will provide evidence as to the manner in which the Namms received the Transfers and whether they were received in the ordinary course of Brooklyn's Best and Deluxe's business.

20. The second, third and fourth affirmative defenses allege that Brooklyn's Best received reasonably equivalent value in exchange for the Transfers, the Transfers were made in

7

good faith and the Transfers were made in the exercise of good business judgment. Am. Answer. ¶¶ 14-16. The Financial Documents, and particularly the tax returns, will provide evidence as to whether received reasonably equivalent value was provided, whether the Transfers were taken in good faith and whether the Transfers were made in the exercise of good judgment, including whether the funds were used for Brooklyn's Best and/or Deluxe's business, and whether such funds were reported as wages or salary.

21.  The fifth and seventh affirmative defenses allege that the Namms gave new value to or for the benefit of Brooklyn's Best after or before the Transfers were made, the Transfers were made pursuant to a good faith effort to rehabilitate Brooklyn's Best, and the Transfers secure present value given for that purpose and/or an antecedent debt of Brooklyn's Best. Am. Answer ¶17, 19. The Financial Documents are relevant to show whether the Namms gave value before or after the Transfers were made, and whether the Transfers were made in a good faith effort to rehabilitate Brooklyn's Best, including but not limited to whether the Namms provided funds from their bank account to or for the benefit of Brooklyn's Best.

22.  The eighth and ninth affirmative defenses allege that the Namms are entitled to a lien, enforcement of obligations, reduction or set off based on value given to Brooklyn's Best. Am. Answer ¶ 20, 21. The Financial Documents are relevant to show whether the Namms are or are not entitled to such remedies. The eleventh affirmative defense alleges that Mrs. Namm exercised her business judgment in the operation of Brooklyn's Best. Am. Answer ¶ 23. The Financial Documents are relevant to show whether the Transfers were provided to the Namms in the interest of Brooklyn's Best, and whether Mrs. Namm exercised her business judgment.

23. Article I, Section 23 of the Florida Constitution[1] does not prohibit the production of the Financial Records to the extent they are relevant or reasonably calculated to lead to the discovery of admissible evidence. As determined by the Court in the Order, "But, 'where materials sought by a party would appear to be relevant to the subject matter of the pending action, the information is fully discoverable.'" Order 3 (quoting *Elsner v. E-Commerce Coffee Club*, 126 So.3d 1261, 1263 (Fla. 4th DCA 2013) (citation omitted). Because the Financial Documents are highly relevant and reasonably calculated to lead to the discovery of admissible evidence, Article I, Section 23 of the Florida Constitution does not prevent the production of such documents. In addition, no evidentiary hearing is required to determine the relevant of the Financial Documents because the pleadings make clear the information is relevant, and TTT Foods has provided evidence in the form of Brooklyn's Best's bank statements showing multiple transfers to the Namms through transfers and cash withdrawals after Brooklyn's Best became indebted to TTT Foods.

24. Lastly, TTT Foods does not believe that the responsive documents are so voluminous that providing scanned or physical copies would constitute an undue burden for the Namms. The Namms, however, have refused to advise TTT Foods the number of pages at issue. TTT Foods believes that the cost of providing scanned copies on a flash drive or by email, or physical copies by overnight Federal Express, would be minimal. Thus, TTT Foods requests that the Court require the Namms to provide all responsive documents through scanned copies on a flash drive or by email, or physical copies by overnight Federal Express.

---

[1] Article I, Section 23 of the Florida Constitution states in part that "[e]very natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein." Fla. Const. art. I, § 23.

9

{1955/000/00355369}

25. As set forth above, counsel for TTT Foods has in good faith attempted to confer with counsel for the Namms in an effort to obtain the discovery sought herein without court action as required under Rule 37(a)(1) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, TTT Foods requests that this Court enter an Order:

i. Granting the Motion in its entirety;

ii. Requiring the Namms to produce all documents responsive to the Requests within 7 days of entry of the Order granting the Motion;

iii. Requiring the Namms to provide all responsive documents through scanned copies on a flash drive or by email, or physical copies by overnight Federal Express; and

iv. Granting TTT Foods any other additional relief that the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by notice of electronic filing via CM/ECF to Gus R. Benitez, Esquire, counsel for the Defendants, 1223 East Concord Street, Orlando, Florida 32803 service@arbenitez.com; Gus@arbenitez.com, and to those other parties registered to receive such service on February 2, 2017.

    SHRAIBERG FERRARA LANDAU & PAGE, PA
    Attorneys for TTT Foods
    2385 NW Executive Center Drive, Suite 300
    Boca Raton, Florida 33431
    Telephone: 561-443-0800
    jpage@sflp.law
    blee@sflp.law

    By:  /s/ John E. Page
        John E. Page
        Florida Bar No. 0860581
        Bernice C. Lee
        Florida Bar No. 0073535

{1955/000/00355369}