UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

TTT Foods Holding Company LLC,
a Florida limited liability company,

        Plaintiff,

v.

BEATRICE NAMM, an individual,
JONATHAN NAMM, an individual,
and DELUXE GOURMET
SPECIALTIES LLC, a New Jersey        **TRIAL BY JURY DEMANDED**
limited liability company,

        Defendants.

_____/

**SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES**

COME NOW the Defendants, BEATRICE NAMM, an individual, JONATHAN NAMM,

an individual, and DELUXE GOURMET SPECIALTIES LLC, a New Jersey limited liability

company, by and through the undersigned attorneys, and file this their *Answer and Affirmative*

*Defenses*, and state in support thereof as follows:

**ANSWER**

1.      All allegations in the Amended Complaint are denied unless specifically

admitted herein.

2.      The allegations contained in Paragraphs 1-6, 10, 20, 21, 26, 39 and 117 of

the Amended Complaint are admitted.

3.      As to Paragraph 13 and 14, admit that on January 2, 2015, Defendant

BEATRICE NAMM sued Jeffrey Brandon and Eric Scholer for breach of contract, otherwise

deny the remaining allegations.

4.      As to Paragraph 15, Exhibit "A" speaks for itself; otherwise deny the

remaining allegations.

5.      As to Paragraph 16, admit that a lawsuit was filed, otherwise deny the

remaining allegations; the *Answer, Affirmative Defenses and Counterclaims* to the complaint

filed by Plaintiff is attached hereto as Exhibit "A".

6.      As to Paragraph 17, Exhibit "B" speaks for itself; otherwise deny the

remaining allegations.

7.      As to Paragraph 18, Exhibit "C" speaks for itself; otherwise deny the

remaining allegations.

8.      As to Paragraph 19, Exhibit "D" speaks for itself; otherwise deny the

remaining allegations.

9.      As to Paragraph 22, Exhibit "E" speaks for itself; otherwise deny the

remaining allegations.

10.      As to Paragraph 23, Exhibit "F" speaks for itself; otherwise deny the

remaining allegations.

11.      As to Paragraph 24, Exhibit "G" speaks for itself; otherwise deny the

remaining allegations.

12.      As to Paragraph 29, the order referred to was obtained without notice to

Defendant BEATRICE NAMM that she would be the subject matter of that order, as articulated

in detail in the *Motion to Set Aside Order Entered on August 16, 2016 and Motion for Attorney*

*Fees and Costs* attached hereto and incorporated herein as Exhibit "B".

## AFFIRMATIVE DEFENSES

13.    **1st Affirmative Defense:** The transfers are not voidable, and Defendants are not liable, because they were made in the ordinary course of business or financial affairs of Bea's Brooklyn's Best LLC and/or more of the Defendants.

14.    **2nd Affirmative Defense:** The transfers are not voidable, and Defendants are not liable, because Bea's Brooklyn's Best LLC received a reasonably equivalent value in exchange for the alleged transfers.

15.    **3rd Affirmative Defense:** The transfers are not voidable under §726.105(1)(a), *Florida Statutes* (2016), as to Defendants or others who took in good faith and for a reasonably equivalent value, or against any subsequent transferee or obligee.

16.    **4th  Affirmative Defense:** The transfers were made without an actual intent to hinder, delay or defraud Plaintiff, but instead in good faith and/or in the exercise of good business judgment.

17.    **5th  Affirmative Defense:** The transfers are not voidable under §726.106(2), *Florida Statutes* (2016), to the extent Defendants gave new value to or for the benefit of Bea's Brooklyn's Best LLC after or before the transfers were made.

18.    **6th  Affirmative Defense:** The transfers are not voidable under §726.106(2), *Florida Statutes* (2016), because they were  made in the ordinary course of business or financial affairs of Bea's Brooklyn's Best LLC and/or Defendants.

19.    **7th Affirmative Defense:** The transfers are not voidable under §726.106(2), *Florida Statutes* (2016), because they were made pursuant to a good faith effort to

rehabilitate Bea's Brooklyn's Best LLC, and/or the transfers secured present value given for that purpose and/or an antecedent debt of Bea's Brooklyn's Best LLC.

20.     **8ᵗʰ Affirmative Defense:**  Notwithstanding voidability of a transfer or an obligation under §§726.101-726.112, *Florida Statutes* (2016), Defendants, as good faith transferees, are entitled, to the extent of the value given Bea's Brooklyn's Best LLC for the transfers, to: (a) a lien on or a right to retain any interest in the asset transferred; (b) enforcement of any obligation incurred; and/or © a reduction in the amount of the liability on the judgment.

21.     **9ᵗʰ Affirmative Defense:**  Defendants are entitled, to the extent of the value given Bea's Brooklyn's Best LLC for the transfers, to a set off of said value from any award to Plaintiff, if any.

22.     **10ᵗʰ Affirmative Defense.**  Plaintiff has no standing to bring Count V.

23.     **11ᵗʰ Affirmative Defense:**  Bea's Brooklyn's Best LLC and/or Defendant BEATRICE NAMM are not liable to Plaintiff for having exercised their business judgment in the operation of Bea's Brooklyn's Best LLC's business, including it dissolution or winding down.

24.     **12ᵗʰ Affirmative Defense:** Brooklyn's Best LLC was not created or used in order to mislead or defraud Plaintiff, and its corporate veil should not be pierced nor should Defendant BEATRICE NAMM be found to be its alter ego.  Brooklyn's Best LLC was initially organized, established, operated and controlled by Plaintiff.  It was only later that Plaintiff relinquished control to Defendant BEATRICE NAMM in exchange for the promissory notes to be paid exclusively by Brooklyn's Best LLC.  Plaintiff knowingly and intentionally, with the assistance and advice of its attorneys, did not have Defendant BEATRICE NAMM sign or guarantee the promissory notes, but instead knowingly and intentionally accepted the risks and

consequences of Brooklyn's Best LLC not repaying the said notes.  Plaintiff is now seeking to

have Defendant BEATRICE NAMM liable for the promissory notes undertaken by Brooklyn's

Best LLC, under the pretense that somehow they were deceived.  The reality of the matter is that

Plaintiff entered into the contractual relationship created by the promissory notes knowing

everything there was to know about the operation of Brooklyn's Best LLC, Defendant

BEATRICE NAMM and Defendant DELUXE GOURMET SPECIALTIES LLC, and it was fully

informed and not misled.  Plaintiff are now seeking to obtain what they could not, and did not,

obtain through negotiations, to wit: to hold Defendant BEATRICE NAMM personally liable for

the promissory notes.

25.    **13th Affirmative Defense:**  Counts I through IV attempt to allege a

fraudulent conveyance action against both Defendant BEATRICE NAMM and Defendant

JONATHAN NAMM premised on §§726.105 and 726.106, *Florida Statutes* (2016), and seek to

hold both defendants jointly and severally liable.  Counts I through IV fail to state a cause of

action to establish joint and several liability.  A fraudulent conveyance action is against a

transferee directed against a particular transaction, which, if declared fraudulent, is set aside thus

leaving the creditor free to pursue the asset, or it is an action against a transferee who has

received an asset by means of a fraudulent conveyance and should be required to either return the

asset or pay for the asset.  There is no basis for joint and several liability under §§726.105 or

726.106, *Florida Statutes* (2016).

26.    **14th Affirmative Defense:**  Count V attempts to allege a violation of

fiduciary duty by Defendant BEATRICE NAMM.  Under Florida law, "[t]o establish a fiduciary

relationship, a party must allege some degree of dependency on one side and some degree of

undertaking on the other side to advise, counsel, and protect the weaker party." *Taylor Woodrow Homes Florida, Inc. V. 4/46-A Corp.*, 850 So. 2d 536, 540-41 (Fla. 5th Dist. Ct. App. 2003) (quoting *Watkins v. NCNB Nat'l Bank of Fla., NA*, 622 So. 2d 1063, 1065 (Fla. 3d Dist. Ct. App. 2003)); accord *Lanz v. Resolution Trust Corp.*, 764 F.Supp. 176, 179 (S.D. Fla. 1991), and *Bankest Imports, Inc. v. Isca Corp.*, 717 F. Supp. 1537, 1541 (S.D. Fla. 1989).  "When the parties are dealing at arm's length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other." *Id.*; accord Maxwell v. First United Bank, 782 So. 2d 931, 934 (Fla. 4th Dist. Ct. App. 2001).  In the usual creditor-debtor relationship a fiduciary duty does not arise. See *Barnett Bank of West Florida v. Hooper*, 498 So. 2d 923, 925 (Fla. 1986).  To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel and protect the weaker party. *Brigham v. Brigham*, 11 So. 3d 374, 387 (Fla. 3rd DCA 2009); *Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993); *Lanz v. Resolution Trust Corp.*, 764 F. Supp. at 179.  Count V fails to state a cause of action for violation of a fiduciary duty.  There is no allegation in Count V of ultimate facts to support a cause of action for a violation of fiduciary duty.  There is no allegation of any undertaking by Defendant BEATRICE NAMM to advise, counsel and protect Plaintiff, and there is no allegation of any reliance by Plaintiff, nor could such allegations be made in good faith.  Furthermore, there is no "duty of loyalty", "duty of care" or "duty to act in good faith [or] in the best interest of" owed to Plaintiff by Defendant BEATRICE NAMM and Count V should be dismissed.

27.     **15th Affirmative Defense:** Plaintiff has failed to joint a non-diverse indispensable required party, to wit: Bea's Brooklyn's Best LLC.  In the Amended Complaint,

Plaintiff claims: that Bea's Brooklyn's Best LLC made certain transfers that were fraudulent (i.e., Counts I-IV); that  Bea's Brooklyn's Best LLC owed Plaintiff certain fiduciary duties and that those duties were breached by Defendant BEATRICE NAMM in her corporate capacity as manager Bea's Brooklyn's Best LLC (i.e., Count V); and that Defendant BEATRICE NAMM is either the *alter ego* of Bea's Brooklyn's Best LLC or that the corporate veil of Bea's Brooklyn's Best LLC should be pierced (i.e., Count VII).  Bea's Brooklyn's Best LLC is a required and indispensable party to this action and this Court should dismiss this action.

28.     **16th Affirmative Defense:** Florida law follows the "American Rule" that attorney's fees may only be awarded by a court pursuant to an entitling statute or an agreement of the parties. See *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1148 (Fla. 1985), modified, *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990).  The request for attorney fees contained in Plaintiff's pleading should be dismissed or stricken, and are barred under Florida law.  There is no statute or contract between the parties allowing the recovery of attorney fees by Plaintiff against Defendants.

29.     **17th Affirmative Defense:** It would be inequitable to grant Plaintiff any relief.   Defendant BEATRICE NAMM was producing and selling a barbecue sauce out of her home in 2006 in New Jersey.  Plaintiff knew, at all times material hereto, that Defendant BEATRICE NAMM was an unsophisticated business person with very limited business experience and no training or schooling in business administration.  Plaintiff took advantage of Defendant BEATRICE NAMM's lack of experience and knowledge to acquired a 50% ownership of her barbecue sauce, while giving itself total control.  Bea's Brooklyn's Best LLC was organized and established by Plaintiff in 2012 so that Plaintiff could acquire that 50%

ownership interest in Defendant BEATRICE NAMM's barbecue sauce.  Even though the

ownership interest in Bea's Brooklyn's Best LLC was 50/50, Plaintiff took control of the entity

by appointing two (2) of the three (3) managers, leaving Defendant BEATRICE NAMM as a

manager in name only and without any control over Bea's Brooklyn's Best LLC or its operation.

Bea's Brooklyn's Best LLC was operated and controlled by Plaintiff and its designated managers

until March of 2015.  Plaintiff and its designated managers had control of the operation of Bea's

Brooklyn's Best LLC and, specifically, controlled all financial and operational aspects of Bea's

Brooklyn's Best LLC, including, but not limited to, the way Bea's Brooklyn's Best LLC did

business; the employees Bea's Brooklyn's Best LLC hired; the employment benefits provided by

Bea's Brooklyn's Best LLC to its employees; the way Bea's Brooklyn's Best LLC dealt and

interacted with and/or used Defendant DELUXE GOURMET SPECIALTIES LLC to collect and

disburse monies owed to Bea's Brooklyn's Best LLC; selected and controlled the accountant and

bookkeeper employed by Bea's Brooklyn's Best LLC; determined and implemented how Bea's

Brooklyn's Best LLC's financial records were to be kept; controlled Bea's Brooklyn's Best LLC

tax returns; and controlled everything else involving, relating and/or regarding the operation of

Bea's Brooklyn's Best LLC and Defendant DELUXE GOURMET SPECIALTIES LLC, at least

from the date Bea's Brooklyn's Best LLC was organized up to and including the day Defendant

BEATRICE NAMM became its sole member in 2015.  During that time frame, Plaintiff

employed Defendant BEATRICE NAMM and paid her, and/or was obligated to pay her,

$150,000.00 a year; an amount that Plaintiff believed to be reasonable and fair for the work

Defendant BEATRICE NAMM was doing during that time frame promoting the barbecue sauce.

In January 2, 2015, Defendant BEATRICE NAMM sued two of the principles of Plaintiff (i.e.,

Jeffrey Brandon and Eric Scholer) for violating the Asset Purchase Agreement dated December 11, 2012, which agreement resulted in the organizing of Bea's Brooklyn's Best LLC; attached hereto as Exhibit "C" is a copy of the complaint filed in that lawsuit.  The essence of that lawsuit was that Plaintiff, and/or its principals, failed to pay Defendant BEATRICE NAMM the agreed amount of $150,000.00 a year, as agreed under the Asset Purchase Agreement.  On or about March 27, 2015, as part of the settlement negotiations of the aforementioned lawsuit, Plaintiff relinquished control and ownership of Bea's Brooklyn's Best LLC to Defendant BEATRICE NAMM, in exchange for certain promissory notes to be paid exclusively by Brooklyn's Best LLC.  At that point, Defendant BEATRICE NAMM's duties and responsibility increased to include all previous responsibilities undertaken by Plaintiff.  There was no longer any division of labor and everything rested on the shoulders of Defendant BEATRICE NAMM.  Any amount alleged to constitute a fraudulent conveyances does not exceed the reasonable compensation for the work done by Defendant BEATRICE NAMM, and any such amounts were paid to Defendant BEATRICE NAMM as earned compensation for her valuable service to Bea's Brooklyn's Best LLC.  Plaintiff, at all times material thereto, was represented by a group of attorneys who drafted the promissory note, which group of attorneys included John Page and Bernice Lee, the two (2) attorneys representing Plaintiff in this case.  Defendant BEATRICE NAMM did not sign or otherwise guarantee repayment of the promissory notes.  Instead, Plaintiff agreed to accept the risks and consequences of Brooklyn's Best LLC not repaying the said notes, and Plaintiff intentionally relinquished its ability to recover, in the event of a default, directly from Defendant BEATRICE NAMM.  By May of 2015, less than two (2) months after the notes were signed, Plaintiff declared Bea's Brooklyn's Best LLC in default, accelerated all amounts owed, and filed

suit in State Court on the notes. This occurred less than two months after the notes were signed

and was done in bad faith in order to harm Bea's Brooklyn's Best LLC and Defendant

BEATRICE NAMM.  Not only were the defaults declared by Plaintiff under the promissory

notes premature, at least in part, but a representative of Bea's Brooklyn's Best LLC was in his car

on his way to pay the entire alleged default amount owed (after being told by Plaintiff that

Plaintiff would accept the funds to cure all defaults), when he was told by Plaintiff that the

amount owed would not be accepted and he should not bother coming to Plaintiff's office.

Plaintiff knew, or should have known, that Bea's Brooklyn's Best LLC did not have the monies

to pay the promissory notes in full.  Plaintiff wanted to put Bea's Brooklyn's Best LLC out of

business.  Furthermore, on or about June 1, 2015, Plaintiff's attorneys began contacting all

customers of Bea's Brooklyn's Best LLC demanding that the customers make all future

payments owed to Bea's Brooklyn's Best LLC directly to Plaintiff's attorneys' trust account,

telling the customers that Bea's Brooklyn's Best LLC was in default under the notes; a copy of

what was actually sent to Bea's Brooklyn's Best LLC's customers is attached hereto and

incorporated herein as Exhibit "D".  Plaintiff went so far as to include a copy of the promissory

notes in its mailing to Bea's Brooklyn's Best LLC's customers.  Plaintiff and its attorneys had no

right to contact Bea's Brooklyn's Best LLC's customers, or interfere with Bea's Brooklyn's Best

LLC's contractual and/or business relationship with its customers.  Plaintiff's aforementioned

conduct significantly interfered with the business relationship between Bea's Brooklyn's Best

LLC and its customers, and directly affected Bea's Brooklyn's Best LLC's ability to continue to

operate or repay the amounts owed under Plaintiff's promissory notes.  It also resulted in the

filing of a counterclaim by Bea's Brooklyn's Best LLC in the State Court proceedings, which

counterclaim is attached hereto and incorporated herein  as Exhibit "E".  The result of Plaintiff's

aforementioned conduct was that (1) Bea's Brooklyn's Best LLC no longer does business and (2)

that Bea's Brooklyn's Best LLC's only and exclusive product, a barbecue sauce sold mainly in

Costco, Sams and Walmart, is no longer sold anywhere, by anyone.  Now Plaintiff wants to hold

Defendant BEATRICE NAMM personally liable for the promissory notes, even though Plaintiff

entered into the contractual relationship created by the promissory notes knowing everything

there was to know about the operation and financial position of Brooklyn's Best LLC, Defendant

BEATRICE NAMM and Defendant DELUXE GOURMET SPECIALTIES LLC, and being, at

all times material hereto, fully informed and never having been misled by Defendants.  Plaintiff

now seeks, inequitably and in bad faith, with unclean hands and in violation of the principal that

he who seeks equity should do equity, to hold Defendant BEATRICE NAMM liable for the notes

she never guaranteed, after Plaintiff accelerated the notes less than two months after they were

initially delivered and interfered with Bea's Brooklyn's Best LLC's customers and business

operations, which resulted in Bea's Brooklyn's Best LLC permanently going out of business.

Plaintiff now seeks to obtain what it could not, and did not, obtain through negotiations, to wit:

to hold Defendant BEATRICE NAMM personally liable for the promissory notes that she never

agreed to repay, after intentionally, maliciously and/or in bad faith putting Bea's Brooklyn's Best

LLC permanently out of business.  It would also be inequitable, in bad faith and/or

unconscionable to classify as a fraudulent conveyances amounts paid to Defendant BEATRICE

NAMM as compensation for value given to Bea's Brooklyn's Best LLC, which value was

reasonable and/or agreed to by Plaintiff.

        30.     **18th Affirmative Defense:** For all the reasons articulated in 12th and 17th

Affirmative Defense, *supra*, Plaintiff unclean hand and should not be granted any relief.

      31.    Defendants have retained the undersigned attorney and has agreed to pay him a reasonable fee for his services.

WHEREFORE the Defendants request that this Court deny Plaintiff all relief requested and award Defendants their incurred attorney fees and costs, if allowable.

**Trial by jury demanded as to all issues so triable.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by notice of electronic filing via CM/ECF to John E. Page, counsel for Plaintiff (jpage@sflp.law) and Bernice C. Lee, counsel for Plaintiff (blee@sflp.law), and to those other parties registered to receive such service on February 2, 2017.

                  */s/ Agustin R. Benitez*
                  AGUSTIN R. BENITEZ, ESQUIRE
                  BENITEZ LAW GROUP, P.L.
                  Florida Bar # 278130
                  1223 East Concord Street
                  Orlando, Florida 32803
                  (407) 894-5000
                  (407) 896-8061 (fax)
                  Primary E-Mail: *Service@ARBenitez.com*
                  Secondary E-Mail: *Gus@ARBenitez.com*