UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

|  |  |
|---|---|
| TTT Foods Holding Company LLC, a Florida limited liability company,    Plaintiff, v. BEATRICE NAMM, an individual, JONATHAN NAMM, an individual, and DELUXE GOURMET SPECIALTIES LLC, a New Jersey limited liability company,    Defendants. | x : : : : : : : : : : : : : x |

**MOTION TO STRIKE SECOND AMENDED AFFIRMATIVE DEFENSES
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, TTT Foods Holding Company LLC ("TTT Foods"), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, hereby files this *Motion to Strike Second Amended Affirmative Defenses and Incorporated Memorandum of Law* (the "Motion"), which requests that the Court strike an affirmative defense raised by Defendants, Beatrice Namm ("Mrs. Namm"), Jonathan Namm ("Mr. Namm") (together, the "Namms") and Deluxe Gourmet Specialties LLC ("Deluxe") (collectively, the "Defendants") in their *Second Amended Answer, Affirmative Defenses* [ECF No. 50] filed on February 20, 2017, and in support thereof states as follows:

**FACTUAL BACKGROUND**

1.  TTT Foods filed the Amended Complaint on November 2, 2016 (the "Complaint") [ECF No. 8].

2. TTT Foods has alleged in the Complaint that Mrs. Namm caused Brooklyn's Best LLC ("Brooklyn's Best"), a company that owes more than $176,001.76 to TTT Foods, to fraudulently transfer more than $99,000 to or for the benefit of the Namms for insufficient consideration. TTT Foods has also alleged that Mrs. Namm breached her fiduciary duties, and that Deluxe and Mrs. Namm should be held liable for Brooklyn's Best's indebtedness to TTT Foods under theories of alter ego, piercing the corporate veil and successor liability.

3. On January 3, 2017, TTT Foods filed a *Motion to Strike Amended Affirmative Defenses and Incorporated Memorandum of Law* (the "Prior Motion") [ECF No. 36], which sought to strike *inter alia* the Fifteenth Affirmative Defense raised in the Defendants' *Amended Answer, Affirmative Defenses* (the "Amended Answer") [ECF No. 29] because it contained only bare bone conclusory allegations. The Prior Answer stated:

> **15th Affirmative Defense**: Plaintiff has failed to joint [sic] a non-diverse indispensable required party, to wit: Bea's Brooklyn's Best LLC. In the Amended Complaint, Plaintiff claims: that Bea's Brooklyn's Best LLC made certain transfers that were fraudulent (i.e., Counts I-IV); that Bea's Brooklyn's Best LLC owed Plaintiff certain fiduciary duties and that those duties were breached by Defendant BEATRICE NAMM in her corporate capacity as manager Bea's Brooklyn's Best LLC (i.e., Count V); and that Defendant BEATRICE NAMM is either the alter ego of Bea's Brooklyn's Best LLC or that the corporate veil of Bea's Brooklyn's Best LLC should be pierced (i.e., Count VII). Bea's Brooklyn's Best LLC is a required and indispensable party to this action and this Court should dismiss this action.

Am. Answer ¶ 27.

4. On January 31, 2017, the Court entered an *Order Granting in Part and Denying in Part Plaintiff's Motion to Strike* (the "Order") [ECF No. 47] that ruled that Defendants' 15th affirmative defense is stricken with leave to amend. Order 5. The Order specifically states that "[t]he Court finds that Defendants' allegations are insufficient to give Plaintiff notice of the basis on which Brooklyn's Best is an indispensable party." Order 4-5.

2

{1955/000/00357204}

5. On February 10, 2017, the Defendants filed their *Second Amended Answer, Affirmative Defenses* (the "Second Amended Answer") [ECF No. 50], which provides the exact same deficient allegations with respect to their 15th Affirmative Defense. No amendments were made. Specifically, the Second Amended Answer states:

> Plaintiff has failed to joint [sic] a non-diverse indispensable required party, to wit: Bea's Brooklyn's Best LLC. In the Amended Complaint, Plaintiff claims: that Bea's Brooklyn's Best LLC made certain transfers that were fraudulent (i.e., Counts I-IV); that Bea's Brooklyn's Best LLC owed Plaintiff certain fiduciary duties and that those duties were breached by Defendant BEATRICE NAMM in her corporate capacity as manager Bea's Brooklyn's Best LLC (i.e., Count V); and that Defendant BEATRICE NAMM is either the *alter ego* of Bea's Brooklyn's Best LLC or that the corporate veil of Bea's Brooklyn's Best LLC should be pierced (i.e., Count VII). Bea's Brooklyn's Best LLC is a required and indispensable party to this action and this Court should dismiss this action.

Second Am. Answer ¶ 27.

6. Because the Defendants failed to raise any additional allegations with respect to their Fifteenth Affirmative Defense of failure to join an indispensable party, despite being granted leave of court to amend, the Court should strike such affirmative defense with prejudice.

## ARGUMENT

7. "The Court has broad discretion in considering a motion to strike under Fed.R.Civ.P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005) (citation omitted). Rule 12(f) of the Federal Rules of Civil Procedure states in part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Where the affirmative defenses are no more than bare bones conclusory allegations, they must be stricken." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d at 1318 (internal quotations omitted). Further, the Court has already ruled that the Fifteenth Affirmative Defense is "insufficient to give Plaintiff notice of the basis on which Brooklyn's Best is an indispensable party." Order 4-5.

8. The Fifteenth Affirmative Defense is the same as previously asserted by the Defendants, and it contains only bare bones conclusory allegations. The Fifteenth Affirmative Defense alleges that "Bea's Brooklyn's Best LLC is a required and indispensable party to this action and this Court should dismiss this action." Second Am. Answer ¶ 27. The Defendants continue to fail to allege any fact to support its argument that Brooklyn's Best is a required and indispensable party under Rule 19 of the Federal Rules of Civil Procedure. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1347 (11th Cir. 2011) ("As the party invoking Rule 19, it is his burden to demonstrate which Rule 19(b) factors required dismissal 'in equity and good conscience.'").

9. "A party is not necessary simply because joinder would be convenient, or because two claims share common facts." *Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675, 682 (S.D. Fla. 2014). "Rather, an absent party is considered necessary (i) if, in its absence, the court cannot accord complete relief among the existing parties to the action; (ii) if the nonparty's absence would have a prejudicial effect on that party's ability to protect its interest relating to the subject of the action; or (iii) if, due to the absent party's related interest, the nonparty's absence would leave the existing parties at a substantial risk of incurring inconsistent obligations upon the court's disposition of the current action." *Id*. at 682 (citing Fed.R.Civ.P. 19(a)(1)). The Defendants fail to articulate any reason why the Court might not be able to accord complete relief among the existing parties if Brooklyn's Best is not joined.[1] The Defendants fail to state any interest of Brooklyn's Best relating to the subject of the action that could be prejudiced by its

---

[1] It should further be noted that in prior litigation, then counsel for Brooklyn's Best, who is current counsel of record in this case for the Defendants, took the position that there was no representative who could respond to discovery issued to Brooklyn's Best because Mrs. Namm had resigned from her position as manager of Brooklyn's Best and relinquished her membership interest in Brooklyn's Best, and said counsel had resigned as the registered agent for Brooklyn's Best.

4

absence. Nor have the Defendants set forth any reason as to how Brooklyn's Best's absence could leave the existing parties at a substantial risk of incurring inconsistent obligations.

10.   Instead, the Defendants merely attempt to describe how Brooklyn's Best is involved in the facts surrounding the claims by stating that some of the transfers at issue came from Brooklyn's Best, and that TTT Foods has alleged that Mrs. Namm breached her fiduciary duty to Brooklyn's Best, Mrs. Namm is an alter ego of Brooklyn's Best and Brooklyn's Best's corporate veil should be pierced.  Second Am. Answer ¶ 27.  None of these statements are relevant to whether Brooklyn's Best is a necessary or indispensable party.  TTT Foods has not asserted any claims against Brooklyn's Best with respect to such transfers, and is not seeking recovery against Brooklyn's Best as a result of such transfers.  The fraudulent transfer statutes apply to the recipients of the transfers not the transferors.  TTT Foods has alleged that Mrs. Namm, as an officer and director of Brooklyn's Best, owed a fiduciary duty to Brooklyn's Best and its creditors, and breached such duty.  TTT Foods is not alleging that Brooklyn's Best owed TTT Foods a fiduciary duty.  Nor is TTT Foods seeking recovery against Brooklyn's Best for Mrs. Namm's breach of fiduciary duty.  TTT Foods is seeking to hold Mrs. Namm liable for the debts of Brooklyn's Best to TTT Foods under an alter ego and veil piercing theory.  TTT Foods is not seeking recovery against Brooklyn's Best for such debts.  As alleged in the Complaint, TTT Foods already has obtained final judgments against Brooklyn's Best.  *See* Compl. ¶¶ 17-20.

WHEREFORE, Plaintiff, TTT Foods requests that this Court enter an Order:

i.   Granting the Motion;

ii.  Striking the Fifteenth Affirmative Defense with prejudice because it contains only bare bones conclusory allegations; and

iii. Granting TTT Foods any other additional relief that the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by notice of electronic filing via CM/ECF to Gus R. Benitez, Esquire, counsel for the Defendants, 1223 East Concord Street, Orlando, Florida 32803 service@arbenitez.com; Gus@arbenitez.com, and to those other parties registered to receive such service on February 16, 2017.

>
> SHRAIBERG FERRARA LANDAU & PAGE, PA
> Attorneys for TTT Foods
> 2385 NW Executive Center Drive, Suite 300
> Boca Raton, Florida 33431
> Telephone: 561-443-0800
> jpage@sflp.law
> blee@sflp.law
>
> By:   /s/ Bernice C. Lee
>         John E. Page
>         Florida Bar No. 0860581
>         Bernice C. Lee
>         Florida Bar No. 0073535

{1955/000/00357204}