UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

TTT Foods Holding Company LLC,
a Florida limited liability company,

    Plaintiff,

v.

BEATRICE NAMM, an individual,
JONATHAN NAMM, an individual, and
DELUXE GOURMET SPECIALTIES LLC, a
New Jersey limited liability company,

    Defendants.
_____/

**STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

    Pursuant to Local Rule 7.5, Plaintiff, TTT Foods Holding Company LLC ("TTT Foods"), hereby submits this statement of undisputed material facts in support of its motion for summary judgment.

    1.    Prior to December 2012, Beatrice Namm ("Mrs. Namm") purchased and sold pasta and barbeque sauce and salsa to various retailers and distributors (the "Pasta Business") through Deluxe Gourmet Specialties, LLC ("Deluxe"). Admitted in paragraph 2 of the Defendants' Second Amended Answer, Affirmative Defenses [ECF No. 50] (the "Answer"). See also the deposition transcript of Mrs. Namm as the corporate representative of Deluxe attached hereto as **EXHIBIT 1** and hereafter referred to as "Deluxe Dep. Tr." Deluxe Dep. Tr. at 18:10-19:6, and pages 5 through 8 of Exhibit CR-1 to the Deluxe Dep. Tr.

    2.    Deluxe did business under the trade name "Bea's Brooklyn's Best." See the introductory paragraph of the Asset Purchase Agreement attached hereto as **EXHIBIT 2.**

    3.    In December 2012, Mrs. Namm and the principals of TTT Foods entered into a transaction through which Deluxe transferred the Pasta Business to Bea's Brooklyn's Best, LLC, (the "Judgment Debtor"). Mrs. Namm became a 51% owner of the Judgment Debtor, and TTT

Foods became a 49% owner of the Judgment Debtor (the "Asset Sale"). The principals of TTT Foods paid $300,000 for TTT Foods' 49% interest in The Judgment Debtor. See paragraphs 1, 4 and 5 of the Asset Purchase Agreement.

4. All assets of Deluxe were transferred to the Judgment Debtor as part of the Asset Sale, including the product, recipe, customer accounts and lists, intellectual property and books and records. See Schedule 1 of the Asset Purchase Agreement.

5. In March 2015, the parties entered into a settlement (the "Settlement") under which *inter alia* TTT Foods surrendered its 49% membership, and the Judgment Debtor agreed to pay TTT Foods $320,000.01, of which $150,000 would be paid in cash, and the remaining $170,000.01 would be paid over time in the form of two promissory notes and security agreements (together, the "Notes"). Copies of the Notes and the Membership Interest Surrender Agreement are attached hereto as **COMPOSITE EXHIBIT 3.**

6. As part of the Settlement, TTT Foods, the Judgment Debtor, Mrs. Namm, Jeffrey Brandon and Eric Scholer exchanged Mutual Releases, discharging any and all claims that existed prior to March 27, 2015. Copies of Mrs. Namm and the Judgment Debtor's Mutual Releases are attached hereto as **COMPOSITE EXHIBIT 4.**

7. A few months prior to the Settlement, on January 15, 2015, Mrs. Namm organized JMT Food Group, LLC ("JMT Food") and listed herself as manager. The Articles of Organization are attached hereto as **EXHIBIT 5.**

8. Despite Deluxe's sale of all of its assets to the Judgment Debtor on December 12, 2012, Mrs. Namm opened checking account no. 6618 and savings account no. 8470 in the name of Deluxe with TD Bank on July 1, 2014. A copy of the account opening document is attached hereto as **EXHIBIT 6.**

9. Mrs. Namm testified that after the Asset Sale, no revenue from the sale of the Judgment Debtor's product should be deposited into any Deluxe bank accounts and said revenue should be deposited into the Judgment Debtor's bank account. Deluxe Dep. Tr. 55:2-56:11.

10. Mrs. Namm initially testified that no revenue from the sale of the Judgment Debtor's product was deposited into a Deluxe bank account. Deluxe Dep. Tr. 56:6-11. Later Mrs. Namm changed her testimony such that she began having revenue from the sale of the Judgment Debtor's product deposited into a Deluxe bank account after the Judgment Debtor's

bank account at Bank of America was garnished by TTT Foods in the spring of 2016.  Deluxe Dep. Tr. 59:10-61:12; 112:2-15.

11. Deluxe's TD Bank statements for account no. 6618 actually show $307,363.83 of deposits beginning February 24, 2015 and ending October 5, 2016.  See Summary of Deposits into and Summary of Transfers from Deluxe's TD Bank account no. 6618 attached hereto as **COMPOSITE EXHIBIT 7** and the supporting bank records attached hereto as **EXHIBIT 7A.**

12. When questioned about said deposits, Mrs. Namm testified that she had said funds deposited into Deluxe's bank account because of TTT Foods' suit against the Judgment Debtor and her need to pay her personal mortgage.  Deluxe Dep. Tr. 91:5-92:10.

13. On April 27, 2015, the Judgment Debtor defaulted on the payments due under the Notes.  A copy of TTT Foods' demand letter is attached hereto as **EXHIBIT 8.**

14. On June 3, 2015, TTT Foods sued the Judgment Debtor in Palm Beach County Circuit Court (the "State Court") for breach of contract and foreclosure of security interest in personal property based upon said defaults under the Notes (the "State Court Suit").  A copy of the complaint is attached hereto as **EXHIBIT 9.**

15. On April 18, 2016, the State Court signed an *Amended Agreed Final Summary Judgment* in favor of TTT Foods and against the Judgment Debtor in the amount of $176,001.76, with an interest rate of 4.75% annum, a true and correct copy of which is attached hereto as **EXHIBIT 10**.

16. On April 18, 2016, the State Court also entered an *Order Deferring Plaintiff's Motion for Judgment on the Pleadings as Moot* because the Judgment Debtor filed a *Notice of Voluntary Dismissal of the Counterclaims*, and ordered that execution and enforcement of the judgment is no longer stayed.  A true and correct copy of such order is attached hereto as **EXHIBIT 11**.

17. On May 16, 2016, the State Court entered a *Final Judgment Awarding Attorney's Fees and Costs* ("Fees and Costs Judgment") in favor of TTT Foods and against the Judgment Debtor in the total amount of $47,178.68, with an interest rate of 4.78% per annum.  A true and correct copy of such order is attached hereto as **EXHIBIT 12**.

18. Based on the foregoing judgments (the "Judgments"), the Judgment Debtor is indebted to TTT Foods in the amount of $176,001.76, with an interest rate of 4.75% annum, and

$47,178.68, with an interest rate at 4.78% per annum (the "Indebtedness"). Admitted in paragraph 2 of the Answer.

19. As of the date of the filing of the instant case, the Judgment Debtor had failed to pay any amount of the Indebtedness to TTT Foods. Admitted in paragraph 2 of the Answer.

20. On June 3, 2016, less than three weeks after the State Court entered the Fees and Costs Judgment, Mrs. Namm filed *Articles of Dissolution* regarding the Judgment Debtor with the Florida Department of State Division of Corporations ("Department of State") that state that the "Company Out of Business[.]" A true and correct copy of the articles is attached hereto as **EXHIBIT 13**.

21. Counsel for Ms. Namm, Gus Benitez ("Mr. Benitez"), became the registered agent for the Judgment Debtor on or about May 3, 2016, and on June 6, 2016, filed his *Statement of Resignation of Registered Agent for Limited Liability Company* with the Department of State. A true and correct copy of such statement is attached hereto as **EXHIBIT 14**.

22. On June 13, 2016, Mrs. Namm filed a *Dissociation or Resignation of Member, Manager From Florida or Foreign Limited Liability Company* that states that Mrs. Namm withdrew/resigned as the Judgment Debtor's member/manager on June 3, 2016. A true and correct copy of such document is attached hereto as **EXHIBIT 15**.

23. Despite the aforementioned filings in June of 2016, Mrs. Namm continued to sell the Judgment Debtor's products, and had said revenue deposited into Deluxe's TD Bank account 6618. See Summary of Deposits of Deluxe's TD Bank account no. 6618 attached hereto as **COMPOSITE EXHIBIT 7** and the supporting bank records attached hereto as **EXHIBIT 7A.**

24. On September 16, 2015, Mrs. Namm opened TD Bank account No. 8586 in the name of JMT Food. A copy of the account opening document for said account is attached hereto as **EXHIBIT 16**.

25. Mrs. Namm has been the sole member of Deluxe and JMT Food since each was organized. Mrs. Namm Dep. Tr. at 9:9-11; 30:12-16; Deluxe Dep. Tr. 15:13-15.

26. Mrs. Namm has been the sole member of the Judgment Debtor since the Settlement. Deluxe Dep. Tr. 59:5-9.

27. Since the Settlement, Mrs. Namm was in charge of the Judgment Debtor, Deluxe and JMT Food's day-to-day operations. Deluxe Dep. Tr. 149:8-15.

28. The Judgment Debtor, Deluxe, and JMT Food operated out of the same location, 85 Corona Court[1], Old Bridge, New Jersey 08857, which is the Namms' personal residence. Admitted in paragraph 2 of the Defendants' Answer. See also JMT Food's invoices to Adams Fairacre Farms attached hereto as **EXHIBIT 17** and JMT Food's Articles of Organization.[2]

29. The Judgment Debtor and Deluxe shared the same customers. Deluxe Dep. Tr. at 33:15-25 and pages 9 and 10 of Exhibit CR-1 to the Deluxe Dep. Tr.

30. JMT Food also does business with many of the same customers as the Judgment Debtor and Deluxe, including Dean's Natural Food Market, Aspen Marketplace, Garden of Eden, Primizia Foods and Adams Fairacre Farms. See Summary of Deposits and Summary of Transfers from JMT Food's TD Bank account no. 8586 attached hereto as **COMPOSITE EXHIBIT 18** and the supporting bank records attached hereto as **EXHIBIT 18A.**

31. The Judgment Debtor and Deluxe sell the same product, pasta and barbeque sauce and salsa. Deluxe Dep. Tr. at 22:5-10; 50:21-51:1.

32. Judgment Debtor and Deluxe used the same manufacturer and freight companies to ship their product. Deluxe Dep. Tr. at 24:19-24; 43:7-12.

33. Deluxe Gourmet and Judgment Debtor are the same company. Deluxe Dep. Tr. at 94:24-95:2.

34. After the Settlement was documented on March 27, 2015, Judgment Debtor transferred $102,522.44 to or for the benefit of Mr. and Mrs. Namm. See Summary of Transfers from Judgment Debtor's Bank of America account nos. 8796 and 4221 attached hereto as **EXHIBIT 19** and **EXHIBIT 20**, and the supporting bank records attached hereto as **EXHIBIT 19A** and **EXHIBIT 20A.** See also the deposition transcript of Beatrice Namm is attached hereto as **EXHIBIT 21** and hereinafter referred to as "Mrs. Namm's Dep. Tr." at 32:3-65:15

35. In fact, Mrs. Namm caused the Judgment Debtor to transfer $32,400 to Deluxe's TD Bank account no. 6618 after the State Court Suit was filed, $1,600 on September 15, 2015, $4,000 on October 14, 2015, $5,300 on October 30, 2015, $6,000 on November 6, 2015, $1,500 on December 1, 2015, $2,500 on January 8, 2016, $7,500 on February 16, 2016, $4,000 on March

---

[1] The Namms testified that their personal address is actually 85 Corona Court not 85 Corona Street as alleged in the Amended Complaint.
[2] According to JMT Food's invoices issued to Adams Fairacre Farms, JMT Food is selling hummus products.

22, 2016.  See Summary of Transfers from the Judgment Debtor's Bank of America account no. 8796 attached hereto as **EXHIBIT 19**.

36. However, Mrs. Namm swore that the Judgment Debtor had not sold or transferred any personal property in the last four years in response to interrogatory number 14 propounded on the Judgment Debtor in aid of execution.  A copy of the Judgment Debtor's responses to interrogatories is attached hereto as **COMPOSITE EXHIBIT 22**.

37. Jon Namm is the only person obligated on the Ocwen and Freedom Mortgage debts encumbering the Namms' personal residence.  Mrs. Namm Dep. Tr. at 37:13-23; Jon Namm Dep. Tr. at 8:21-9:12.

38. Jon Namm is the sole owner of the real property at 85 Corona Court, Old Bridge, New Jersey 08857.  Jon Namm Dep. Tr. at 8:20-9:3.  A copy of the deed reflecting Jon Namm's ownership is attached hereto as **EXHIBIT 23**.  The deposition transcript of Jon Namm is attached hereto as **EXHIBIT 24** and hereafter referred to as "Jon Namm Dep. Tr."

39. The transfers by the Judgment Debtor to Toyota and Progressive Insurance were for Jon Namm's vehicle.  Mrs. Namm Dep. Tr. at 37:3-12; 38:11-13.

40. Since March 31, 2015, Deluxe transferred $118,737.56 to or for the benefit of Mr. and Mrs. Namm.  See Summary of Transfers from Deluxe's TD Bank account no 6618 attached hereto as **COMPOSITE EXHIBIT 7** and supporting bank records attached hereto as **EXHIBIT 7A**.

41. Since February 2, 2016, Deluxe transferred $11,365 to JMT Food.  See Summary of Transfers from Deluxe's TD Bank account no. 6618 attached hereto as **COMPOSITE EXHIBIT 7**.

42. Between March 9, 2016 and February 13, 2017, Mrs. Namm deposited several checks made out to Deluxe into the JMT Food TD Bank account no. 8586, which total $3,718.89.  See Summary of Deposits into JMT Food's TD Bank account 8586 **EXHIBIT 18** and supporting bank records attached hereto as **EXHIBIT 18A**.

43. Mrs. Namm initially testified that the transfers from Deluxe to JMT Food may have been a loan.  However, Mrs. Namm could not say whether there was a loan document evidencing said transactions.  After being unable to answer what the terms of the loan were, Mrs. Namm conceded that she did not know why money was transferred from Deluxe to JMT Food.  Mrs. Namm also testified that Deluxe received nothing in return for the transfers to JMT Food.  Deluxe Dep. Tr. 129:19-130:16; 142:20-143:11.

44.     Since December 1, 2015, JMT Food transferred $21,988.08 to Mr. and Mrs. Namm. See Summary of Transfers from JMT Food's TD Bank account no. 8586 attached hereto as **COMPOSITE EXHIBIT 18** and supporting bank records attached hereto as **EXHIBIT 18A** and Mrs. Namm Dep. Tr. 23:1-29:22.

45.     Transfers to or for the benefit of Mr. and Mrs. Namm from March 31, 2015 through December 31, 2015 from Judgment Debtor, Deluxe and JMT Food total $120,075.32.  See Summary of Transfers attached hereto as **EXHIBIT 25**.

46.     Transfers to or for the benefit of Mr. and Mrs. Namm in 2016 from Judgment Debtor, Deluxe and JMT Food total $119,105.88.  See Summary of Transfers attached hereto as **EXHIBIT 26**.

47.     Jon Namm provided no consideration to Judgment Debtor, Deluxe or JMT in exchange for said transfers.  Jon Namm Dep. Tr. at 12:6-13:10.

48.     Money deposited into the Namms' Bank of America joint checking account no. 2389 and the TD Bank joint savings account no. 3496 by the Judgment Debtor, Deluxe and JMT benefitted Jon Namm.  Said funds were used for family expenses.  Jon Namm Dep. Tr. at 10:16-12:5.

49.     The only explanation given by Mrs. Namm for the personal transfers by the Judgment Debtor, Deluxe and JMT Food was that said transfers were compensation for her personal services, and reflected on her tax returns.  Deluxe Dep. Tr. at 91:23-92:21; 104:19-105:1; 134:15-135:2; 147:7-25.

50.     There is no evidence in the Judgment Debtor, Deluxe or JMT bank records showing that transfers to and for the benefit of Mr. and Mrs. Namm are for Mrs. Namm's salary.  Deluxe Dep. Tr. 108:22-109:9.

51.     Since the Settlement, neither Judgment Debtor Deluxe nor JMT Food made regular weekly or bi-weekly payments made to Mrs. Namm as salary.  See **EXHIBIT 25** and **26**.

52.     The Namms' personal 2015 tax return shows gross income of $47,846 and Mr. Namm testified that he makes about $40,000 per year working for the Daily News.  The Namms' 2015 personal tax return is attached to the Jon Namm Tr. as Exhibit JN -1.  See **EXHIBIT 24**.  See also Jon Namm Dep. Tr. at 13:11-14:24.

53. Mr. Namm had no answer for why the money transferred by the Judgment Debtor, Deluxe and JMT to or for the benefit of the Namms was not reported on their joint tax return. Jon Namm Dep. Tr. at 14:21-14:24.

54. The Namms paid no self-employment tax for 2015 and did not attach Schedule SE to their 2015 personal return to report self-employment income. See line 57 on Bate #0004 of the Namms' 2015 personal tax return.

55. Mrs. Namm's interest in Deluxe does not appear on the Namms' 2015 personal tax return. However, Mrs. Namm is listed as the sole proprietor of a retail source business. See Bate #0007 of the Namms' 2015 personal tax return.

56. No wages are reported on line 26 of Schedule C for JMT Food or line 26 of Schedule C for the Retail Sources sole proprietorship. See Bate #0005 and Bate #0007 of the Namms' 2015 personal tax return.

57. The Judgment Debtor was insolvent during the period of March 27, 2015 through June 30, 2016. The Expert Report of William G. King ("Mr. King") is attached hereto as **EXHIBIT 27**.

58. Mr. King reconstructed month end balance sheets for the Judgment Debtor utilizing the documents identified in Section III of his report and concluded that the Judgment Debtor's assets never exceeded its liabilities. See Mr. King's expert opinion in Section II of his report, along with the basis for said opinion set forth in Section IV and Exhibit A to the report.

59. Mrs. Namm reviewed Mr. King's report and does not dispute any specific part of Mr. King's report. Mrs. Namm Dep. Tr. at 71:18-72:15.

60. Mrs. Namm acknowledged that the TTT Foods' debt has not been paid. Mrs. Namm Dep. Tr. at 73:17-74:8.

61. Mrs. Namm conceded that her Pasta Business was always behind in payments to its manufacturer, Kaltec. Deluxe Dep. Tr. at 112:21-113:2.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF Notice of Electronic Filing on Gus R. Benitez, Esquire, counsel for the Defendants, 1223 East Concord Street, Orlando, Florida 32803 service@arbenitez.com; Gus@arbenitez.com, on April 17, 2017.

> SHRAIBERG LANDAU & PAGE, P.A.
> Attorneys for TTT Foods Holdings Company LLC
> 2385 NW Executive Center Drive, Suite 300
> Boca Raton, Florida 33431
> Telephone: 561-443-0800
> Email: jpage@slp.law
> Email: blee@slp.law
>
> By: /s/ *John E. Page*
>      John E. Page
>      Florida Bar No. 0860581
>      Bernice C. Lee
>      Florida Bar No. 0073535