UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

TTT Foods Holding Company LLC,
a Florida limited liability company,
       Plaintiff,

v.                                    Case No.: 9:16-cv-81798-DMM

BEATRICE NAMM, an individual,
JONATHAN NAMM, an individual,
and DELUXE GOURMET
SPECIALTIES LLC, a New Jersey
       Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

COME NOW the Defendants BEATRICE NAMM ("Mrs. Namm"), JONATHAN NAMM ("Mr. Namm") and DELUXE GOURMET SPECIALTIES LLC, a New Jersey limited liability company ("Deluxe"), by and through the undersigned attorneys, and file this their *Response to Plaintiff's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment*, as mandated by Local Rule 56.1, and state in support thereof as follows:

1. Defendants do not dispute the statement made by Plaintiff in Paragraphs 1, 2, 3, 4, 5, 6, 7, and 8.

2. As to Plaintiff's Paragraphs 9, the statement is true, but misleading without clarification. The clarification follows: Plaintiff was repeatedly instructed by Mrs. Namm to contact the customers and advise them that the Judgment Debtor is the company doing business, not Deluxe, and to instruct the customers to forward payment to the Judgment Creditor not Deluxe. Plaintiff refused to do so. Instead, Plaintiff continued to cash the checks and other

deposits made payable to Deluxe, endorsing many of the checks as "Twin Tower Trading Inc" and/or "Bea's Brooklyn's Best LLC", and depositing them in Bea's Brooklyn's bank account. Attached to Mrs. Namm's Amended Affidavit as Exhibit "F" are the copies of those canceled checks verifying Plaintiff deposit of the aforementioned checks made payable to Deluxe between 2012 to or about March of 2015.  Plaintiff controlled and knowingly and intentionally made the deposits of all checks owed to the Judgment Debtor, whether or not the check was made payable to Deluxe or the Judgment Creditor, including, but not limited to, all the checks in Exhibit "F", until March of 2015.  *See Amended Affidavit-Mrs. Namm at ¶85.*

       3.     As to Plaintiff's Paragraph 10, Defendants deny the first sentence of Plaintiff's Paragraph 10.  The transcript speaks for itself and do not support that statement. *See Amended Affidavit-Mrs. Namm at ¶86.*  As to the second sentence, Mrs. Namm did testify to that affect but she was mistaken.  The reason why those checks were deposited in Deluxe was because the checks were made payable to Deluxe. *See Amended Affidavit-Mrs. Namm at ¶86.*

       4.     As to Plaintiff's Paragraph 11, records for account ending in 6618 speak for themselves.  Furthermore, it was common practice of the Judgment Debtor, since 2012, to receive checks made payable to Deluxe.  Plaintiff had the ability to deposit in the Judgment Debtor's account checks made payable to Deluxe, but Mrs. Namm did not have the banking connections that allowed her to do so, so she had to deposit the Deluxe checks in the Deluxe bank account. *See Amended Affidavit-Mrs. Namm at ¶87.*

       5.     As to Plaintiff's Paragraph 12, Mrs. Namm made the statement but she was mistaken. *See Amended Affidavit-Mrs. Namm at ¶88.*

6. As to Plaintiff's Paragraph 13, that is untrue; the Notes were not in default on April 27, 2015, as self evident from the notes themselves, as well as the letter referred to as Exhibit 8 by Plaintiff, but which in fact is marked as Exhibit 9. *See Amended Affidavit-Mrs. Namm at ¶89.*

7. Defendants admit Plaintiff's Paragraph 14, except that Defendants' position was in the State Court that there was no default under the Notes. *See Amended Affidavit-Mrs. Namm at ¶90.*

8. Defendants do not dispute the statement made by Plaintiff in Paragraphs 15, 16, 17, 18, 19, 20, 21, and 22.

9. As to Plaintiff's Paragraph 23, any transaction after Mrs. Namm's resignation would have been part of the winding down of the business; the last check cleared on June 26, 2016, for an invoice mailed on May 15, 2016. *See Amended Affidavit-Mrs. Namm at ¶91.*

10. Defendants do not dispute the statement made by Plaintiff in Paragraphs 24, 25, 26, and 27.

11. As to Plaintiff's Paragraph 28, the statement is not true. While Deluxe and JMT operated out of the indicated address, prior to March of 2015 the Judgment Debtor operated out of Florida. *See Amended Affidavit-Mrs. Namm at ¶92.*

12. As to Plaintiff's Paragraphs 29, 31 and 32, Plaintiff's statements are misleading and inaccurate. Deluxe was not in business after 2012 and as such, had no customers and did not sell anything after 2012. The fact that customers made their check payable to Deluxe

did not change that fact.  Deluxe did not do business after 2012. *See Amended Affidavit-Mrs. Namm at* ¶93.

13. Plaintiff's Paragraphs 33 and 34 are untrue.  Deluxe is not the same company as the Judgment Debtor, and "Deluxe Gourmet" or "Deluxe Gourmet Specialties" are not separate companies, but refer to Deluxe. The amounts shown on Exhibit 19 are payments belonging to JMT that were made payable to "Deluxe Gourmet" or "Deluxe Gourmet Specialties" by mistake and were properly deposited or transferred to the JMT's bank account. *See Amended Affidavit-Mrs. Namm at* ¶94.

14. As to Plaintiff's Paragraph 35 is untrue. *See Amended Affidavit-Mrs. Namm at* ¶95, where Mrs. Namm explained that when she saw that Kaltec (one of the manufacturers for the Judgment Debtor) invoice due dates were approaching, she would withdraw funds from the Judgment Creditor's account and deposit them into Deluxe account ending in 6618 to combine Deluxe and the Judgment Creditor's monies together to complete the amount of monies owed.  Since Kaltec was a TD bank customer (and to save her wiring fees) Mrs. Namm would sometimes deposit the cash into the Deluxe bank account then ask for a deposit slip and deposit funds right into the Kaltec's TD Bank account ending 5492 and then confirm with Lisa, a person in their accounting department, that the funds went through.

15. As to Plaintiff's Paragraph 36, Mrs. Namm stated in her *Amended Affidavit-Mrs. Namm at* ¶96 that she understood the interrogatory to be asking about transfer of personal property, not monies or checks, and that is the way she answered that interrogatory. Mrs. Namm noted that the very next interrogatory requested information on "money" and at that

time the Judgment Debtor had provided all its books and records and whatever bank records were in its accountant's possession, as well as his accountant's deposition had been taken by the Plaintiff.

16. Defendants do not dispute the statement made by Plaintiff in Paragraphs 37, 38 and 39.

17. As to Plaintiff's Paragraph 40, that statement is untrue. Deluxe did not transfer the $118,737.56 to or for the benefit Mr. and Mrs. Namm. *See Amended Affidavit-Mrs. Namm at ¶97.*

18. Defendants do not dispute the statement made by Plaintiff in Paragraphs 40 and 41.

19. As to Plaintiff's Paragraph 43, the transcript speaks for itself.

20. Defendants do not dispute the statement made by Plaintiff in Paragraphs 44. JMT has nothing to do with the Judgment Debtor and is a separate and distinct company with separate and distinct products. *See Amended Affidavit-Mrs. Namm at ¶98.*

21. As to Plaintiff's Paragraph 44, Plaintiff's Exhibit 25 purports to state that I took $120,075.32 from Judgment Debtor; that is not true. From the $120,075.32 on Plaintiff's Exhibit 25, the amount of $75,347.19 consisted of business expenses of the Judgment Debtor, leaving $44,728.13 which was provided to Mrs. Namm to reimburse her for her loan to the Judgment Debtor and part of her compensation. Mrs. Namm composed a list which states the purpose for each withdrawal, which is attached as Defendants' Exhibit "C" her Amended Affidavit. *See Amended Affidavit-Mrs. Namm at ¶79.*

22. As to Plaintiff's Paragraph 45, Plaintiff's Exhibit 26 purports to state that Mrs. Namm took $119,105.88 from Deluxe; that is not true. From the $119,105.88 Plaintiff's Exhibit 26, the amount of $68,933.53 consisted of business expenses of the Judgment Debtor, leaving $50,172.35 which was provided to Mrs. Namm to reimburse her for her loan to the Judgment Debtor and part of her compensation. Mrs. Namm composed a list which states the purpose for each withdrawal, which is attached as Defendants' Exhibit "D" her Amended Affidavit. Mrs. Namm composed a detailed listing which states the purpose for each withdrawal, which she attached to her Amended Affidavit as Exhibit "D". *See Amended Affidavit-Mrs. Namm at ¶80.*

23. Mrs. Namm loaned the Judgment Debtor a total of $78,689.67. When you add the $44,728.13 net amount from Plaintiff's Exhibit 25 and the $50,172.35 net amount from Plaintiff's Exhibit 26 and subtract from that the $78,689.67 loaned amount, Mrs. Namm's salary is $16,210.81 for all her services to the Judgment Debtor from March 2015 to the present day. *See Amended Affidavit-Mrs. Namm at ¶81.*

24. As to Plaintiff's Paragraph 47, Mrs. Namm disputes this statement in that Mr. Namm did assist her from time to time in her work for the Judgment Debtor. *See Amended Affidavit-Mrs. Namm at ¶99.*

25. Defendants do not dispute the statement made by Plaintiff in Paragraphs 48.

26. As to Plaintiff's Paragraph 49, Mrs. Namm denies that statement in that she has given other explanations as to the transfer, whatever transfers are being referred to by

Plaintiff. If the statement is meant to refer only as to what she said or did not say during her deposition, the transcript speaks for itself. *See Amended Affidavit-Mrs. Namm at ¶100.*

27. As to Plaintiff's Paragraph 50, Mrs. Namm denies that statement in that there is evidence that some of the transfers, whatever transfers are being referred to by Plaintiff, were for her salary. If the statement is meant to refer only as to what she said or did not say during her deposition, the transcript speaks for itself. *See Amended Affidavit-Mrs. Namm at ¶101.*

28. As to Plaintiff's Paragraph 51, Mrs. Namm denies this statement. There were in fact payments regularly made by the Judgment Debtor for her salary and compensation, in unequal amounts. *See Amended Affidavit-Mrs. Namm at ¶102.*

29. As to Plaintiff's Paragraph 52, the tax returns speak for themselves. *See Amended Affidavit-Mrs. Namm at ¶103.*

30. As to Plaintiff's Paragraph 53, Mrs. Namm deposition transcript speaks for itself. Mrs. Namm is not an accountant and she has an accountant do her tax returns. *See Amended Affidavit-Mrs. Namm at ¶104.*

31. As to Plaintiff's Paragraph 54, 55 and 56, the tax returns attached speak for themselves.

32. Defendants deny Plaintiff's Paragraph 57 and 58. Judgment Debtor was not insolvent during the period of March 27, 2015 through June 30, 2016. Mr. King's report says what it says, but Defendants disagree with Mr. King's conclusions and opinions because the assets of Judgment Debtor exceeds its liabilities and but for Plaintiff's intentional interference with the Judgment Debtor's customers and Mr. King noting the entire debt due on the Notes each

month, the Judgment was making money. Mrs. Namm disagrees with Mr. King's report and findings and disputes the facts, assumptions and method by which it determined that in his opinion the Judgment Debtor was insolvent, and notes that no affidavit was provided by Mr. King. *See Affidavit-Mrs. Namm at* ¶105.

33. Defendants do not dispute the statement made by Plaintiff in Paragraph 60.

34. Defendants admit Plaintiff's Paragraph 61, but again the statement is misleading. Kaltec payments were always behind because payment on their invoice was due 30 days after invoicing. *See Affidavit-Mrs. Namm at* ¶106.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by notice of electronic filing via CM/ECF to John E. Page, counsel for Plaintiff (jpage@sflp.law) and Bernice C. Lee, counsel for Plaintiff (blee@sflp.law), and to those other parties registered to receive such service on May 3, 2017.

*/s/ Agustin R. Benitez*
AGUSTIN R. BENITEZ, ESQUIRE
BENITEZ LAW GROUP, P.L.
Florida Bar # 278130
1223 East Concord Street
Orlando, Florida 32803
(407) 894-5000
(407) 896-8061 (fax)
Primary E-Mail: *Service@ARBenitez.com*
Secondary E-Mail: *Gus@ARBenitez.com*