UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 9:16-cv-81798-DMM

TTT Foods Holding Company LLC,
a Florida limited liability company,

    Plaintiff,

v.

BEATRICE NAMM, an individual,
JONATHAN NAMM, an individual, and
DELUXE GOURMET SPECIALTIES LLC, a
New Jersey limited liability company,

    Defendants.
_____/

**REPLY IN SUPPORT OF MOTION FOR SUMMAY JUDGMENT AS TO
COUNTS I, II, III, V, VI, AND VII OF THE AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

    Plaintiff, TTT Foods Holding Company LLC ("TTT Foods"), hereby files this reply in support of the *Motion for Summary Judgment as to Counts I, II, III, V, VI, and VII of its Amended Complaint* (the "Motion") [ECF No. 74] against Beatrice Namm ("Mrs. Namm"), Jonathan Namm ("Jon Namm") (together, the "Namms") and Deluxe Gourmet Specialties, LLC ("Deluxe") (collectively, the "Defendants"), and states as follows:

**UNDISPUTED FACTS**

    On May 3, 2017, the Defendants filed their *Response to Plaintiff's Motion for Summary Judgment* (the "Response") [ECF No. 80], the *Affidavit in Opposition to Plaintiff's Motion for Summary Judgment* ("Namm Affidavit") (cited as "Namm Aff.") [ECF No. 81], and *Response to Plaintiff's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment* (the "Defendants' Statement") (cited as "Defs.' Stmt.") [ECF No. 82]. The Defendants do not deny the following paragraphs set forth in the TTT Foods' *Statement of Undisputed Material Facts in Support of Motion for Summary Judgment* ("Plaintiff's Statement") (cited as "Pl.'s

1

Stmt.") [ECF No. 75]: 1-9, all of paragraph 10 but for the first sentence, 11-12, 15-22, 24-27, 30, 36-44, 48, 52-56, 59-61.  In the interest of brevity, the Namms' factual allegations are discussed below.

## LEGAL ARGUMENTS

### I. Mrs. Namm's Statements Should be Disregarded.

The Namms' Response creates no material issue of fact.  The Namm Affidavit consists of immaterial, inconsistent, speculative or conclusory factual allegations that are self-serving with no factual support in the record.  Under Rule 56 of the Federal Rules of Civil Procedures an affidavit used to oppose a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Courts should disregard as noncompliant "conclusory allegations lacking supporting evidence;" "self-serving statements without factual support in the record;" and "mere speculation or conjecture."  *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum, LLC*, 653 F. Supp. 2d 895, 915 (N.D. Ind. 2009) (citations omitted); *Stein v. Ashcroft*, 284 F.3d 721, 726 (7th Cir. 2002) ("Bald and self-serving assertions in affidavits, unsubstantiated by any documentation or other testimony, are not sufficient to create a material issue of fact.").

### II. The Namms are Liable for Fraudulent Transfers, and the Transfers were to or for the Benefit of the Namms.

The Namms have raised no genuine issue of fact.  The unrefuted evidence establishes that from March 31, 2015 through May 10, 2016 Bea's Brooklyn's Best, LLC (the "Judgment Debtor") transferred $102,522.44 to or for the benefit of the Namms (the "Judgment Debtor Transfers").  *See* Pl.'s Stmt. ¶ 34.  The Namms raise no material issue of fact.  *See* Defs.' Stmt. ¶ 13.[1]  The unrefuted evidence also establishes that from March 31, 2015 through October 2016, Deluxe transferred $118,737.56 from its bank account to or for the benefit of the Namms (the "Deluxe Transfers") (the "Judgment Debtor Transfers" and the "Deluxe Transfers" shall be

---

[1] The Namms appear to have mistakenly alleged that the amounts shown on Exhibit 19 of the Plaintiff's Statement are payments belonging to JMT Food Group, LLC ("JMT") that were payable to Deluxe by mistake and property deposited into JMT's bank account.  *See* Defs.' Stmt. ¶ 13.  None of the transfers shown on Exhibit 19 of the Plaintiff's Statement were deposited into JMT's bank account.  *See* Pl.'s Stmt. ¶ 34.

2

referred to as the "Transfers"). *See* Pl.'s Stmt. ¶ 40. The Namms have presented no material issue of fact. The Court should disregard the Namms' bald denial that such transfers were not to or for their benefit as a self-serving statement with no factual support, and is contradicted by their own allegation that such transfers were provided to them for the repayment of loans and as compensation, which are addressed below in the context of value. *See* Defs.' Stmt. ¶ 17, 22; Namm Aff. ¶ 80, 97.

### a. TTT Foods is Entitled to Judgment as a Matter of Law under Section 726.105(1)(a) of the Florida Statutes.

TTT Foods is entitled to judgment as a matter of law on Count I, which seeks relief for actual fraudulent transfer pursuant to section 726.105(1)(a) of the Florida Statutes. Multiple courts, including the Eleventh Circuit, have determined that the presence of multiple badges of fraud that are not rebutted by valid evidence warrants judgment as a matter of law. *See In re Bifani*, 580 F. App'x 740 (11th Cir. 2014) (affirming lower court's decision to grant summary judgment when the plaintiff established prima face case with four badges of fraud and the defendant offered insufficient evidence to rebut presumption); *German Am. Capital Corp. v. Morehouse*, No. 13-80704-CIV, 2014 WL 2511307 (S.D. Fla. June 4, 2014) (granting summary judgment on a fraudulent transfer claim where plaintiff established four badges of fraud and defendant provided no plausible or legitimate explanation for the conveyances); *Ritchie Capital Mgmt., LLC v. Stoebner*, 779 F.3d 857, 862–63 (8th Cir. 2015) (affirming a lower court's decision to grant summary judgment when the plaintiff established five badges of fraud).

The Defendants concede the following badges of fraud: i) Mrs. Namm took customer payments that were due to the Judgment Debtor and deposited such funds into Deluxe's bank account, which concealed the Deluxe Transfers, *see* Pl.'s Stmt. ¶ 11; Defs.' Stmt. ¶ 4, ii) the Namms are insiders, *see* Pl.'s Stmt. ¶ 26-27; Defs.' Stmt. ¶ 10, iii) the Transfers were made after the Judgment Debtor and Deluxe incurred substantial debt through the Settlement and Notes on March 27, 2015, *see* supra 2-3; Pl.'s Stmt. ¶ 5; Defs.' Stmt. ¶ 1, iv) many of the Transfers occurred after TTT Foods initiated the State Court Suit and the State Court entered the Judgment, *see* supra 2-3; Pl.'s Stmt. ¶ 14-17; Defs.' Stmt. ¶ 7-8, and v) the Namms concealed the Transfers occurring in 2015 by not reporting such amounts as income on their tax return, *see* Pl.'s Stmt. ¶ 52-55; Defs.' Stmt. ¶ 28-31. The Namms signed the tax return under the penalty of perjury, and

it is irrelevant that they are not accountants. The Namms were fully aware of the income they received, and that such amounts were not properly reported to the United States.

TTT Foods has established additional badges of fraud, and the Namms' factual allegations are insufficient to raise any material issue of fact. First, Mrs. Namm has admitted that she had the Judgment Debtor's funds deposited into Deluxe's bank account because of TTT Foods' suit against the Judgment Debtor. *See* Pl.'s Stat. ¶ 12. Mrs. Namm's allegation that she was mistaken in such testimony is conclusory and self-serving, and should be disregarded. *See* Defs.' Stmt. ¶ 5; Namm Aff. ¶ 88.

Second, Mrs. Namm improperly concealed the Judgment Debtor's income by transferring it to Deluxe, and then using such funds to make the Deluxe Transfers from Deluxe to or for the benefit of the Namms. It is undisputed that from February 24, 2015 through October 5, 2016 Deluxe received over $300,000 of deposits from customers and the Judgment Debtor. *See* Pl.'s Stmt. ¶ 11; Defs.' Stmt. ¶ 4. Mrs. Namm's newest explanation is that payments due to the Judgment Debtor were deposited into Deluxe's bank account because the checks listed Deluxe as the payee.[2] *See* Namm Aff. ¶ 86-87. This explanation is based upon irrelevant, conclusory, contradictory and/or self-serving statements without factual support in the record that the Court should disregard. Mrs. Namm's attempt to shift the blame for her misconduct to TTT Foods by stating that prior to March 2015, TTT Foods had failed to advise customers to make checks out to Judgment Debtor is a self-serving statement without factual support, and immaterial as it occurred prior to the conduct at issue.[3] As the owner, Mrs. Namm had the responsibility to communicate with the customers, and deposit funds into the Judgment Debtor's account once she became the sole owner in March 2015. Moreover, Donald Porges, who handled the accounting and financial matters of the Judgment Debtor prior to the March 27, 2015 settlement, disputes

---

[2] Mrs. Namm initially testified that no revenue from the sale of the Judgment Debtor's product should have been, or was, deposited into a Deluxe bank account, and then later testified that she began having revenue from the sale of the Judgment Debtor's product deposited into a Deluxe bank account after the Judgment Debtor's bank account at Bank of America was garnished by TTT Foods in the spring of 2016. Pl.'s Stmt. ¶ 9-10. Mrs. Namm's statement that she was mistaken is a contradictory, self-serving statement that should be disregarded. *See* Namm's Aff. ¶ 86.

[3] Nor does Mrs. Namm provide any record support to show that TTT Foods had the obligation to advise customers that payments should be made to the Judgment Debtor.

4

Mrs. Namm's allegations and her Exhibit 4[4]. *See* Affidavit of Donald K. Porges C.P.A. attached hereto as **Exhibit "A"**. Porges' Aff. ¶¶ 1-14. Donald Porges swears that he requested Mrs. Namm to instruct customers to make checks payable to the Judgment Debtor and she refused. Porges' Aff. ¶¶ 12-14. Despite said failure, Donald Porges deposited all checks made out to Deluxe into the Judgment Debtor's bank account prior to March 27, 2015. Porges' Aff. ¶¶14-18. Mrs. Namm's allegation that she did not have the ability to deposit checks due to the Judgment Debtor into its bank account is false. *See* Namm Aff, ¶ 87. Since March 2015, she has had access to the Judgment Debtor's bank account, as shown by the Judgment Debtor's bank statements for the period after March 2015. *See* Pl.'s Stmt. Ex. 19, 19A, 20, and 20A.

In addition, Mrs. Namm's allegation that the checks were made out to Deluxe, and not the Judgment Debtor, is false in multiple instances.[5] Further, Mrs. Namm was even causing the Judgment Debtor to make transfers to Deluxe. Pl.'s Stmt. ¶ 35. Mrs. Namm's allegation that she placed the Judgment Debtor's funds into Deluxe's account to pay a manufacturer is not supported by credible evidence, such as payment confirmations or purchase orders, and further shows that that she was operating the Judgment Debtor's business out of Deluxe. *See* Namm Aff. ¶ 95. Moreover, Mrs. Namm's allegation that she mistakenly falsely swore that the Judgment Debtor had not sold or transferred any personal property in the last four years in response to interrogatory number 14 because she did not understand the question is a self-serving, inconsistent statement that should be disregarded. *See* Pl.'s Stmt. ¶ 36; Namm Aff. ¶ 96. The response to the first interrogatory provides that Mrs. Namm answered the interrogatories

---

[4] Plaintiff assumes that Exhibit 4 to the Namm Affidavit is referred to as Exhibit "F" in the body of the Namm Affidavit. *See* Namm's Aff. ¶ 85.

[5] Exhibit 7 and 7A to the Plaintiff's Statement show that the following checks were made to the Judgment Debtor but deposited into Deluxe's bank account: i) on June 1, 2015, Amish Manhattan issued a $260 check to the Judgment Debtor, ii) on June 24, 2016, a $2,830.77 check endorsed to the Judgment Debtor, iii) on July 2, 2015, Primizia Foods II issued a $1,068 check to the Judgment Debtor; iv) on August 6, 2015, Primizie Foods/DeCicco Enterprises issued a $366.50 check to the Judgment Debtor; v) on August 6, 2015, DeCicco Enterprises issued a $204 check to the Judgment Debtor; vi) on September 2, 2015, DeCicco Enterprises issued a $126 check to the Judgment Debtor; vii) on September 30, 2015, Primizia Foods II issued a $306 check to the Judgment Debtor; and viii) on November 13, 2015, UPS Claims Settlement issued a $124 check to the Judgment Debtor.

on behalf of the Judgment Debtor with the assistance of counsel, Gus Benitez. *See* Pl.'s Stmt. Ex. 22. Mrs. Namm's comment about interrogatory 15 dealing with money is misleading, as that interrogatory simply asks the Judgement Debtor about money it has **received** not **transferred.** *See* Pl.'s Stmt. Ex. 22.

Third, the evidence establishes that the Judgment Debtor was insolvent during the period of March 27, 2015 through June 30, 3016. *See* Pl.'s Stmt. ¶ 57-61. See Affidavit of William G. King C.P.A. attached hereto as **Exhibit "B"**. Mr. King's reconstructed balance sheet shows that the Judgment Debtor was insolvent by at least $144,00 during the relevant period. *See* Pl.'s Stmt. Ex. 27. The Namms presented no expert opinion to rebut Mr. King's report and opinions. Instead, Mrs. Namm merely states that the value of the recipes for spaghetti and barbecue sauces (the "Recipes") have value in an amount that exceeds the debt owed to TTT Foods. *See* Namm Aff. ¶ 10-15, 105-106. Her statements are conclusory, self-serving without factual support in the record, and mere speculation and conjecture. Mrs. Namm's statement that the Recipes remain with the Judgment Debtor is inconsistent with the unrefuted evidence discussed herein that establishes that Mrs. Namm moved the Judgment Debtor's business to Deluxe, including the Recipes, and has been conducting such business through Deluxe. Mrs. Namm neither provides a specific amount, nor provides a basis for such conclusion. Mrs. Namm has not marketed the sale of the Recipes, and has not obtained a valuation of the Recipes. The Judgment Debtor did not sell the Recipes and pay the Indebtedness owed to TTT Foods. Instead, Mrs. Namm voluntarily dissolved the Judgment Debtor in June 2016, resigned as its manager, and continued to generate income through Deluxe's use of the Recipes. *See* Pl.'s Stmt. ¶ 20, 23. The argument in the Response that the value of the Recipes should be determined by TTT Foods funding of $300,000 for a 49% interest in the Judgment Debtor's business in 2012 is mere conjecture, stale data and should be disregarded.[6]

Mrs. Namm's statement that the Judgment Debtor did not default, and thus the entire amount of the debt was not due should be disregarded. It has been adjudicated that the Judgment Debtor defaulted under the Notes. Pl.'s Stmt. ¶ 15. Furthermore, it is undisputed that the

---

[6] Further, the asset purchase agreement provides that the assets purchased for such sum included other significant assets including: i) customer lists and accounts, ii) product, label and packing inventory, iii) website and domain registration, and iv) intellectual property including the trade name "Bea's Brooklyn's Best". Pl.'s Stmt. ¶ 4.

6

Judgment Debtor was obligated to TTT Foods on the Notes as of March 27, 2015. Pl.'s Stmt. ¶ 15. Therefore, it is proper for Mr. King to include the full amount of the Judgment Debtor's obligation to TTT Foods as a liability in his analysis. The undisputed facts further establish that the Judgment Debtor was unable to pay the Indebtedness to TTT Foods. Mrs. Namm also conceded that her business was always behind in payments to its manufacturer, Kaltec. *See* Pl.'s Stmt. ¶ 61. Mrs. Namm's contrary statement that she timely paid such amounts is a self-serving statement that lacks support. Namm's Aff. ¶ 106. Finally, Mrs. Namm's statement that the Judgment Debtor was making money is incorrect. Namm's Aff. ¶ 105. The Judgment Debtor's tax returns for 2015 and 2016 reflect losses of $41,648 and $96,464 respectively. Copies of said tax returns are attached hereto as **Exhibits "C** and **"D"**.

Fourth, the evidence establishes that the Namms did not provide reasonably equivalent value for the Transfers. Mr. Namm conceded that he provided no consideration for the Transfers, and Mrs. Namm's allegation that he provides services to the Judgment Debtor should be disregarded as a self-serving statement without factual support in the record. Pl.'s Stmt. ¶ 47; Namm Aff. ¶ 99. Mrs. Namm's allegation that the Transfers constituted payment for business expenses totaling $144,280.72, loan repayments totaling $78,689.67, and wages totaling $16,210.81 are conclusory, self-serving statement without factual support in the record. *See* Namm Aff. ¶ 79-81[7]. The charts created by Mrs. Namm to indicate what the Transfers were for are similarly conclusory and self-serving without factual support in the record. *See id*. Mrs. Namm has provided no documents to show that she provided any loans. Nor has she provided any documents to show that the Transfers were for wages. Instead, the Namm's 2015 tax return shows that she earned no wages from the Judgment Debtor or Deluxe. The charts prepared by Mrs. Namm indicate that her alleged salary was not paid regularly. Further, as set forth in the Motion, Mrs. Namm would not be entitled to any salary because her conduct did not cause the Judgment Debtor to prosper. *See* Mot. 8. Paragraphs 79-81 of Namm's Affidavit are confusing and incomprehensible to say the least. However, closer scrutiny of Exhibits 1, 2 and 3 attached

---

[7] Plaintiff assumes that the Exhibit "C" referenced in paragraph 79 of the Namm Affidavit is Exhibit 3 attached to the Namm Affidavit, Exhibit "D" referenced in paragraph 80 is Exhibit 2 to the Namm Affidavit and Exhibit "E" referenced in paragraph 81 is Exhibit 1 to the Namm Affidavit. Namm allegedly created Exhibit 2 to refute Plaintiff's Exhibit 26, and Exhibit 3 to refute Plaintiff's Exhibit 25.

to the Namm Affidavit show that Mrs. Namm concedes that the transfers made by the Judgment Debtor, Deluxe and JMT benefitted Mr. and Mrs. Namm.

Exhibit 1 to the Namm Affidavit, which purports to show alleged loans made by Mrs. Namm to the Judgment Debtor is completely contradicted by the evidence. Attached hereto as **Exhibit "E"** is the Plaintiff's response to Exhibit 1, which shows that $62,432.82 was withdrawn from the Namms' joint savings account with TD Bank ending in 3496, not $77,932.82 as indicated. Of the $62,432.82 withdrawn from said personal account, $37,305 was transferred to Deluxe, $2,098.15 was transferred to JMT, $7,008 was transferred to Mrs. Namm, $9,521.67 is a cash withdrawal with no record showing that said funds were used for the Judgment Debtor. None of said transfers provided any consideration to the Judgment Debtor and cannot constitute a loan to the Judgment Debtor. Only $6,500 can conceivably be argued as a transfer that benefitted the Judgment Debtor to pay for Mr. Benitez's legal fees. However, there is no loan document showing that the Judgment Debtor is obligated to reimburse Mrs. Namm. Furthermore, the payment of attorney's fees was around the time the judgments were entered against the Judgment Debtor and shortly before Mrs. Namm filed paperwork to attempt to dissolve the Judgment Debtor. Therefore, the Judgment Debtor had no ability to pay an alleged insider loan.

Plaintiff's response to Exhibits 2 and 3 are attached hereto as **Exhibits "F"** and **"G"**. Said exhibits show that the Namms admitted that they benefitted from transfers in 2015 in the amount of $60,344.71 and in 2016 in the amount of $77,316.93; that the Judgment Debtor transferred $17,000 to Deluxe in 2015 and $18,400 to Deluxe in 2016, that Deluxe transferred $20,041.38 to JMT in 2016. None of said transfers, which total $193,103.02, benefitted the Judgment Debtor, were made so that Mrs. Namm's successor entities could continue operating to fund Mr. and Mrs. Namm's personal lifestyle and evade paying the Judgment Debtor's creditors. Therefore, Mrs. Namm's own affidavit stipulates that she and her husband benefitted from $193,103.02 in actual fraudulent transfers and judgment should be entered on Count I in at least that amount, against Mr. and Mrs. Namm jointly and severally. With 9 of the 11 badges of fraud undisputed and present, summary judgment is warranted under Fla. Sta. § 726.105(1)(a).

> b. **TTT Foods is Entitled to Judgment as a Matter of Law under Sections 726.105(1)(b) and 726.106(1) of the Florida Statutes.**

For the same reasons stated above, TTT Foods is entitled to judgment as a matter of law with respect to Count II and Count III in at least the amount of $193,103.02. The undisputed facts establish that the transfers were made without receipt of reasonably equivalent value and while the Judgment Debtor was insolvent and unable to pay its debts as they become due.

### III. Deluxe is Subject to Successor Liability as a Matter of Law.

The undisputed facts warrant entry of judgment in favor of TTT Foods on its successor liability count against Deluxe under a theory of de facto merger, and mere continuation. The only alleged fact raised by the Defendants is that Deluxe has not done business since 2012. Such allegation, however, is self-serving, without factual support in the record, and contrary to all the evidence discussed herein that shows that Deluxe was operating the Judgment Debtor's business. Mrs. Namm does not dispute that she opened bank accounts for Deluxe with TD Bank on July 1, 2014. *See* Pl.'s Stmt. ¶ 8; Defs.' Stmt. ¶ 1. If Deluxe stopped doing business in 2012, there would be no reason for Mrs. Namm to open an account for it two years later. Further, Deluxe's bank statements shows that Deluxe was receiving income, and paying business expense. *See* Pl.'s Stmt. Ex. 7A.

### IV. Mrs. Namm is the Alter Ego of the Judgment Debtor and Deluxe.

As set forth in the Motion, TTT Foods is entitled to declaratory relief on Count VII as a matter of law that Mrs. Namm is the alter ego of the Judgment Debtor, and that under the doctrines of alter ego and piercing the corporate veil, Mrs. Namm is liable for the Indebtedness owed by the Judgment Debtor to TTT Foods. Mrs. Namm raised no legal argument against such relief, and has presented no material issue of fact.

### V. Mrs. Namm Breached Her Fiduciary Duties to the Judgment Debtor and TTT Foods.

As set forth in the Motion, TTT Foods is entitled to judgment as a matter of law on Count V that Mrs. Namm is liable for breach of her fiduciary duties to the Judgment Debtor and TTT Foods. The law that provides for this relief is set forth in the Motion. *See* Mot. 13-14. Further,

9

as discussed above, the Judgment Debtor was insolvent during the relevant period, and Mrs. Namm has raised no material issue of fact. *See* supra 6-7.

With respect to the JMT Transfers, Mrs. Namm does not dispute that funds from Deluxe, or checks made to Deluxe, were provided to JMT Food to fund its operations. Mrs. Namm does not dispute that since February 2, 2016, Deluxe transferred $11,365 to JMT Food. Pl.'s Stmt. ¶ 41; Defs.' Stmt. ¶ 18. Mrs. Namm did not respond to, and thus does not dispute, TTT Foods' factual statements in paragraph 42 of the Plaintiff's Statement that between March 9, 2016 and February 13, 2017, Mrs. Namm deposited multiple checks totaling $3,718.89 made out to Deluxe into the JMT Food's bank account. Pl.'s Stmt. ¶ 42; Defs.' Stmt. ¶ 19. Mrs. Namm's statements that such payments were for JMT Foods but its customers accidently directed the payments to Deluxe are self-serving statement without factual support in the record. *See* Namm Aff. ¶ 84. Mrs. Namm has provided no evidence in the form of purchase order, or otherwise, to suggest that such amounts were due to JMT Foods. Because of such transfers, JMT Foods profited, and since December 1, 2015, JMT transferred $21,988.08 to the Namms. Pl.'s Stmt. ¶ 44. Based on the foregoing, TTT Foods is entitled to judgment as a matter of law that Mrs. Namm is liable in the amount of the JMT Transfers, plus the Transfers, totaling $243,248.08.

**WHEREFORE**, TTT Foods respectfully requests the Court grant the relief sought in the Motion.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by notice of electronic filing via CM/ECF to Gus R. Benitez, Esquire, counsel for the Defendants, 1223 East Concord Street, Orlando, Florida 32803 service@arbenitez.com; Gus@arbenitez.com, on May 10, 2017.

SHRAIBERG, LANDAU & PAGE, P.A.
Attorneys for TTT Foods
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Email: jpage@sfl-pa.com;blee@sfl-pa.com

By: /s/ John E. Page
   John E. Page
   Florida Bar No. 0860851
   Bernice C. Lee
   Florida Bar No. 0073535